IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK L. DORTCH, and          )
RICHARD THOMAS, as owner of      )
the ROSE SUPPER CLUB,            )
                                 )
        Plaintiffs,              )
                                 )    CIVIL ACTION NO.  2:07cv1034-MEF
                                 )
vs.                              )
                                 )
THE CITY OF MONTGOMERY, and      )
LT. G.C. CREMEENS,               )
                                 )
        Defendants.              )

## ANSWER OF LT. G.C. CREMEENS

The Defendant, G.C. Cremeens, by and through the undersigned attorneys and in response to the Complaint filed herein states as follows:

1.    Defendant is without information to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.    Defendant is without information to admit or deny the allegations contained in paragraph 2 of the Complaint.  Defendant admits that the Rose Supper Club is a nightclub located in the City of Montgomery.

3.    Defendant admits the allegations contained in paragraph 3 of the Complaint. Defendant denies that at any time he acted in any capacity but as an officer of the fire department of the City of Montgomery.

4.    Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.    Defendant denies the jurisdiction allegations contained in paragraph 5 of the Complaint and demands strict proof thereof.  Defendant further avers that he cannot be held individually liable for the state law torts alleged in the Complaint so that pendent

jurisdiction should not be conferred.

6.    Defendant admits venue in this case.

7.    Defendant denies the allegations contained in paragraph 7 of the Complaint and demands strict proof thereof.

8.    Defendant denies the allegations contained in paragraph 8 of the Complaint and demands strict proof thereof.

9.    Defendant denies the allegations contained in paragraph 9 of the Complaint and demands strict proof thereof.

10.    Defendant admits that each Thanksgiving day Tuskegee University and Alabama State University engage in a football contest in the City of Montgomery. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint and demands strict proof thereof.

11    Defendant denies the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

12.    Defendant denies the allegations contained in paragraph 12 of the Complaint and demands strict proof thereof. Defendant affirmatively avers that at all times he acted within his capacity as an officer of the fire department of the City of Montgomery including any actions in closing any club or facility which was over capacity.

13.    Defendant denies the allegations contained in paragraph 13 of the Complaint and demands strict proof thereof.

14.    Defendant denies the allegations contained in paragraph 14 of the Complaint and demands strict proof thereof.

15.    Defendant denies the allegations contained in paragraph 15 of the Complaint

2

and demands strict proof thereof.

16.    Defendant is without information to admit or deny the allegations contained in paragraph 16 of the Complaint. Defendant Cremeens denies that he ordered the Rose Supper Club closed over the weekend of the Thanksgiving holiday.

17.    Defendant denies the allegations contained in paragraph 17 of the Complaint and demands strict proof thereof.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

19.    Defendant denies the allegations contained in paragraph 19 of the Complaint and demands strict proof thereof.

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint and demands strict proof thereof.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint and demands strict proof thereof.

22.    Defendant denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint and demands strict proof thereof.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof. At all times Defendant avers that any facts he alleged were truthful.

3

26. Defendant denies the allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint and demands strict proof thereof. Defendant affirmatively avers that he has not engaged in selective application of the law. Defendant affirmatively avers that he has caused establishments that cater predominately to "white patrons" to be closed for overcrowding.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

33 Defendant denies the allegations contained in paragraph 33 of the Complaint and demands strict proof thereof. Defendant affirmatively avers that he acted within the scope of his authority and at the direction of his superiors. Defendant further avers that he had probable cause or arguable probable cause to take all actions which he took in regard to Plaintiffs' premises as well as Plaintiff Dortch.

34 Defendant denies the allegations contained in paragraph 34 of the Complaint and demands strict proof thereof.

4

35.   Defendant denies the allegations contained in paragraph 35 of the Complaint and demands strict proof thereof.

36.   Defendant denies the allegations contained in paragraph 36 of the Complaint and demands strict proof thereof.

37.   Defendant denies the allegations contained in paragraph 37 of the Complaint and demands strict proof thereof.

38.   Defendant denies the allegations contained in paragraph 38 of the Complaint and demands strict proof thereof.

## Count I

### Illegal Seizure and Detention

39.   Defendant adopts by reference and reasserts the responses contained in paragraphs 1-38 of the Answer to the Complaint.

