RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK L. DORTCH, et al.,        )

    Plaintiffs,        )
            )
vs.        )    CIVIL ACTION NO.2:07cv1034
            )
THE CITY OF MONTGOMERY, et al.,        )
            )
    Defendants.        )

## PLAINTIFFS'RESPONSE IN OBJECTION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Come now Plaintiffs and submit this response to the motion for summary judgment submitted Defendant G.C. Cremeens.  The Defendant argues that summary judgment is warranted in this case because no genuine issues of material fact exist, and, therefore, he is entitled to judgment as a matter or law.  The Plaintiffs submit that, indeed, there exist genuine issues of material facts. Therefore, summary judgment is inapplicable in this instance. Defendant's motion for summary judgment should be denied, and this cause should set for a jury trial.

Attached in support of the Plaintiff's response are the following evidentiary submissions:

Exhibit 1    June 30, 2006 order of the Circuit Court of Montgomery County dismissing reckless endangerment claims against Timothy Crenshaw

Exhibit 2    Declaration of Kendrick Dortch

Exhibit 2    Declaration of Richie Thomas

Exhibit 4    June 28, 2006 order of the Circuit Court of Montgomery County dismissing reckless endangerment claims against Kendrick Dortch

Exhibit 5    Initial Overcrowding Citation by Cremeens against Dortch

Exhibit 6    First Reckless Endangerment Deposition by Cremeens against Dortch

Exhibit 7    Second Reckless Endangerment Deposition by Creemens against Dortch

## DISCUSSION

Defendant Cremeens, one of the defendants in the above-styled cause, has moved for summary judgment in two cases: *Dortch, et al., v. City of Montgomery*, et al, Case No, 2:07cv1034-MEF and *Crenshaw, et al v. City of Montgomery, et* al., Case No. 2:07cv1035-MEF. The cases have not bee consolidate; however, Defendant Cremeens makes his argument for summary judgment for both cases in one document. The Plaintiffs are filing two separate responses; however, they, except for the particular facts of each, are practically identical.

The issues in this instance are not novel, nor are they complex; the facts, however, are disputed by the parties. Therefore, the Plaintiffs and the Defendant may draw reasonable inferences from the facts; neither is permitted to submit opinions or assertions as facts. Plaintiffs would be remiss if they were not to preliminarily address Defendant's unsubstantiated assertions, submitted as "Narrative Statement of Facts" (hereinafter "narrative"). First, on the first page of the narrative, the Defendant incorrectly states that Dortch was the manager of the Rose Supper Club on November 25, 2005 and that Timothy Crenshaw was the manager of the Diamonds Club on November 24, 2005. These statements are not factual and do no represent facts. There have never been any statements, except Defendant's Cremeens' self-serving assertions, that Dortch was the manager of the Rose Supper Club on November 25, 2005 or that Timothy Crenshaw was the manager of the Diamonds Club on November 24, 2005. Also, at page 4 of the narrative, the

2

Defendant attempts to bring into discussion alleged acts of overcrowding surrounding the Rose Supper Club and the Diamonds Club that are not relevant to this case. (See ¶¶ 1,2, 3). Because these alleged violations are not relevant to the issues at hand, the Plaintiffs ask that they be stricken.

Further, the Defendant submits as facts supposition by stating that "It was apparent to Cremeens that Kendrick Dortch had allowed the overcrowding to occur." (See p. 6. ¶ 1,Lines 13 and 14). Cremeens' affidavit reveals that the affiant states, "I have read the above and foregoing affidavit consisting of eight pages and certify that the facts and opinions contained therein are true and correct based on my personal knowledge." (G.C.Cremeens' Affidavit, p.8, ¶24).

A supporting affidavit "…shall be made on ***personal knowledge***, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e) [emphasis supplied]. The Eleventh Circuit Court of Appeals, citing several cases from other jurisdictions, has made it clear that that the "belief" statements in affidavits are not equivalent to knowledge even if the affidavits are otherwise based on personal knowledge and that such statements based on belief are inadmissible, even if there is a general averment to personal knowledge at the beginning of the affidavits. *Pace v. Capobianco,* 283 F.3d 1275, 1278-1279 (11th Cir.2002) [internal quotations, citations, and footnotes omitted].

## Summary Judgment Standard

Summary judgment may be entered on a claim only if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56 (c), *Federal Rules of Civil Procedure. (F.R.Civ.P.).* In ruling on a motion for summary

judgment, the court must view the evidence in a light most favorable to the non-moving party, and the court must draw all reasonable inferences against the moving party. *See Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *see also Earley v. Champion International Corp.,* 907 F.2d 1077, 1080 (11th Cir. 1990). Always, in a motion for summary judgment, the burden of proof is upon the moving party.. *See Celotex Corp v. Catrett*, *supra*; *Bennett v. Parker,* 898 F.2d 1530 (11th Cir.1990).

