IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENDRICK DORTCH and ) | |
| RICHARD THOMAS, as owner of ) | |
|   the ROSE SUPPER CLUB, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.  2:07cv1034-MEF |
| ) | |
| ) | |
| CITY OF MONTGOMERY and ) | |
|   L.C. CREMEENS, ) | |
| ) | |
|     Defendants. ) | |

## MOTION FOR SUMMARY JUDGMENT
## OF DEFENDANT CITY OF MONTGOMERY

Defendant City of Montgomery ('the City") adopts and incorporates the Motion for Summary Judgment with supporting evidentiary submissions and supporting Memorandum of Law filed by of Defendant Gary Cremeens ("Lt. Cremeens") in the cases of *Kendrick L. Dortch and Richard Thomas as owner of the Rose Supper Club vs. City of Montgomery and Lt. G.C. Cremeens*, Civil Action No. 2:07cv1034 and *Timothy Crenshaw and Kent Crenshaw as owner of the Diamonds Club vs. City of Montgomery and Lt. G.C. Cremeens*, Civil Action No. 2:07cv1035, as if fully set out herein.

Pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, Defendant City of Montgomery moves the Court for summary judgment.  The undisputed facts and applicable law show that there is no genuine issue as to any material fact.  As moving party, Defendant is entitled to judgment as a matter of law.

In support of the Motion for Summary Judgment, Defendant relies on the following pleadings, answers to discovery and disclosure materials on file and the following evidentiary submissions submitted with Defendant's Memorandum of Law in Support of Summary Judgment:

> *DX 1, Richie Thomas' Response to Cremeens'*
> *Discovery Requests*
>
> *DX 2, Affidavit of Gary Cremeens*
>
> *DX 3, Affidavit of Patrick Murphy*
>
> *DX 4, Affidavit of Bobby Bright*
>
> *DX 5, Affidavit of Brenda Blalock*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

For civil rights liability pursuant to 42 U.S.C. § 1983 to attach to a municipality, it must be shown that a municipal official or employee caused the deprivation of one's constitutional rights by acting pursuant to official governmental policy. Plaintiffs have not set forth any custom or policy of the City that caused a violation of their civil rights or to support a §1983 action against the City of Montgomery. Therefore, Plaintiffs claims of illegal seizure and detention; selective enforcement/denial of equal protection and denial of due process of law against the City must fail

Kendrick Dortch's claims for malicious prosecution and abuse of process are barred by the statute of non-claims, ALA. CODE 11-47-23, 1975, for failure to file claims with the clerk within six months of their accrual. The City of Montgomery is also entitled to immunity on the state claims pursuant to ALA. CODE § 6-5-338(b).

Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.RulesCiv.Proc.* 56(c). Defendant City of Montgomery is entitled to summary judgment on all of Plaintiff's claims.

Submitted this 5th day of September, 2008.

        /s/ Kimberly O. Fehl
        Kimberly O. Fehl (FEH001)
        Attorney for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL  36101-1111
334.241.2050
FAX 334.241.2310

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to be served upon the following:

Fred F. Bell, Esq.
1015 South McDonough Street
Montgomery, AL  36104

Wes Romine, Esq.
*Morrow, Romine & Pearson, P.C.*
Post Office Box 4804
122 South Hull Street
Montgomery, AL  36103-4804

        /s/Kimberly O. Fehl
        Of Counsel