40.   Defendant denies the allegations contained in paragraph 40 of the Complaint and demands strict proof thereof.

41.   Defendant denies the allegations contained in paragraph 41 of the Complaint and demands strict proof thereof.

42.   Defendant denies the allegations contained in paragraph 42 of the Complaint and demands strict proof thereof.

43.   Defendant denies the allegations contained in paragraph 43 of the Complaint and demands strict proof thereof.

The Defendant denies the demand contained in the unnumbered paragraph of Count I and demands strict proof thereof. Defendant denies that Plaintiffs are entitled to

5

recover damages in this matter.

## Count II

### Selective and Unequal Treatment/Denial of Equal Protection of the Law

44.     Defendant adopts by reference and reasserts the responses contained in paragraphs 1-43 of the Answer to the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint and demands strict proof thereof.

The Defendant denies the demand contained in the unnumbered paragraph of Count II of the Complaint and demands strict proof thereof.  The Defendant denies that Plaintiffs are entitled to recovery of damages in this matter.

## Count III

### Denial of Due Process of Law

47.     Defendant adopts by reference and reasserts the responses contained in paragraphs 1-46 of the Answer to the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint and demands strict proof thereof.

49      Defendant denies the allegations contained in paragraph 49 of the Complaint and demands strict proof thereof.

The Defendant denies the demand contained in the unnumbered paragraph of the Count III of the Complaint and demands strict proof thereof   The Defendant denies that

6

Plaintiffs are entitled to recovery of damages in this matter.

## Count IV

### Malicious Prosecution

50.    The Defendant adopts by reference and reasserts the responses contained in paragraphs 1-49 of the Answer to the Complaint.

51.    Defendant denies the allegations contained in paragraph 51 of the Complaint and demands strict proof thereof.

52.    Defendant denies the allegations contained in paragraph 52 of the Complaint and demands strict proof thereof.

## Count V

### Abuse of Process

53.    The Defendant adopts by reference and reasserts the responses contained in paragraphs 1-52 of the Answer to the Complaint.

54.    Defendant denies the allegations contained in paragraph 54 of the Complaint and demands strict proof thereof.

55.    Defendant denies the allegations contained in paragraph 55 of the Complaint and demands strict proof thereof.

56.    Defendant denies the allegations contained in paragraph 56 of the Complaint and demands strict proof thereof.

The Defendant denies the demand contained in the unnumbered paragraph of Count V of the Complaint and demands strict proof thereof. The Defendant denies that Plaintiffs are entitled to recovery of damages in this matter.

7

## AFFIRMATIVE DEFENSES

### First Defense

57.    That Plaintiffs' Complaint and each count thereof fail to state a cause of action against Defendant Cremeens upon which relief can be granted.

### Second Defense

58.    That Defendant Cremeens pleads the general issue. Defendant Cremeens generally denies all material allegations of the Complaint.

### Third Defense

59.    The Defendant submits and avers that he can only be liable for his own wrongs and cannot be liable under the principles or theories alleged by Plaintiffs to wit: Respondeat Superior.

### Fourth Defense

60.    Defendant pleads that he is not a policymaker for the City of Montgomery. Defendant Cremeens pleads lack of final policy making authority with respect to the prosecution of persons charged with a crime.

### Fifth Defense

61.    Pursuant to Rule 12(b)(5), FRCP Defendant pleads insufficiency of service of process.

### Sixth Defense

62.    That Plaintiff Richard Thomas is not a real party in interest and therefore his cause of action against Defendant should be dismissed.

8

## Seventh Defense

63.    The Defendant pleads the applicable statute of limitations.

## Eighth Defense

64.    The Defendant in his individual capacity pleads qualified immunity as a complete defense to all claims. Alternatively, Defendant Cremeens pleads good faith immunity/discretionary function immunity as a defense to all claims.

## Ninth Defense

65.    Defendant pleads that his actions with respect to Plaintiffs did not proximately cause an alleged violation of any constitutional or other protected rights of the Plaintiffs nor the injuries claimed to have been suffered by them.

## Tenth Defense

66.    Defendant Cremeens in his official capacity pleads substantive immunity as a complete defense to all claims.

## Eleventh Defense

67.    Defendant Cremeens avers that Plaintiff Kendrick Dortch was appropriately arrested.

## Twelfth Defense

68.    Defendant Cremeens pleads that Plaintiffs themselves were guilty of negligence, wantonness, recklessness, intentional acts or criminal acts which proximately caused or contributed to the injuries or damages they claim.

## Thirteenth Defense

69.    Defendant Cremeens pleads that Plaintiffs have failed to mitigate their

damages.

### Fourteenth Defense

70. Defendant Cremeens pleads justification and/or probable cause and/or arguable probable cause for all actions he took in regard to Plaintiffs.