Defendant Cremeens makes several arguments for summary judgment in his memorandum in support of his motion for summary judgment. His first argument is that he entitled to qualified immunity as to Plaintiffs Dortch's and Timothy Crenshaw's fourth amendment seizure claims. The Defendant's argument rests on the absurd assertion that Cremeens possessed probable cause to initiate  warrants for Dortch's and Crenshaw's arrests and therefore he is entitled to qualified immunity. Although Cremeens cites many cases in support of his assertion that he is entitled to qualified immunity, neither lends any support to his position.

The first issue to be resolved in a 42 U.S.C. § 1983 claim is whether the complaint states a violation of a constitutional right under color of state law. *See Siegert v. Gilley,* 500 U.S. 226 (1991). In this case, it is without dispute that Cremeens was acting under color of state law when he swore out criminal warrants against Dortch and Timothy Crenshaw for overcrowding    It should be noted that Defendant Cremeens has failed to cited the authority under which he claims he had the authority to make a criminal misdemeanors arrest for overcrowding and to swear arrest warrants for alleged offenses which he did not witness.

Under the fourth amendment, an individual has a right to be free from "unreasonable search and seizures."   Under the fourth amendment, an arrest is a seizure of the person.

4

*California v. Hordri D.*, 499 U.S. 621, 624 (1991). Any arrest or any seizure having the essential attributes of a formal arrest is unreasonable unless it is supported by probable cause. *See Michigan v. Summers,* 452 U.S.. 692, 700 (1981). "Probable cause to arrest exists where law enforcement official have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir.2002). The determination as to whether an arresting officer possesses probable cause or arguable probable cause depends on the elements of the alleged crime. *See Crosby v. Monroe County*, 394 F.3d 1328, 1333 (11th Cor.2004).

In this instance, Cremeens sought warrants for two possible crimes for which  Dortch and Crenshaw were arrested:  overcrowding and reckless endangerment.  Cremeens alleges that he possessed probable cause to arrest Dortch and Crenshaw because they had recklessly endangered the patrons of the established they managed. (Memo., p. 8, ¶ 2, lines 1-3).  First, overcrowding does not constitute a criminal offense in the State of Alabama.  Second, Defendant Cremeens did not observe Dortch or Crenshaw committing a crime.  Dortch was not—as Cremeens still insists—responsible for ensuring that the Rose Supper Club was not overcrowded.  Crenshaw was not—as Cremeens still insists—responsible for ensuring that the Diamonds Club was not overcrowded.  Therefore, it can hardly be argued that Cremeens had facts and circumstances within his knowledge sufficient to warrant a reasonable belief that Dortch or Crenshaw had committed or was committing a crime because here existed no arguable probable cause for Defendant Cremeens to make such arrests.  Second, the Circuit Court of Montgomery County Alabama dismissed the claims against the Plaintiffs.  The Circuit Court ruled that overcrowding does not constitute reckless endangerment.  (See Exhibit 1).  Therefore, it cannot be argued that

the Cremeens had probable cause to believe that overcrowding constitutes reckless endangerment. Therefore, one would have to easily conclude that a reasonable officer could not conceivably have thought that he had probable or arguable probable cause to arrest Dortch and Crenshaw.

Defendant Cremeens has asserted that he has qualified immunity. At the summary judgment stage, the issue is whether a reasonable officer, acting under the circumstances and possessing the knowledge that Defendant Cremeens possessed, could have believed that he had probable cause to arrest. *See Lee v Ferraro,* 284 F.3d 1188, 1195 (11th Cir.2006). The issue of qualified immunity is viewed in the light most favorable to the non-moving party. *See Kingsland v. City of Miami*, 382 F.3d 1229, 1226 (11th Cir.2004). Based on the foregoing analysis, Defendant Cremeens did not possess probable or arguable probable cause to seek arrest warrants against Dortch and Crenshaw.

Next, the issue to be resolved as to Cremeens' claim for qualified immunity is whether the law was clearly established that an arrest without probable cause or arguable probable cause violates the fourth amendment's prohibition on unreasonable searches and seizures. At the time of Dortch's and Crenshaw's arrests, the law was clearly established that an arrest without arguable cause was unreasonable. *Davis v. Williams*, 451 F.3d 759, 764 n.8 (11th Cir.2006) and *Thorton v. City of Macon*, 132 F.3d 1395, 1399 (11th Cir.1998). The facts of this case show that, viewed in the light most favorable to Dortch and Crenshaw, that Cremeens did not possess probable cause to arrest either. Therefore, Cremeens is not entitled to qualified immunity on either issue.