### Fifteenth Defense

71. Defendant Cremeens in his official capacity pleads immunity from all claims of wantonness or intentional acts.

### Sixteenth Defense

72. Defendant Cremeens pleads that Plaintiffs are not entitled to recover due to Plaintiffs' willful concealment of facts.

### Seventeenth Defense

73. Defendant Cremeens in his official capacity pleads immunity from punitive damages.

### Eighteenth Defense

74. Defendant Cremeens in his official capacity pleads limitation of damages as codified and mandated by §§11-47-190 and 11-93-2, Code of Alabama, 1975.

### Nineteenth Defense

75. Defendant Cremeens avers that any actions taken by him were for legitimate law enforcement purposes.

### Twentieth Defense

76. Defendant Cremeens avers that any award for damages for mental anguish would violate Defendant's constitutional rights and that the determination of damages for

10

mental anguish under federal or state law is vague, is not based on any objective standards, is not rationally related to any legitimate governmental interest or purpose.

Further, Defendant avers that in his capacity as owner of the Rose Supper Club, Richard Thomas cannot recover damages for mental anguish.

### Twenty-First Defense

77. Defendant Cremeens pleads as a defense tort immunity pursuant to §6-5-338, Code of Alabama, 1975.

### Twenty-Second Defense

78. Defendant Cremeens pleads as a defense state actor immunity pursuant to Article I, §14, Constitution of Alabama, 1901.

### Twenty-Third Defense

79. Defendant Cremeens pleads the defense of tort immunity pursuant to §11-88-15, Code of Alabama, 1975 and §11-89-15, Code of Alabama, 1975.

### Twenty-Fourth Defense

80. Defendant Cremeens pleads non-compliance with the statutory ante litem claims provisions and as a consequence, Plaintiffs' action is barred. §§11-47-23 and 11-47-192, Code of Alabama, 1975.

### Twenty-Fifth Defense

81. Defendant Cremeens pleads that in his official and individual capacity he cannot be held liable for the wrongs of others.

### Twenty-Sixth Defense

82. Defendant Cremeens pleads absolute duty to act as a complete defense to

11

Plaintiffs' complaint.

### Twenty-Seventh Defense

83.    Defendant Cremeens pleads that Plaintiffs have no substantive right to sue him in his official capacity or individual capacity for abuse of process or malicious prosecution.

### Twenty-Eighth Defense

84.    Plaintiffs' demand for punitive damages, if awarded, will result in a violation of the Fourth, Fifth, Sixth, Eighth, Eleventh and Fourteenth Amendments of the Constitution of the United States and Article I, §§6, 10, 11, 14, 22, 25, 36 and 43 of the Constitution of Alabama, 1901.

### Twenty-Ninth Defense

85.    That any award of punitive damages would violate Defendant's constitutional rights in that a determination of punitive damages under federal or state law is vague, is not based on objective standards and is not rationally related to any legitimate governmental purpose.

### Thirtieth Defense

86.    Defendant Cremeens pleads the Alabama statutory monetary caps on punitive damages.

WHEREFORE, Defendant G.C. Cremeens demands that Plaintiffs' Complaint and all claims contained therein be dismissed with prejudice and judgment be entered in his favor and all costs, including reasonable attorneys fees, be assessed against the Plaintiffs.

Dated this the ___ day of December, 2007.

12

Respectfully submitted,

WESLEY ROMINE (ROM002)

ROGER S. MORROW (MOR032)

JOEL H. PEARSON (PEA019)

**ATTORNEYS FOR DEFENDANT
G.C. CREMEENS**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:  (334) 262-7707
Facsimile:   (334) 262-7742
Email:        wromine@mrplaw.com
                rsmorrow@mrplaw.com
                jhpearson@mrplaw.com**

13

## CERTIFICATE OF SERVICE

I hereby certify that on _December_____, I electronically filed the foregoing with the Court using the CM/ECF system, and I hereby certify that I am serving the foregoing documents to the following:

Hon. Fred F. Bell
1015 south McDonough Street
Montgomery, AL 36104

Hon. Kimberly O. Fehl
City of Montgomery Legal Division
P.O. Box 1111
Montgomery, AL 36101-1111

Respectfully submitted,

WESLEY ROMINE (ROM002)
One of the Attorneys for Defendant
G.C. Cremeens
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:    (334) 262-7707
Facsimile:    (334) 262-7742
Email:        wromine@mrplaw.com

14