Next, Cremeens argues that the Plaintiffs are not entitled to prevail of the claims of equal protection. And, on this assertion, he seeks summary judgment. However, it is not for this Court to determine, based on the complaint, whether the Plaintiffs will ultimately prevail on their claims, but rather is it possible that they may prevail. The equal protection requires that the government treat similarly situated person in a similar manner. *See City of Cleburn v. Cleburn Living Ctr.* 473 U.S. 432, 439 (1985).

Plaintiffs allege that the Cremeens and the of Montgomery City retaliated against and targeted them because of Dortch's and Crenshaw's exercising their constitutional right in seeking redress of the overcrowding charge, abused the judicial process in instituting criminal charges for reckless endangerment when it was clearly established that the alleged conduct, on which Cremeens and the City premised the entire prosecution, was not a criminal act, had never been made a criminal act by a city ordinance, and had not been declared a criminal act by the state legislature. These persons, African American, have been treated differently than other similarly situated persons.

To state a claim of equal protection the Plaintiffs need only show that they were treated different from other similarly situated individuals and that the defendants unequally applied a facially neutral ordinance for the purpose of discriminating against them. *See Campbell v. Rainbow City,* 434 F.3d 1306, 1314 (11th Cir.2006). There is no rational basis for the difference treatment of Plaintiffs and compared to the treatment of other persons who had been accused of overcrowding. When there is no rational basis for difference treatment of similarly situated persons by the government, there is an inference of unequal treatment. *See Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (per curiam). There are sufficient facts that a

jury could determine that the prosecution had a discriminatory effect and it was motivated by discriminatory purpose. *See State v. Smith*, 231 F.3d 800, 808 (11th Cir.2000).

Next, Cremeens argues that the charge of reckless endangerment was appropriate. The Circuit Court of Montgomery County Alabama has answered this question to the detriment of Defendant Cremeens. (See Exhibit 1). The Plaintiffs appealed their convictions to the Circuit Court, which stated that it could not find any jurisdiction which held that overcrowding constituted reckless endangerment. So this issue has been settled and should not be re-litigated in this instance. Therefore, Cremeens' argument for summary judgment on this issue lacks merit.

Cremeens next argues for summary judgment on the basis that he has qualified immunity for the violations of the Plaintiffs' due process rights. Summary judgment is not warranted on this issue because qualified immunity does not exists in this instance. The issue of Cremeens' assertion that he is entitled to qualified immunity has been addressed above. The facts of the case clearly show that he does not possess qualified immunity

In this instance, Cremeens charged Plaintiffs with a non-existent criminal misdemeanor offense. In Alabama, an officer cannot arrest a defendant for a misdemeanor unless he witnesses the offense. Although Cremeens did not witness Dortch or Crenshaw committing an offense, he nevertheless fabricated evidence to suggest that Dortch and Crenshaw had committed the offense. It was clearly established in 2005 that overcrowding was not criminal offense. In is no doubt that Cremeens fabricated evidence in an attempt to support the arrest warrants. It was clearly established that such action violates Plaintiffs' constitution rights. *In Jones* v. *Cannon*, 174 F.3d 1271, 1285 (11TH Cir.1999), the Eleventh Circuit stated that the law clearly established

8

that the fourth amendment prohibits a police officer from knowingly making false statements in affidavit in support of the arrest warrants that were necessary to establish probable cause.

Cremeens also claims that the state law claims of malicious prosecution and abuse of process against him should be dismissed where the federal clams has been disposed. Basically, his argument for support of his position lies in his assertion that he had probable cause to arrest the Plaintiffs. The issue of probable cause has been addressed above. Overcrowding is not a criminal offense in Alabama. Therefore, there can be no probable or arguable probable cause that a criminal offense has occurred. Despite the fact overcrowding is not a crime in Alabama, Cremeens, nevertheless, attempted to file criminal charges against the Plaintiffs. He is guilty of malicious prosecution and abuse of process.

Malicious prosecution concerns the wrongful issuance of process while abuse of process concerns the wrongful use of process after it has been issued. *See Warwick Dev. Co. v. GV Corp*, 469 Sol2d 1270, 1274 (Ala. 1985). To establish a claim of malicious prosecutions, the Plaintiffs must put forth evidence that Cremeens (1) instigated without probable cause and with malice, a prior judicial proceeding against them, (2) that the prior proceeding ended in favor of them, and (3) that they suffered damages. *Lumpkin v. Cofield*, 536 So.2d 62 (Ala.1988). Malice has been defined as whatever is done willfully and purposely, whether the motive is to injure the accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, if at the same time wrong and unlawful with the knowledge of the actor, and it can be inferred from the absence of probable cause. *See Dillon v. Nix*, 55 Ala. App. 611, 613-614, 318 So.2d 308, 310 (Ala.Civ.App.1975). Cremeens instigated a prior judicial against the Plaintiffs. Certainly, there was no probable cause to instigate such a criminal proceeding against these them

for reckless endangerment or for overcrowding, and his purpose was to get criminal convictions for non-criminal offenses; the Plaintiffs were damaged by his action. There exists a prima facie case of malicious prosecution in this instance.

To establish an abuse of process claim, evidence must demonstrate the existence of an ulterior purpose; (2) a wrongful use of process, and (3) malice. *C.C. & J., Inc. v.. Haygood*, 711 So.2d 947, 950 (Ala.1998). The facts demonstrate that Cremeens wrongfully used the criminal process against the Plaintiffs. He used an ordinance for overcrowding to obtain a result for which the process was not intended by law to effect. That amounts to an ulterior motive. *See Dempsey v. Denman,* 442 So.2d 63, 65 (Ala.1983). In an abuse of process claim, to demonstrate malice, the Plaintiffs are not required to demonstrate that Cremeens held ill will against the Plaintiffs or was acting out of spite, but employed the process for an end not germane thereto, for achievement of a benefit totally extraneous to or of a result not within its legitimate scope. See *Shoney's Inc v. Barnett,* 773 So.2d 1015, 1025 (Ala.Civ.App.1999) (internal quotations omitted). Each of the elements is present in the instance cases. Summary judgment is not warranted on this issue.

Next, in his memorandum in support of his motion for summary judgment, Cremeens alleges that he is entitled to discretionary function immunity as to the Plaintiffs' state law claims. In an attempt to support this position, Cremeens claims that his decision to pursue arrest warrants against Plaintiffs Dortch and Timothy Crenshaw was within the scope of his law enforcement duties. He cites as authority for the position § 6-5-338, Code of Alabama (1975). His argument lacks merit.

§ 6-5-338 provides that a peace officer shall have immunity form tort liability arising of his conduct in performance of any discretionary function within the line and scope of his enforcement duties. Under Alabama law, however, an officer is not entitled to immunity under § 6-5-338 he makes an arrest or attempted arrest that is "beyond his authority." *Ex parte Butts,* 775 So.2d 173, 178 (Ala.2000)

Assuming for the sake of argument that Cremeens is a peace officer,[1] § 6-5-338, does not provide absolute immunity to peace officers.    On the contrary, immunity from tort liability under this section is not appropriate "…if an officer acts with willful or malicious intent, or in bad faith."    *Borders v. City of Huntsville,* 875 So.2d 1168, 1175 (Ala.2003).    Cf. *Ex parte Cranman,* 792 So.2d 392, 405 (Ala.2000) (holding state is not entitled to immunity "when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."). *See also, Burdeshaw v. Snell,* 350 F.Supp. 944, 952-53 (M.D.Ala.2004) (holding that the complaint alleged facts which would defeat the defendant's statutory immunity defense because the defendant arrested the plaintiff for possession of drugs but failed to investigate the plaintiff's claim that he had a valid prescription for the drugs); and *Walker v. Briley,* 140 F.Supp.2d 1249, 1263 (N.D.Ala.2001) (denying motion for summary judgment by defendant police officer who argued that he was immune under § 6-5-238 from a claim of false arrest because the evidence suggested that the officer had no grounds to believe that the plaintiff had committed any offense, and a reasonable jury could determine that the arrest was in bad faith).

---

[1] Although Cremeens argues in brief that he is entitled to immunity under § 6-5-38, he does not state in his affidavit that he is a peace officer

Cremeens' final argument is that Plaintiff Kent Crenshaw and Richard Thomas, owners respectively of the Diamonds Club and the Rose Supper Club, lack standing to prosecute this action. These Plaintiffs state that their businesses were illegally shut down; they were made to close without due process of law. They have standing to assert their claims. The Defendant has not come forth with any authority to support his contention. Hence, his motion for summary judgment should be rejected.

In this instance, a reasonable trier of the facts could find, based on the evidence in this case, that Cremeens acted without probable cause, beyond his scope of his authority, willfully, maliciously, and in bad faith. It is without argument that Cremeens acted beyond his authority; it is without argument that he acted under a mistaken interpretation of the law. For all of the foregoing reasons, summary judgment is not appropriate and should be denied

Respectfully submitted,

FRED F. BELL  (BEL014)
Attorney for Plaintiff

12

## CERTIFICATE OF SERVICE

I certify that I have this $^{3rd}$day of September 2008, filed a copy of this Motion with the Clerk of
Court, who will perfect service upon the parties using the CM/ECF SYSTEM, a by placing it in
the United States Mail, postage prepaid, or by hand delivery, addressed as follows to the
following parties:

Hon. Wesley Romine
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804

Hon. Kimberly O. Fehl
City of Montgomery Legal
P.O. Box 1111
Montgomery, AL 36101-1111

_____
Fred F. Bell

ADDRESS OF COUNSEL
1015 South McDonough Street
Montgomery, Alabama 36104
(334) 265-8176
(334) 265-8177 FAX
ffbell@netzero.com

EXHIBIT 1

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| City of Montgomery, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | **CASE NO. CC-2006-5032** |
| | * | |
| Timothy Crenshaw, | * | |
| | * | |
| Defendant. | * | |

### ORDER

Defendant was charged with reckless endangerment after his nightclub was allegedly found to be in violation of a municipal ordinance regulating overcrowding.

Reckless endangerment is a species of assault and Alabama law requires that a defendant have the actual ability to inflict harm or to commit an assault before that defendant can be found guilty. *Cobb v. State of Alabama*, 495 So2d 701 (Ala. Crim. App. 1984). Merely having too many people in a building does not evidence a present ability to commit an assault. While there may be a potential for harm, potential does not rise to the level of a crime in Alabama. See *State of Alabama v. Meier*, 422 NW2d 381 (N.D. 1988) (wherein court noted that Alabama law required more than a potential for harm).

If the city's overcrowding statute provides for penalties, the city should be limited to pursuing those penalties. Instead, the Court suspects that the city is trying to make overcrowding a crime because the city is dissatisfied with the penalties provided in the ordinance. If the city's interpretation is correct, government officials could raid a wedding reception at a private home and charge the owner with reckless endangerment. Fortunately, the law does not sustain such a view. If overcrowding is illegal under an ordinance, charge the offender under the ordinance.

RECEIVED
6-30-06
CIRCUIT COURT CLERK

The Court has searched in vain for a case from any jurisdiction which held that overcrowding constituted reckless endangerment. The charge is DISMISSED.

Done this the 25th day of June 2006.

Truman M. Hobbs, Jr.
Circuit Court Judge

CC:     Fred F. Bell
        Stephanie Smithee

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENDRICK L. DORTCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.2:07cv1034-MEF |
| | ) | |
| THE CITY OF MONTGOMERY, et al., | ) | |
| | ) | |
| Defendants. | ) | EXHIBIT 2 |

## DECLARATION

I, Kendrick L. Dortch,, hereby make the following: I am resident of the City of Montgomery, Montgomery County, Alabama. I am over the age of 21; I am in sound mind.

On November 25, 2005, I was an employee of the Rose Supper Club, located 954 Highland Avenue in the City of Montgomery (City), Alabama During the Thanksgiving Holiday, in the morning hours of November 25, 2005, the City, through, G.C. Cremeens, an officer with the City of Montgomery Fire Department, came to the Rose, did a walk through inspection, and cited me, an employee of the Rose, for overcrowding, criminally charging me for alleged overcrowding, allegedly in violation of a City ordinance, and ordered the Rose closed until the municipal court had heard the charge. Initially, Mr. Cremeens issued a citation for "overcrowding," but later changed it to "reckless endangerment."

I was not the manager of the Rose Supper Club on November 25, 2005; I was not responsible for ensuring that the Rose Suppler Club was not overcrowded. Neither Mr. Cremeens, nor any other official interviewed me on that date, and no official was told by me that I was responsible for ensuring that the Rose Supper Club was not overcrowded

on November 25, 2005. I was convicted in Montgomery Municipal Court for reckless endangerment. I was sentenced to 75 days in jail, suspended, and fined $500.00 and costs. In all, the City charged me three times for one alleged offense: overcrowding.

At trial, my attorney asked Mr. Cremeens why he had changed the initial charge from overcrowding to reckless endangerment. At that time Mr. Cremeens stated that the reason that I, along with Mr. Crenshaw of the Diamonds Club, and Mr. Williams of the Cotton Club, was being tried for reckless endangerment because we had challenged the City's arrest of us for overcrowding. He stated that no other persons had ever been tried for reckless endangerment for overcrowding because no one had ever challenged the City. As far as I can recall, Mr. Cremeens was asked if any white establishment had been cited for overcrowding and he state yes. He stated that none of the other clubs cited for overcrowding had been prosecuted for reckless endangerment. When asked by my attorney who told him to charge these defendants with reckless endangerment, he stated that the order came from higher up. However, he refused to name the official who had ordered him to change the charge from overcrowding to reckless endangerment. I had to secure legal representation. I appeal my conviction to the Circuit Court of Montgomery County Alabama. The Court dismissed the charge of reckless endangerment. My record in the Municipal Court of Montgomery shows that I was convicted of reckless endangerment.

I Declare under penalty of perjury that the foregoing state is true to the best of my knowledge and is based on personal knowledge.

Done September ___2___, 2008

Kendrick L. Dortch

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENDRICK L. DORTCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.2:07cv1034-MEF |
| | ) | |
| THE CITY OF MONTGOMERY, et al., | ) | |
| | ) | |
| Defendants. | ) | EXHIBIT 3 |

DECLARATION

I,_ RICHIE D. THOMAS, and hereby make the following: I am resident of the City of Montgomery, Montgomery County, Alabama. I am over the age of 21; I am in sound mind. I am the owner president of the Rose Supper Club, located 954 Highland Avenue in the City of Montgomery (City), Alabama. I am an African American. The Rose Supper Club's patrons are approximately 100 percent Africian American.

During the Thanksgiving Holiday, in the morning hours of November 25, 2005, the City, through, G.C. Cremeens, an officer with the City of Montgomery Fire Department, came to the Rose, and cited Kendrick Dortch, an employee of the Rose, for overcrowding, criminally charging him for alleged overcrowding, allegedly in violation of a City ordinance, and ordered the Rose closed until the municipal court had heard the charge. Initially, Mr. Cremeens issued a citation for "overcrowding," but later changed it to "reckless endangerment."

Mr. Dortch was not the manager of the Rose Supper Club on November 25, 2005; he was not responsible for ensuring that the Rose Suppler Club was not overcrowded. Neither Mr. Cremeens, nor any other official interviewed me on that date, and no official was told by me that Mr. Dorth was responsible for ensuring that the Rose Supper Club was not overcrowded on November 25, 2005.

Subsequently, by written correspondence dated November 29, 2005, but served on November 29, 2005, in court, J.R. Amsler, Fire Marshall, informed me that Mayor Bobby Bright and the City of Montgomery Fire Marshal's Office were ordering the Rose to remain closed until the next council meeting, which was to be held on December 6, 2005. The Rose was closed on the orders of the city officials for approximately seven days. And it was only allowed to re-open by the order of the city council.

I was present in municipal court where Mr. Dortch was convicted for reckless endangerment. Our attorney asked Mr. Cremeens why he had changed the initial charge from overcrowding to reckless endangerment. At that time Mr. Cremeens stated that the reason that Mr. Dortch, Mr. Crenshaw of the Diamonds Club, and Mr. Williams of the Cotton Club were being tried for reckless endangerment because they challenged the City's arrest of them for overcrowding. He stated that no other persons had ever been tried for reckless endangerment for overcrowding because no one had ever challenged the City. As far as I can recall, Mr. Cremeens was asked if any white establishment had abeen cited for overcrowding and he state yes. He stated that none of the other clubs cited for overcrowding had been prosecuted for reckless endangerment When asked by my attorney who told him to charge these defendants with reckless endangerment, he stated that the order came from higher up. However, he refused to name the official who had ordered him to change the charge from overcrowding to reckless endangerment. As a result, in order to protect the rights of the Rose and its employees, I had to secure legal representation.

I Declare under penalty of perjury that the foregoing state is true to the best of my knowledge and is based on personal knowledge.

Done the 2ND day of September 2008.

Richie D. Thomas,

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

CITY OF MONTGOMERY,
     Plaintiff (s),

vs.                                                                          CASE NO.CC-2006-5033-PR

KENDRICK DORTCH,
     Defendant (s).

## ORDER

     The above-styled matter comes before the Court on the Defendant's,

KENDRICK DORTCH, MOTION TO DISMISS.  Upon consideration of the same, the

Court finds that the MOTION is due to be and is hereby GRANTED.

     Done this the 27 JUN 2006.

_____
CHARLES PRICE, Circuit Judge

cc:     Stephanie Smithee
       Fred Bell

EXHIBIT 4

6-28-06

B 20587

| State of Alabama<br>Unified Judicial System<br><br>ARJA-20          Rev. 10/00 | **UNIFORM NONTRAFFIC CITATION AND COMPLAINT**<br>(For Scheduled Nontraffic Violations or Misdemeanors) | **Case Number**<br><br>500583 |
|---|---|---|

IN THE _Municipal_ COURT OF _Montgomery_ , ALABAMA

Law-Enforcement Agency/Organization or Department
_M.F.D    0031500_

The undersigned complainant, being duly sworn, deposes and says that the person herein named committed the offense hereinafter set forth in that on or about _Offense @ The Rose Supper Club_

| Month | Day | Year | At Approx. | Time | ☑ AM ☐ PM ☐ MT |
|---|---|---|---|---|---|
| 11 | 25 | 05 | | 2:10 | |

First _GCC Dortch Kendrick_    Middle/Maiden _Lamon_    Last _Dortch_

Street _2778 Cumberland Blvd    # 228_

City _Smyrna_    State _Ga._    Zip _30080_

| Driver's License Number | State | Expiration Date | | Birth Date | | |
|---|---|---|---|---|---|---|
| 056235174 | Gla. | Month 01 | Day 15 | Year 07 | Month | Day | Year 74 |

| Height | Weight | Eyes | Hair | Social Security Number | Sex | Race |
|---|---|---|---|---|---|---|
| 5'04" | 155 | Bro | Blk | 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 | M | Blk |

Name of Employer _Rose Supper Club_    Address of Employer _954 High St._

Did violate: ☑ Ordinance Number _29-2000_ , which incorporates or encompasses Section _____, Code of Alabama 1975, within the city limits or police jurisdiction of _Montgomery_ , and/or ☐ Section _____, Code of Alabama 1975, or ☑ Rule/Regulation Number _NFPA 1 3-1.4.2_ within _Montgomery_ County at or near the following location (describe) _954 High St. The Rose Supper Club_ more particularly described in the DESCRIPTION OF OFFENSE section below

**DESCRIPTION OF OFFENSE**

Offense or Short Description of Offense:
_Over crowding - allowed more occupants than the maximum allowed by Fire Marshall_

State Specific Facts Relating to Offense:
_After recieving 2 complaint calls I had 2 P.D. units assist me in an occupancy count. After walking thru the club twice I believed the club was over capacity. I counted all patrons as they exited and the total was 508 which is 158 over their maximum of 350 set by the Fire Marshall_

| Sworn to and acknowledged before me this date | Month 11 | Day 25 | Year 05 | Complainant's (Officer's) Signature _G. C. Cremeens_ |
|---|---|---|---|---|

Signature and Title of Judicial Officer _F. Williams 11/27/05_    Officer I.D. _0953_    Agency O.R.I. _AL 0031500_

**COURT APPEARANCE INFORMATION**    ☑ Court Appearance Required

By signing this citation, I am promising to appear in court on the date ar... may choose to plead guilty before a magistrate or by mail or in person, pa... in which event I do not have to appear in court. If I do not appear in cour... fine and costs prior to that date, I promise to pay an amount prescribed

I also understand that failure to appear or to plead guilty and pay the fin... present charge and I may also be charged with second-degree bail jum...

is not required, I ...duled court date, pay the required

my arrest on the

EXHIBIT 5

| Court Appearance Date (if applicable) | | | | Court Address | Telephone Number |
|---|---|---|---|---|---|
| Month 11 | Day 30 | Year 05 | Time 7:00 ☐ AM ☐ PM | 320 North Ripley St. Mont. Al. 36104 | 241-2776 |

Defendant's Signature _Do not open until after court date_    Telephone Number

**NOTICE: FAILURE TO APPEAR IN COURT AND/OR FAILURE TO REMIT FINE AND COSTS WILL RESULT IN AN ARREST WARRANT BEING ISSUED**

1. White - Court    2. Yellow - Law Enforcement    3. Pink - Defendant

_Owner must appear Also GCC_

State of Alabama
Unified Judicial System

Form C-64(a)(front) Rev. 11/92

**DEPOSITION**

Warrant Number
**2005 S·341**
Case Number

IN THE _____ **MUNICIPAL** _____ COURT OF ___ **MONTGOMERY,** ___ **ALABAMA**
(Circuit, District or Municipal)          (Name of Municipality or County)

☐ STATE OF ALABAMA        ☒ MUNICIPALITY OF **MONTGOMERY**

V.   Kendrick Lamon Dortch / Rose Supper Club                    , Defendant

---

**INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED**

| | |
|---|---|
| Name of Accused (or Alias) Kendrick Lamon Dortch | Telephone Number |

| Social Security Number 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 | Driver's License Number 0560235174 | Date of Birth 01·11-74 | Age 31 | Race B/L | Sex M |
|---|---|---|---|---|---|

| Height 5'04" | Weight 155 | Hair BlK | Eyes Ben | Complexion |
|---|---|---|---|---|

| Address of Accused 2778 Cumberland Blvd | City Smyrna | State Ga. | Zip 30080 |
|---|---|---|---|

| Name of Employer Rose Supper Club | Employer's Telephone Number |
|---|---|

| Address of Employer 954 High St. | City Montgomery | State Al. | Zip |
|---|---|---|---|

**INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE**

Offense: Reckless Endangerment
Date and Time of Offense: 11-25-05    0210 A.M.
Place of Occurrence: The Rose Supper Club          EXHIBIT 6
Person Attacked or Property Damaged: _____
How Attacked: _____

Did Accused Possess or Use a Weapon?  ☐ Yes   ☒ No   Type:

Damage Done or Injuries Received: _____
Value of Property: _____
Details of Offense: On 11-25-05 I responded to a complaint that the Rose Supper Club was overcrowded. After arriving at the club I did an initial walk thru and count of the occupants. As I walk thru the club I noticed that it was very crowded which made it difficult for me to move from one side of the building to the other. I walked thru the club twice and felt as though it was over capacity. I instructed the management to turn the music off and the lights on and instr. the patrons to leave out of the front door. I used a mechanical counter and counted each person as they exited out of the door. I counted a total of 508 patrons which is 158 over the maximum capacity of 350 set by the Fire Marshall's office. I feel that the combination of loud music, dark rooms and alcohol consumption by the patrons; coupled with the club being over capacity will almost certainly result in injury or death should there be a panic. In recent years we have had 100 people die in a Rhode Island night club fire and 21 die in a Chicago night club after a stampede resulting from a fight. It is my opinion that the Owner/management is recklessly endangering the patrons in the club by allowing more than the maximum set by the Fire Marshall's office. This club was approximately 45% over their capacity.

State of Alabama
Unified Judicial System

Form C-64(a)(front)  Rev. 11/92

DEPOSITION

**DEFENDANT'S COPY**

Warrant Number

2006S 0037

Case Number

IN THE ~~MUNICIPAL~~ COURT OF **MONTGOMERY**, **ALABAMA**
(Circuit, District or Municipal)                    (Name of Municipality or County)

☐ STATE OF ALABAMA          ☒ MUNICIPALITY OF **MONTGOMERY**

v. Kendrick Lamon Dortch / Rose Supper Club                    , Defendant

---

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED

Name of Accused (or Alias) Kendrick Lamon Dortch          Telephone Number

Social Security Number 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   Driver's License Number 050235174 Ga.   Date of Birth 01-11-74   Age 31   Race Blk   Sex M

Height 5'04"   Weight 155   Hair Blk   Eyes Brn   Complexion

Address of Accused 2778 Cumberland Blvd   City Smyrna   State Ga   Zip 30080

Name of Employer Rose Supper Club          Employer's Telephone Number

Address of Employer 954 High St.   City Montgomery   State Al   Zip

---

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE

Offense: Reckless Endangerment

Date and Time of Offense: 11-25-05    0210AM

Place of Occurrence: The Rose Supper Club          EXHIBIT 7

Person Attacked or Property Damaged:

How Attacked:

Did Accused Possess or Use a Weapon?   ☐ Yes   ☒ No   Type:

Damage Done or Injuries Received:

Value of Property:

Details of Offense: On 11-25-05 I responded to a complaint by Kesha Martin that the Rose Super Club was overcrowded. Shortly after entering the Club I observed an individual with a mechanical counter keeping the total number of occupants on it. I was then greeted by the manager who according to his Alabama Drivers License was Kendrick Lamon Dortch. I was accompanied by management as I moved through the club twice and found that it was obviously over capacity. I then instructed management to turn the music off and the lights on. I then had management instruct the ~~patrons~~ patrons to exit through the front door. I used a mechanical counter to count the patrons as they left. I counted 500 patrons which is 158 over the maximum allowed by the Fire Marshall's office. This overcrowding created a substantial risk of serious bodily harm. The overcrowding was allowed by the defendant / manager Kendrick Lamar Dortch.