## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **KENDRICK DORTCH and** | ) | |
| **RICHARD THOMAS, as owner of** | ) | |
| the **ROSE SUPPER CLUB,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 2:07cv1034-MEF** |
| | ) | |
| | ) | |
| **CITY OF MONTGOMERY and** | ) | |
| **L.C. CREMEENS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF LAW OF DEFENDANT CITY OF MONTGOMERY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant City of Montgomery ('the City") adopts and incorporates the Motion for Summary Judgment with supporting evidentiary submissions and Memorandum of Law filed by of Defendant Gary Cremeens ("Lt. Cremeens") in the cases of *Kendrick L. Dortch and Richard Thomas as owner of the Rose Supper Club vs. City of Montgomery and Lt. G.C. Cremeens*, Civil Action No. 2:07cv1034 and *Timothy Crenshaw and Kent Crenshaw as owner of the Diamonds Club vs. City of Montgomery and Lt. G.C. Cremeens*, Civil Action No. 2:07cv1035, as if fully set out herein.

## I.

### SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of genuine issue of material fact.'" *Id.* at 323. The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing, or pointing out to, the district court that the non-moving party has failed to present evidence in support of some element of the case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the non-moving party has met its burden, Rule 56(e) "requires the non-moving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP. Similarly, the moving party is entitled to summary judgment if the non-moving party has failed to prove the elements of her case or there is the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. *Fitzpatrick v. City of Atlanta,* 2 F. 3d 1112, 1115-16 (11th Cir. 1993).

Additionally, conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.Rule* 56(c).

## II.

### BACKGROUND AND NARRATIVE STATEMENT OF FACTS

Plaintiff Richard Thomas is the owner of Rose Supper Club.  (*DX 1, Richard Thomas' Response to Cremeens' Discovery Requests, ¶ 12*).  Plaintiff Kendrick L. Dortch is an employee of the Rose Supper Club. (*DX 1, Richard Thomas' Response to Cremeens' Discovery Requests, ¶ 12*). Lt. Cremeens was a fire investigator for the City of Montgomery Fire Department for six years.  (*DX 2, Cremeens Aff. ¶ 1*).  He served in the Division of Investigations of the City of Montgomery Fire Department.  (*DX 2, Cremeens Aff. ¶ 1*).   As a fire investigator, Lt. Cremeens had arrest powers and the power to secure warrants for the arrests of individuals violating fire codes.  (*DX 2, Cremeens Aff. ¶ 1*).   Plaintiffs have alleged federal and state claims against Lt. Cremeens and the City of Montgomery due the warrant issued for reckless endangerment on Plaintiff Kendrick Dortch and for closing the Rose Supper Club on November 25, 2005 for being over the occupancy capacity until re-opening was approved by the City Council on December 1, 2005. *(Doc. 1, Complaint).*

In 2005 the City of Montgomery was enforcing the 2003 version of the National Fire Protection Association Code (NFPA).  *(DX 2, Cremeens Aff. ¶ 2)* That code provides a formula that specifies the capacity of nightclubs, restaurants and other facilities open to the public.  *(DX 2, Cremeens Aff. ¶ 2).*

The Division of Investigation for the fire department for which Lt. Cremeens worked had nothing to do with the setting of limits on how many patrons could be in Rose Supper Club or Diamonds Club or any establishment at a given time.  *(DX 2, Cremeens Aff. ¶ 2).*  The Division

of Investigation is charged with assisting the City fire marshal's office in enforcing limitations on the capacity of an establishment. *(DX 2, Cremeens Aff. ¶2).*

A determination of overcrowding in a public facility may be made by two means. Routine inspections are made of various facilities including nightclubs to ensure that proper capacities are maintained. *(DX 2, Cremeens Aff. ¶¶ 3,4).* These inspections entail a walk-through of the establishment being inspected. *(DX 2, Cremeens Aff. ¶4).* Also, members from the Division of Investigation respond to calls received by them or the police from a patron or citizen that an establishment is overcrowded which is what occurred at the Rose Supper Club on November 25, 2005. *(DX 2, Cremeens Aff. ¶¶ 13, 15 & 16).*

When a facility is overcrowded it is closed for the evening. *(DX 2, Cremeens Aff. ¶ 6).* In 2005 the only punishment for being over capacity was issuance of a uniform non-traffic offense for overcrowding which resulted in a fine. *(DX 2, Cremeens Aff. ¶ 6 ).* Citations of overcrowding or over capacity are only issued upon probable cause to believe overcrowding exists. *(DX 2, Cremeens Aff. ¶ 7).* When overcrowding is suspected, an investigator may conduct a walk-through inspection or administrative search. *Id.* At that time if the club appears overcrowded the patrons are asked to exit the front doors. *Id.* All other doors are secured by assisting police officers. *Id.*

The patrons then proceed through the front entrance where the investigator counts them with a mechanical counter. *(DX 2, Cremeens Aff. ¶ 7).* To determine if the establishment is overcrowded the investigator then compares the number of people on the count with the number posted as capacity for each establishment by the fire marshal. *Id.* The investigator then proceeds to the City of Montgomery magistrate's office to fill out appropriate documentation. *Id.* No arrests are made at the scene. *Id.* The charges arrive later from issuance of a warrant by a

4

properly authorized and trained City of Montgomery magistrate. *Id.*

The decision to secure a warrant or to cause the arrest of individuals operating at overcrowded capacity is a discretionary function of the fire investigators such as Lt. Cremeens. *(DX 2, Cremeens Aff. ¶ 8).*

The Rose Supper Club had been overcrowded earlier in February 2005. *(DX 3, Cremeens Aff. ¶¶ 9-11; DX 3, Murphy Affidavit).* As early as February, 2004 Lt. Cremeens notified his superiors that overcrowding at the Rose Supper Club was a serious risk to patrons inside the club in light of recent nightclub fatalities involving fire and crowd panic. *(DX 2, Cremeens Aff. ¶ 9).*

On February 13, 2005 and February 14, 2005, the Rose Supper Club was closed for the night for overcrowding. *(DX 3, Murphy Affidavit).* Closing for the night did little to deter the nightclub from being overcrowded the next night. *(DX 3, Cremeens Aff. ¶ 6).* Such was particularly true in that a club that was overcrowded generally had already charged its patrons a cover charge before it was closed down because it was over capacity. *(DX 3, Cremeens Aff. ¶ 6).* In February 2005, the occupancy capacity was 300. *(DX 3, Murphy Affidavit).* In both of the incidents the owners/managers of the club appeared in municipal court and plead guilty to violating the City's fire code. *(DX 3, Murphy Affidavit)*

The problem with the Rose Supper Club was such that on February 16, 2005 Mayor Bobby Bright wrote a letter to the Mr. Richie Thomas at the Rose Supper Club about the overcrowding. *(DX 4, Bright Affidavit).* Mayor Bright warned Plaintiff Richie Thomas that he would monitor the occupancy at the club and close it until it could go before the council to determine if the business license should revoked. *(DX 4, Bright Affidavit).*

On March 23, 2005, members from the City Council on the Public Safety Committee met with Richie Thomas and Richard Thomas to discuss their request to increase the occupancy

capacity at the Rose Supper Club. *(DX 5, Blalock Affidavit).*    Members from the Montgomery Fire Department Codes and Standards Division and the Public Safety Committee went to the Rose Supper Club. *(DX 5, Blalock Affidavit).*    It was determined at that time by the Fire Marshal's office that if the Rose Supper Club would add another exit to the upstairs bar that the occupancy level could be increased.  *(DX 5, Blalock Affidavit).*    The occupancy level for the Rose Supper Club was then increased to 350.  *(DX 5, Blalock Affidavit)*

In regard to the events that lead to this case, at approximately 12:30 a.m. on November 25, 2005, Lt. Cremeens received word of a 911 call complaining that the Rose Supper Club was over capacity.  *(DX 2, Cremeens Aff. ¶ 15).*    After conducting an inspection at another club, Lt. Cremeens then proceeded to the Rose Supper Club at approximately 1:00 a.m. on November 25, 2005.  *(DX 2, Cremeens Aff. ¶ 16).*    At that time he confirmed a 911 call advising that people from the Rose Supper Club had parked their cars everywhere in the neighborhood, even in peoples' driveways. *(DX 2, Cremeens Aff. ¶ 16).*    A second complaint concerning overcrowding at the Rose Supper Club was received from an individual named Keysha Martin.  *(DX 2, Cremeens Aff. ¶ 16).*

When Lt. Cremeens arrived at the Rose Supper Club he noticed a number of cars parked so as to block the roadway.  *(DX 2, Cremeens Aff. ¶ 17).*    Shortly after entering the club he observed an individual with a mechanical counter keeping a digital number of occupants on it. *(DX 2, Cremeens Aff. at ¶ 17).*    He was then greeted by the manager of the Rose Supper Club on that evening.  *Id.*    The manager identified himself as Plaintiff Kendrick Dortch.  *Id.*    Lt. Cremeens was accompanied by Mr. Dortch as the two moved through the club twice and found it was obviously over capacity.  *Id.*    Lt. Cremeens instructed management to turn the music off and turn the lights on.  *Id.*    He then had management instruct the patrons to exit through the front

door.  *Id.*  Lt. Cremeens used a mechanical counter to count the patrons as they left.  *Id.*  At that time the maximum capacity for the Rose Supper Club set by the fire marshal's office was 350. *(DX 3, Murphy Affidavit).*  There were 508 patrons which was 158 over the maximum capacity of 350 allowed for the club.  *(DX 3, Murphy Affidavit).*

Lt. Cremeens thought that the overcrowding created a significant risk of health and safety of patrons and was a fire hazard.  *(DX 2, Cremeens Aff. ¶ 17).*  It was apparent to Lt. Cremeens that Kendrick Dortch had allowed the overcrowding to occur.  *Id.*

After his inspections Lt. Cremeens followed the same routine procedure he had followed in the past.  *(DX 2, Cremeens Aff. ¶18).*  He went to the City of Montgomery magistrate's office and filled out appropriate documentation.  *Id.*  In doing so he was following the guidelines of the Montgomery Fire Department as it pertains to overcrowding of clubs and the closures thereof. *(DX 2, Cremeens Aff. ¶¶ 18, 19).*  Cremeens did not arrest or handcuff any individual at the Rose Supper Club.  *(DX 2, Cremeens Aff. ¶18).*

The initial charge authorized by the magistrate was overcrowding.  *(DX 3, Cremeens Aff. ¶19).*  That charge was a non-traffic offense punishable by a fine.  *Id.*  Shortly after instituting the charge of overcrowding, Cremeens was advised by City of Montgomery Municipal Court Administrator and Chief Magistrate Patrick Murphy that the NFPA code being used by the City while having been approved to designate the maximum capacities of public facilities, it had not been approved by the City Council to include a fine or punishment.  *(DX 3, Cremeens Aff. ¶19; (DX 3, Murphy Affidavit).*

Cremeens then signed an affidavit for the charge of reckless endangerment in violation of ALA. CODE § 13A-6-24 (1975) which states that "a person commits a crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious

7

physical injury to another person.".  *(DX 2, Cremeens Aff. ¶19; DX 3, Murphy Affidavit).*  The magistrate authorized the charge of reckless endangerment.  *(DX 2, Cremeens Aff. ¶20; DX 3, Murphy Affidavit).*  Kendrick Dortch was not arrested nor required to post bond.  *(DX 3, Murphy Affidavit).*  He was served with a Summons to Appear in the City of Montgomery Municipal Court.  On April 11, 2006 Plaintiff Kendrick Dortch was adjudicated guilty of reckless endangerment in the City of Montgomery Municipal Court.  *(DX 3, Murphy Affidavit).*

Dortch appealed to circuit court.  *(DX 3, Cremeens Aff. ¶23).*  The judge dismissed the charge of reckless endangerment against Dortch.

Plaintiff Richard Thomas filed a claim with the City Clerk on May 23, 2006. *(DX 5, Blalock Affidavit).*  Plaintiff Kenneth Dortch filed a claim with the City Clerk on December 27, 2006. *(DX 5, Blalock Affidavit).*

Plaintiffs filed this lawsuit on November 21, 2007. *(Doc. 1, Complaint).* The lawsuit alleges federal causes of action for illegal seizure and detention in Count I; selective and unequal treatment/denial of equal protection of the law in Count II, and denial of due process in Count III. *(Doc. 1, Complaint).*  The lawsuit also alleges pendent state claims of malicious prosecution in Count IV and a final count for abuse of process.  *(Doc. 1, Complaint).*

### III.

### ARGUMENT

#### A.    ALLEGATIONS IN COMPLAINT

##### FEDERAL CLAIMS

#### Count I:  Illegal Seizure and Detention

Count I of the lawsuit alleges illegal seizure and detention in that Lt. Cremeens acted under color of law and with specific intent to deprive Kendrick Dortch of his Fourth Amendment

rights as it applies to the states by the Fourteenth Amendment. Count I also contends Lt. Cremeens brought illegal charges against Dortch and closed Rose Supper Club without authority, and that by the City refusing to dismiss the charges or closing Rose Supper Club without a hearing ratified the conduct of Lt. Cremeens. It further alleges that Lt. Cremeens was executing a custom or policy of the City. Only Kendrick Dortch demands judgment in Count I.

**Count II:  Equal Protection of the Law**

Count II of the lawsuit alleges selective and unequal treatment/denial of equal protection of the law. Count II contends that the Lt. Cremeens and the City retaliated against Dortch for "exercising his constitutional right in seeking redress of the overcrowding charge" and abused the judicial system by instituting a charge for reckless endangerment when the overcrowding was not a criminal act and there was no authority stating that overcrowding is a criminal act. Only Kendrick Dortch demands judgment in Count II.

**Count III: Denial of Due Process of Law**

Count III alleges that Lt. Cremeens was executing a custom or policy of the City and violated the Plaintiffs' Fifth Amendment rights to due process. Plaintiffs demand judgment in Count III.

### STATE CLAIMS

**Count IV: Malicious Prosecution**

Count IV alleges a state law claim by Dortch against Lt. Creemens and the City for malicious prosecution. Count IV contends that Lt. Cremeens acted with malice and that the City adopted and ratified the actions of Lt. Cremeens.

**Count V: Abuse of Process**

Count V alleges a state law claim by Dortch against Lt. Creemens and the City for

wrongly using the judicial process to prosecute Dortch for reckless endangerment. Count V contends that overcrowding was not a criminal offense but Lt. Cremeens and the City continued with the criminal prosecution against Dortch for reckless endangerment.

**B.    *CLAIMS UNDER 42 U.S.C. § 1983***

For civil rights liability pursuant to 42 U.S.C. § 1983 to attach to a municipality, it must be shown that municipal official or employee caused the deprivation of one's constitutional rights by acting pursuant to official governmental policy.  *See Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978) ("[I]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983.").   Plaintiffs have not shown any custom or policy of the City under any of the claims under 42 U.S.C. § 1983 that caused a civil rights violation.  Plaintiffs have not submitted that any final policymaker of the City acted with an unconstitutional motive. Merely using the words "policy" or "custom" or "unconstitutional" in the allegation is not sufficient to state a claim under 42 U.S.C. § 1983.  *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

In Count I, as the basis for his claim of unlawful detention, Dortch claims that the City ratified the actions of Cremeens by refusing to dismiss the charges against him for reckless endangerment and requiring Rose Supper Club to remain closed without a hearing. Dortch further contends that Cremeens acted maliciously and without probable cause and was executing the City's policy or custom in doing so. Dortch does not identify a policy or custom in Count I to invoke municipal liability.   A governing entity cannot be held liable in an action brought pursuant to 42 U.S.C.A. § 1983 under a theory of respondeat superior. *Monell v. Department of Social Services of New York City,* 436 U.S. 658, 694 (1978). Therefore, Dortch may not base

claims against the City on respondeat superior or vicarious liability; rather, he must show an official policy or custom of the City directly caused the alleged injury to him.

In *Monell*, the Supreme Court held that municipalities cannot be liable under §1983 on the theory of respondeat superior, but rather, can be liable under that statute only if they maintain unconstitutional or illegal policies or customs; absent unconstitutional or illegal policies or customs, municipalities and their officials may not be sued for the acts of their employees. Moreover, a plaintiff must show that an official policy was the reason behind the alleged constitutional deprivation. *Farred v. Hicks,* 915 F. 2d 1530 (11th Cir. 1990).

It is well established that a local government agency or its officials "may only be liable under §1983 if an action pursuant to official policy of some nature caused a constitutional tort." *Church v. City of Huntsville*, 30 F. 3d 1332, 1342 (11th Cir. 1994); *Dowdell v. Chapman,* 730 F. Supp. 533, 545 (M.D. Ala. 1996) (causal link must be established between official policy and custom and plaintiff's injury). It is only when execution of municipal policy or custom inflicts constitutional injury that the municipality or its official policymakers are responsible under §1983. *Monell v. New York Dept. of Social Services, supra* at 694. The Plaintiff must show the official policy or custom was the reason behind the alleged constitutional deprivation. *Farred v. Hicks, supra*.

Dortch was never arrested but rather was issued a Summons to Appear in Municipal Court for the charge of reckless endangerment. *(DX 3, Cremeens Aff. ¶7; DX 4, Murphy Affidavit).* Rose Supper Club was provided a hearing on December 1, 2005 in which they were allowed to reopen. *(DX 5, Blalock Affidavit).*

In Count II, Plaintiffs state that the City premised Dortch's prosecution and therefore Dortch suffered selective enforcement of the laws and a violation of equal protection. Plaintiffs

11

cannot succeed on their claims of selective enforcement and violation of equal protection.  To state a claim under the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs must provide a comparator to show that they were treated differently from similarly situated persons and that Defendants unequally applied the law for the purpose of discriminating against them.  *See Roy v. Board*, 2007 WL3345352 (N.D.Fla. 2007).   Plaintiffs contend that Defendants specifically targeted African American nightclubs during the Thanksgiving weekend.  However Lt. Cremeens received two complaints for overcrowding at Rose Supper Club on November 25, 2005.  *(DX 3, Cremeens Aff. ¶ 13).*

Plaintiffs have alleged that the City has a policy of limiting the enforcement of capacity requirements exclusively to nightclubs.  *(Doc. 1, Complaint ¶ 8).*  However, the incident that is the basis of this complaint was not arbitrary enforcement of capacity requirements but rather occurred because Defendant Cremeens received complaints that Plaintiffs' nightclub was overcrowded *(DX 3, Cremeens Affidavit, ¶ 13).*  Furthermore Plaintiffs cannot show that Defendants did not require other nightclubs to be in compliance with the occupancy capacity requirements for their respective clubs.

To maintain a selective enforcement or discriminatory prosecution claim giving rise to an equal protection violation, Plaintiffs must prove: (1) that others are generally not prosecuted for the same conduct; and (2) that the decision to single a plaintiff out was based on impermissible grounds such as race, religion, or the exercise of constitutional rights.  *See Church of Scientology v. Commission of Internal Revenue,* 823 F.2d 1310 (9th Cir. 1987), cert denied 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  As shown herein, however, Plaintiffs' claims fail.

In regard to the events that lead to this case, early on November 25, 2005 Lt. Cremeens received a complaint from an individual who identified herself as Tacorney Arrington. *(DX 3,*

12

*Cremeens Aff. ¶13).* The complaint was that the Rose Supper Club Club was overcrowded. *(DX 3, Cremeens Aff. ¶ 13).* As an investigator for the Montgomery Fire Department, Lt. Cremeens had a duty to enforce the occupancy capacity as set by the City of Montgomery for the safety of the occupants at Rose Supper Club.

After his inspections, Lt. Cremeens followed the same routine procedure he had followed in the past. *(DX 3, Cremeens Aff. ¶18).* He went to the City of Montgomery magistrate's office and filled out appropriate documentation. *Id.* In doing so he was following the guidelines of the Montgomery Fire Department as it pertains to overcrowding of clubs and the closures thereof. *(DX 3, Cremeens Aff. ¶¶ 18, 19).* Lt. Cremeens did not arrest or handcuff any individual at the Rose Supper Club Club. *(DX 3, Cremeens Aff. ¶18).* Kendrick Dortch was not arrested but received a Summons to Appear in Municpal Court. *(DX 4, Murphy Affidavit).*

Lt. Cremeens was following his regular procedure for overcrowding. The initial charge authorized by the magistrate was overcrowding. *(DX 3, Cremeens Aff. ¶19).* That charge was a non-traffic offense punishable by a fine. *Id.* Shortly after instituting the charge of overcrowding, Lt. Cremeens was advised by City of Montgomery Municipal Court Administrator and Chief Magistrate Patrick Murphy that the NFPA code being used by the City, while having been approved to designate the maximum capacities of public facilities, it had not been approved by the City Council to include a fine or punishment. *(DX 3, Cremeens Aff. ¶19; DX 4, Murphy Affidavit).*

Lt. Cremeens explained the facts to the magistrate and the magistrate authorized the charge of reckless endangerment. *(DX 3, Cremeens Aff. ¶20; DX 4, Murphy Affidavit).* Lt. Cremeens then signed an affidavit for the charge of reckless endangerment in violation of ALA. CODE § 13A-6-24 (1975) which states that "a person commits a crime of reckless endangerment

if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.".  *(DX 3, Cremeens Aff. ¶19; DX 4, Murphy Affidavit).*  On April 11, 2006 Plaintiff Kendrick Dortch was adjudicated guilty of reckless endangerment in the City of Montgomery Municipal Court.  *(DX 4, Murphy Affidavit).*

Defendants did not arbitrarily or selectively enforce the occupancy limits at Rose Supper Club.  Defendants responded to complaints.  Unsupported allegations that Plaintiffs were treated differently are not sufficient to withstand a Motion for Summary Judgment.  *See Massey v. Desauriers*, 2005 WL 2043006 (D. Vt. 2005); *see also Goneaga v. March of Dimes,* 51 F. 3d 14(2nd. Cir. 1991). A mere failure to prosecute other offenders for violating the town code is not a basis for finding a denial of equal protection.  *See Zahra v. Town of Southhold,*  48 F. 3d 674 (2nd Cir. 1995).

"The conscious exercise of some selectivity in [the] enforcement [of an otherwise nondiscriminatory law] is not in itself a federal constitutional violation" so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Bordenkircher v. Hayes, 434 U.S. 357 (1978).*  Lt. Cremeens received two complaints for overcrowding at Rose Supper Club on November 25, 2005.   Lt. Cremeens was acting in his capacity as an arson investigator in enforcing the occupancy capacity for Rose Supper Club on November 25, 2005.  Plaintiffs cannot demonstrate that enforcement of the occupancy capacity limit "was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Bordenkircher v. Hayes, 434 U.S. 357 (1978).* Plaintiff's obvious disagreement with the necessity of closing his business for overcrowding does not equate to selective enforcement.  To the extent that Plaintiffs have been unable to establish a claim for violation of equal protection or a claim for selective enforcement, their claims must

fail.

In some situations a municipality or its officials may be subject to §1983 liability for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval from the bodies of official decision making channels." *Monell v. New York Dept. of Social Services, supra* at 690-91. Such liability requires that the Plaintiff provide evidence that establishes "a widespread practice that, 'although not authorized by written law or express municipal policy is so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988). Stated differently, "a longstanding and widespread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Brown v. City of Ft. Lauderdale,* 923 F. 2d 1474, 1481 (11th Cir. 1991). In such circumstances, however, "considerably more proof than [a] single incident will be necessary" to establish liability. *Oklahoma City v. Tuttle,* 471 U.S. 808, 834 (1985).

Count III of Plaintiffs' Complaint makes a general allegation that Cremeens was carrying out a policy or custom that violated Dortch's right to due process. However, Plaintiffs do not identify any policy or custom that deprived them of their constitutional rights. *(Doc. 1, Complaint ¶¶ 47-49; Doc 19-3 and Doc. 19-4).* To establish a procedural due process clause violation in action under § 1983, plaintiff must establish: (1) deprivation of constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *See Foxy Lady, Inc. v. City of Atlanta, Ga.* 347 F.3d 1232 (11th Cir. 2003). It cannot be disputed that Plaintiffs were provided due process.

Plaintiffs were aware of their occupancy capacity as set out by the City of Montgomery. It cannot be disputed that Plaintiffs had previously violated the occupancy capacity and were

closed. *(DX 3, Cremeens Aff. ¶¶ 6 & 9; DX 4, Murphy Affidavit).* In *Goldberg v. Kelly,* 397 U.S. 254, 268-69, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287 (1970), the United States Supreme Court explained that "[t]he opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard." Procedural due process is not a technical concept with a fixed content. Procedural due process is a flexible concept and calls for such procedural protections as the particular situation demands. *See Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976)

On November 25, 2005, Rose Supper Club was over capacity by 158 occupants and closed. *(DX 3, Cremeens Aff. ¶14; DX 4, Murphy Affidavit).* Plaintiffs appeared at a special meeting before the City Council on December 1, 2005, and Rose Supper Club was allowed to reopen. *(DX 5, Blalock Affidavit).* The temporary closure of Rose Supper Club by the City of Montgomery did not violate Plaintiffs procedural due process. Ordinarily due process requires a hearing prior to a deprivation of a significant property interest. *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 19 (1978). However, summary governmental action taken in emergencies and designed to protect the public health, safety, and general welfare does not violate due process. *Hodel v. Virginia Surface Mining & Reclamation Ass'n,* 452 U.S. 264, 299-300 (1981). Defendants closed Rose Supper Club because there was a legitimate public safety and welfare interest in permitting city officials to protect the patrons of Rose Supper Club. The occupancy capacity is required by the City to determine the number of occupants that can safely be in an establishment at one time.

In *McKinney v. Pate,* the Eleventh Circuit wrote that "a procedural due process violation is not complete 'unless and until the State fails to provide due process.' " 20 F.3d 1550, 1557 (11th Cir.1994) (en banc) (citing *Zinerman v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 983, 108

L.Ed.2d 100 (1990)).  Plaintiffs were provided extensive post-closure review and remedies.  Additionally, Plaintiffs were allowed to reopen.  Furthermore, Plaintiffs could have pursued remedies in state court for lost profits or damages suffered by the club's closure. Plaintiffs therefore suffered no procedural due process violation.  *See Horton v. Bd. of County Comm'rs of Flagler County,* 202 F.3d 1297, 1300 (11th Cir.2000) (concluding that plaintiff's failure to pursue state law claim is not dispositive; Fourteenth Amendment only requires that plaintiffs have *opportunity* to pursue relief in state courts).

The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty," *McKinney v. Pate* 20 F.3d 1550, 1557 (11th Cir.1994) citing *Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937).  To establish a violation of substantive due process, the plaintiffs must prove that the government's action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395 (1926). Where the governmental action has a substantial relation to the general welfare, the action is not arbitrary and not violative of substantive due process. *Armendariz v. Penman, 31 F.3d 860 (9 th Cir.1994), aff'd in part,*75 F.3d 1311 (1996).  As previously set forth, Rose Supper Club was 158 occupants over the allowed occupancy capacity of 350.  Clearly the actions of the Defendants had a substantial relation to public health, safety and general welfare of those present. Therefore, Plaintiffs cannot succeed on claims for violation of substantive due process.

A governmental entity can only be held responsible under §1983 for the unauthorized actions of its employees when its final decision makers participated in a policy or custom which resulted in a constitutional violation or a governmental entity can be held liable under §1983

when constitutional violations arise from "custom", even though the custom is not the product of a formal adoption by the municipal policy making authorities. *Monell*, 436 U.S. 658, 690-691.

In the present case, Plaintiffs cannot succeed on their claims of a practice or custom that would make the City of Montgomery liable under 42 U.S.C. § 1983. Indeed, Cremeens was compliant with state law.

In *Byrd v. Clark*, 783 F. 2d 1002 (11th Cir. 1986) the trial court granted summary judgment in favor of the municipality. That decision was affirmed on appeal. The Eleventh Circuit Court of Appeals concluded that in the absence of any evidence of a policy, practice or custom, either express or implied, which contributed to the alleged violation of plaintiff's constitutional rights when she was arrested, released and rearrested, the city was not liable to plaintiff under §1983. In the present case, the City did not engage in any activity nor did it implement any custom or policy that caused Plaintiffs to be deprived of a constitutional right.

In order to recover there must be a causal connection between the policy or custom of the municipality and the constitutional right alleged to have been violated. *Church v. City of Huntsville,* 30 F. 3d 1332, 1342 (11th Cir. 1994). To establish causation, "a plaintiff must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Comm'rs. of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 404 (1997). The causal link must be such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Spell v. McDaniel,* 424 F. 2d 1380, 1389-91 (4th Cir. 1987); *McCroy v. City of Dothan,* 169 F. Supp. 2d 1260, 1285 (M.D. Ala. 2001). *See City of Canton v. Harris*, 489 U.S. 378, 391 (1989) (the identified deficiency must be closely related to the ultimate injury).

Plaintiffs fail to state any facts that support a theory that the City participated in any

18

policy, practice, or custom which resulted in a violation of §1983. The City of Montgomery is entitled to summary judgment on Plaintiffs' claims of constitutional violations as there is no genuine issue of any material fact.

Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.Rule* 56(c). Therefore, Defendant City of Montgomery is entitled to summary judgment on all of the Plaintiffs' claims.

**C.      STATE CLAIMS**

### Statute of Non-Claims

Section 11-47-23 provides limitation periods for presentation of claims against municipalities, as follows:

> All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.

Plaintiff Kendrick Dortch's claims asserted for malicious prosecution and abuse of process are "claims for damages growing out of torts." Those claims are barred for failure to file claims with the clerk within six months of their accrual. Kendrick Dortch filed his claim with the City Clerk on December 27, 2006. *(DX 5, Blalock Affidavit)* The incident that is the basis of this lawsuit occurred on November 25, 2005 which was more than a year before he filed his claim. His claim was even filed more than six months from the date of his conviction in Municipal Court on April 11, 2006. Therefore, those claims are barred for failure to file a claim with the clerk within six months of their accrual.

### *State Agent Discretionary Function Immunity*

As set out above, Defendant Cremeens was responding to complaints regarding the overcrowding at Rose Supper Club. Lt. Cremeens was following his standard procedure for closing an overcrowded establishment. The magistrate determined that the facts established probable cause for the charge of reckless endangerment. Lt. Cremeens was acting within the line and scope of his duties and did nothing to exempt him from state agent discretionary function immunity.

Sec. 13-43 of the City of Montgomery Municipal Code states the following:

> (a) Members of the fire department assigned to the investigative division are hereby designated as law enforcement officers as defined by Code of Ala. 1975, § 11-43-181 and Rule 1.4 of the Alabama Rules of Criminal Procedure.
>
> (b) Members of the fire department assigned to the investigative division are hereby authorized to be armed and are empowered with the full authority of law enforcement officers to make arrests and to take other such action as may be legal, proper, and necessary for the enforcement of the laws of the city.
>
> (c) All members of the fire department investigative division shall meet the minimum standards and qualifications set out in Code of Ala. 1975, § 36-21-46, including the completion of a course of training established or recognized by the Alabama Peace Officers' Standards Training Commission, and must maintain certification as law enforcement officers by that commission (A-POST).

Section 6-5-338, *Code of Alabama*, 1975 statutorily provides law enforcement officers with immunity from state law tort claims arising out of acts committed while the law enforcement officers engage in the performance of discretionary functions. The performance of the discretionary functions must be within the scope of the officer's law enforcement duties. Section 6-5-338(a) states as follows:

20

> [E]very peace officer, except constables, who is employed
> or appointed pursuant to the Constitution or statutes of this
> state, whether appointed or employed as such peace officer
> by the state or a county or a municipality thereof, or by an
> agency or institution, corporate or otherwise, created
> pursuant to the Constitution or laws of this state and
> authorized by the Constitution or laws to appoint or employ
> police officers or other peace officers, and whose duties are
> prescribed by the law, or by the lawful terms of their
> employment or appointment include the enforcement of, or
> the investigation or reporting of violations of, the criminal
> laws of this state, and who is empowered by the laws of
> this state to execute warrants, to arrest and to take into
> custody persons who violate, or who are lawfully charged
> by warrant, indictment or other lawful process with
> violations of, the criminal laws of this state shall at all
> times be deemed to be officers of this state, and as such
> shall have immunity from tort liability arising out of his or
> her conduct in the performance of any discretionary
> function within the line and scope of his or her enforcement
> duties.

Since *Ex parte Cranman,* 792 So.2d 392 (Ala.2000), the Alabama Supreme Court

examines peace officer immunity pursuant to § 6-5-338 as state-agent immunity rather

than the classification of ministerial versus discretionary functions.  In *Cranman,* the

Court held:

> "A State agent shall be immune from civil liability in his or her personal
> capacity when the conduct made the basis of the claim against the agent is
> based upon the agent's
>
> (1)  formulating plans, policies, or designs; or
>
> (2)  exercising his or her judgment in the administration of a
> department or agency of government, including, but not limited to,
> examples such as:
>
> > (a)   making administrative adjudications;
> > (b)  allocating resources;
> > (c)  negotiating contracts;
> > (d)  hiring, firing, transferring, assigning, or supervising personnel;
> >        or

21

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students."

Section 6-5-338(b), *Code of Alabama*, 1975, provides "immunity not only to peace officers but governmental units and agencies authorized to appoint peace officers." The statute is explicit that liability will not attach unless a police officer acts willfully or maliciously. Lt. Cremeens was acting within the line and scope of his discretionary authority. He responded to complaints and proceeded as he normally would in overcrowding situations. As there is no evidence of any willful or malicious intent or actions by Defendant Cremeens in the present case, he is entitled to immunity. Additionally, a municipality cannot be deemed to act with malice. *Neighbors v. City of Birmingham,* 384 So.2d 113 (Ala. 1980).

Furthermore, for the reasons set out above, Plaintiffs cannot support a claim that Lt. Cremeens acted in any way that would not permit him state agent immunity as described in *Cranman. Cranman* identifies an exception and states that a state agent shall not be immune from civil liability in his or her personal capacity:

(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or

(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation

22

of the law.

*Cranman,* 792, So. 2d 405.

Accordingly, the City of Montgomery is also entitled to immunity from those causes of action. After all, "if a municipal police officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune." *City of Crossville v. Haynes,* 925 So.2d 944, 955 (Ala. 2005). Therefore, Defendant City of Montgomery is entitled to summary judgment on all of Plaintiffs' state law claims.

### D.    *PROBABLE CAUSE FOR RECKLESS ENDANGERMENT*

Kendrick Dortch was convicted of reckless endangerment in Municipal Court. The fact that Kendrick Dortch had never been charged for reckless endangerment in previous Rose Supper Club' overcrowding closures or that the case was ultimately dismissed by the Circuit Court does not mean that probable cause never existed. On November 25, 2005, after the complaints for overcrowding were received, Lt. Cremeens counted 158 more occupants than the 350 determined as the occupancy capacity. The Chief Magistrate issued the Summons to Appear and determined that probable cause existed. *(DX 4, Murphy Affidavit).*

ALA. CODE 13A-5-24 (1975) provides:

> A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.

Probable cause to arrest thus requires something more than "mere suspicion," *Mallory v. United States,* 354 U.S. 449, 454, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). However, probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction. *Adams v. Williams,*

23

407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). *Dahl v. Holley,* 312 F. 3d 1228, 1236 (11th Cir. 2002). *See Adams v. Williams,* 407 U.S. 143, 149 (1972) (probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction); *Kelley v. Serna,* 87 F. 3d 1235, 1241 (11th Cir. 1996) (there is a substantial difference between the amount of proof necessary to constitute sufficient evidence to support a conviction and that necessary to support probable cause).

An arrest upon probable cause will not support an action under § 1983. *Atwater v. City of Lago Vista,* 532 U.S. 318 (2001); *Wood v. Kesler,* 323 F. 3d 872 (11th Cir. 2003); *Knight v. Jacobson,* 300 F. 3d 1272 (11th Cir. 2002); *Lee v. Ferraro,* 284 F. 3d 1188 (11th Cir. 2002); *Rodriguez v. Farrell,* 280 F. 3d 1341 (11th Cir. 2002). Even if there were not probable cause for this arrest, arguable probable cause for an arrest will protect a municipal official from liability under § 1983. *Scarbrough v. Myles,* 245 F. 3d 1299, 1302 (11th Cir. 2001); *Rodriguez v. Farrell,* 280 F. 3d 1341 (11th Cir. 2002) (reasonable mistake in arresting plaintiff was not a constitutional violation); *Jones v. Cannon,* 174 F. 3d 1271 (1999); *Montoute v. Carr,* 114 F. 3d 181 (11th Cir. 1991).

The Chief Magistrate determined there was probable cause and was surprised to find out that Circuit Court did not allow the case be tried and at least go to a jury. *(DX 4, Murphy Affidavit).* Following the Circuit Court's order would infer that criminal charges could not be brought in the death of someone in a club that died as a result of overcrowding. It would stand to reason that one could be criminally charged with the situation that created the dangerous situation. It is unclear how the Circuit Court could conclude that overcrowding does not fit the elements of reckless endangerment because

there is not another case that holds such.  Kendrick Dortch had already been convicted in Municipal Court.

## IV.

### CONCLUSION

Plaintiffs have not alleged any custom or policy of the City that caused a violation of their civil rights or to support a §1983 action against the City of Montgomery. Kendrick Dortch's claims for malicious prosecution and abuse of process are barred for failure to file claims with the clerk within six months of their accrual.  The City of Montgomery is entitled to immunity pursuant to § 6-5-338(b).     Defendant City of Montgomery is entitled to summary judgment on all of Plaintiffs' claims.

Submitted this 5th day of September, 2008.

/s/Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorney for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL  36101-1111
334.241.2050
FAX 334.241.2310

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to be served upon the following:

Fred F. Bell, Esq.
1015 South McDonough Street
Montgomery, AL  36104

Wes Romine, Esq.
*Morrow, Romine & Pearson, P.C.*
Post Office Box 4804
122 South Hull Street
Montgomery, AL  36103-4804

s/Kimberly O. Fehl
Of Counsel

**EXHIBIT 1**
**RICHIE THOMAS' RESPONSE TO**
**CREMEENS DISCOVERY REQUESTS**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK L. DORTCH, and            )
RICHARD THOMAS, as owner of        )
the ROSE SUPPER CLUB,              )
                                   )
     Plaintiffs,               )
                                   )     CIVIL ACTION NO.  2:07cv1034-MEF
                                   )
vs.                                )
                                   )
THE CITY OF MONTGOMERY, and        )
LT. G.C. CREMEENS,                 )
                                   )
     Defendants.               )

## DEFENDANT G.C. CREMEENS' FIRST SET OF REQUEST FOR ADMISSIONS TO PLAINTIFFS KENDRICK DORTCH AND RICHARD THOMAS AS OWNER OF ROSE SUPPER CLUB

Pursuant to Rule 36, Federal Rules of Civil Procedure Defendant requests that Plaintiffs, **separately and severally** admit or deny the following request for admissions:

1.     That Plaintiff Thomas has pled guilty to overcrowding or over capacity of the Rose Supper Club on occasions prior to November 25, 2005.

**Response:**

2.     That Plaintiff Dortch has pled guilty to overcrowding or over capacity of the Rose Supper Club on occasions prior to November 25, 2005.

**Response:**

3.     That the occupancy of patrons designated by the City of Montgomery for Rose Supper Club on November 25, 2005 was 300.

**Response:**

4.    That on November 25, 2005 the number of patrons in the Rose Supper Club exceeded the occupancy of 300 designated for that establishment by the City of Montgomery.

**Response:**

5.    That the occupancy of patrons designated by the City of Montgomery for Rose Supper Club on February 13, 2005 was 300.

**Response:**

6.    That on February 13, 2005 the number of patrons in the Rose Supper Club exceeded the occupancy of 300 designated for that establishment by the City of Montgomery.

**Response:**

7.    That the occupancy of patrons designated by the City of Montgomery for Rose Supper Club on February 14, 2005 was 300.

**Response:**

8.    That on February 14, 2005 the number of patrons in the Rose Supper Club exceeded the occupancy of 300 designated for that establishment by the City of Montgomery

**Response:**

9.      That the decision by law enforcement to charge or arrest employees of a facility that is overcrowded or over capacity for its patrons is a discretionary function.

**Response:**

10.     That overcrowding or over capacity of patrons creates a significant risk to the health and safety of the patrons of an establishment.

**Response:**

11.     That overcrowding or over capacity of patrons presents certain fire hazards to the patrons of an establishment.

**Response:**

12.     That Plaintiff Dortch was responsible for maintaining the properly designated capacity of the Rose Supper Club on November 25, 2005.

**Response:**

13.     That Plaintiff Thomas was responsible for maintaining the properly designated capacity of the Rose Supper Club on November 25, 2005

**Response:**

3

Respectfully submitted,

_____
WESLEY ROMINE (ROM002)
ONE OF THE ATTORNEYS FOR
DEFENDANT G.C. CREMEENS

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:  (334) 262-7707
Facsimile:  (334) 262-7742
Email:     wromine@mrplaw.com
           rsmorrow@mrplaw.com
           jhpearson@mrplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2008, I have served the foregoing documents to the following via U.S. Mail, postage prepaid:

Hon. Fred F. Bell
1015 south McDonough Street
Montgomery, AL 36104

Hon  Kimberly O. Fehl
City of Montgomery Legal Division
P.O  Box 1111
Montgomery, AL 36101-1111

Respectfully submitted,

_____
WESLEY ROMINE (ROM002)
One of the Attorneys for Defendant
L.C. Cremeens
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:  (334) 262-7707
Facsimile:  (334) 262-7742
Email:      wromine@mrplaw.com

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK L. DORICH, et al          )
                                   )
        Plaintiffs,                )
                                   )
vs                                 )CASE NO. 2:07-cv-1034-MEF
                                   )
THE CITY OF MONTGOMERY, et al,     )
                                   )
        Defendants.                )

## RICHARD THOMAS' RESPONSE TO DEFENDANT
CREMEENS' DISCOVERY REQUESTS

COMES NOW Richard Thomas and responds to the Plaintiff's discovery requests

## REQUEST FOR ADMISSIONS

| | | | |
|---|---|---|---|
| 1 | Request for Admission # 1. | Response: | Admit |
| 2 | Request for Admission # 2. | Response: | Deny |
| 3. | Request for Admission # 3. | Response: | Deny |
| 4 | Request for Admission # 4. | Response: | Deny |
| 5 | Request for Admission # 5 admit or deny. | Response: | I am without sufficient information to |
| 6. | Request for Admission # 6. admit or deny. | Response: | I am without sufficient information to |
| 7. | Request for Admission # 7. admit or deny. | Response: | I am without sufficient information to |
| 8. | Request for Admission # 8 admit or deny. | Response: | I am without sufficient information to |
| 9 | Request for Admission # 9. admit or deny | Response: | I am without sufficient information to |
| 10 | Request for Admissions # 10 admit or deny. | Response: | I am without sufficient information to |

11.   Request for Admissions # 11 .    Response:    I am without sufficient information to admit or deny.

12.   Request for Admissions # 12.    Response:    Deny

13.   Request for Admissions # 13    Response:    Admit

## FIRST SET OF INTERROGATORIES

1.   Interrogatory # 1.    Response:    No

2    Interrogatory # 2    Response:    I make no such a contention

3    Interrogatory # 3    Response:    See response to Interrogatory # 2

4.   Interrogatory # 4.    Response:    I make no such contention.

5.   Interrogatory # 5.    Response:    See response to Interrogatory # 4.

6    Interrogatory # 6.    Response:    I do not possess sufficient knowledge or information to know if the acts of Mr Cremeens were within his discretionary function.

7.   Interrogatory # 7.    Response:    I have not made that allegation.

8.   Interrogatory # 8    Response:    I have not made that allegation..

9    Interrogatory # 9    Response:
a.  I have no knowledge that Dortch had violated any criminal law.
b   I have no witnesses to support my contention

10.   Interrogatory # 10    Response:    To my knowledge, no.

11    Interrogatory # 11.    Response:
a.    I do not know, as a fact, that the Rose was over capacity.
b    I do not have any witnesses to support my contention that I do not know, as a fact, that the Rose was not over capacity.

12.   Interrogatory # 12.    Response:    Owner, Richard Thomas; Employee, Kendrick Dortch, Bar Manager

13.   Interrogatory # 13.    Response:
a.    The Rose:  Between $21,000.00 and $23,000 00
b.    Approximately $7,500.00

14    Interrogatory # 14.    Response:    Kendrick Dortch alleges lost income of $25, 500 00

2

15    Interrogatory # 15.    Response:    None.

16.    Interrogatory # 16.    Response:    I have no knowledge that the Rose was overcrowded at this time.

17.    Interrogatory # 17    Response:    I have no recollection the Rose was overcrowded at this time.

18    Interrogatory # 18.    Response    2 times. a. Fined; b. Pled guilty.

19.    Interrogatory #19.    Response:    See the various complaints that are in the possession, custody, and control of the City of Montgomery. Mr. Cremeens had not observed Plaintiff Dortch violate any criminal law. Yet he wrote a complaint On two different occasions he charged Plaintiff Dortch with overcrowding. After he learned that overcrowding was not a criminal offense; he still attempted to add facts to support a claim of reckless endangerment. Each time, additional "facts" were added to support his claims; these additional facts were not stated in the original complaint.

20.    Interrogatory # 18,    Response: See response to Interrogatory #19.
a.    To my knowledge, Mr. Cremeens knew that Dortch had not violated any criminal laws. He had no cause to arrest Dutch, yet he did. After he and the City realized that over crowding was not a criminal offense, he reconstructed the complaint to allege reckless endangerment
b.    Kendrick Dortch, the Plaintiff.

21.    Interrogatory # 21.    Response:
a.    In court, Mr. Cremeens stated that the only persons who had been charged charged with reckless endangerment were those persons charged during the 2005 Thanksgiving Holiday at the Diamonds, Rose, and the Cotton Club because they had challenged him and the City on the overcrowding charge.
b.    Kendrick Dortch, the Plaintiff.

22.    Interrogatory # 22.    Response:    I have not made this contention.

23    Interrogatory # 23.    Response:    No response is required.

24.    Interrogatory # 24.    Response:    State Law.

25.    Interrogatory # 25.    Response:    At this juncture, my attorney has not stated that he would call an expert. If he does, I will provide this information to the Defendants immediately.

3

I declare under penalty of perjury that the foregoing is true and correct.

Done this _10th_ day of _May_ 2008.

Richie D. Thomas

Richie D Thomas,

# EXHIBIT 2
# AFFIDAVIT OF GARY CREMEENS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK L. DORTCH, and )
RICHARD THOMAS, as owner of )
the ROSE SUPPER CLUB, )
          )
    Plaintiffs, )
          )    CIVIL ACTION NO. 2:07cv1034-MEF
          )
vs. )
          )
THE CITY OF MONTGOMERY, and )
LT. G.C. CREMEENS, )
          )
    Defendants. )

TIMOTHY CRENSHAW, and )
KENT CRENSHAW, as owner of )
the DIAMONDS CLUB, )
          )
    Plaintiffs, )
          )    CIVIL ACTION NO. 2:07cv1035-MEF
          )
vs. )
          )
THE CITY OF MONTGOMERY, and )
LT. G.C. CREMEENS, )
          )
    Defendants. )

## AFFIDAVIT OF G.C. CREMEENS

STATE OF ALABAMA       )

COUNTY OF MONTGOMERY   )

BEFORE ME, Donna DeShields , a Notary Public in and for said County and State,

personally appeared G.C. Cremeens, who is known to me, and who, after first being duly sworn,

does state as follows:

1.    My name is G.C. Cremeens. I am retired as a fire investigator with the City of Montgomery. I was a fireman with the City of Montgomery for more than fifteen years. Then for the next six years I was a fire investigator. I served with the Division of Investigation of the City of Montgomery Fire Department. In my capacity as an fire investigator I had arrest powers. I had inspection powers regarding the person capacity of an establishment. I had authority to secure an arrest warrant based on my inspections. I have been through Montgomery Police academy training and as a consequence have same authority as a police officer. The Alabama Peace Officers Standards Training Commission has authorized me to (as well as the other fire investigators) to make arrests and swear out warrants the same as do other law enforcement officers.

2.    In 2005 the City of Montgomery was enforcing the 2003 version of the National Fire Protection Association Code (NFPA) That code provides a formula that specifies the capacity of night clubs, restaurants and other facilities open to the public. The designated capacity for patrons is set by the Codes and Standards Division of the fire department. It is then approved by the Montgomery City council. The Division of Investigation has nothing to do with setting the limits on how many patrons can be in an establishment at a given time. The Division of Investigation is charged with assisting the City Fire Marshal's office in enforcing the limitations on the capacity of an establishment.

3.    In order to enforce the capacity requirements periodic inspections are conducted of various public facilities to determine whether they are overcrowded. There is no policy existing in the City of Montgomery to pre-determine a charge of overcrowding. That determination is based on whether a facility is overcrowded when a routine inspection in conducted.

4    During the inspection, an administrative search is conducted. This search is done

2

with regularity and neutrality. It is a fire code inspection to ensure proper capacities are maintained. It entails a walk-through of the establishment being inspected.

5.    The inspections are periodic, generally every other weekend. That is a longstanding City of Montgomery policy. In order to enforce the designated capacities I would be given a list of public facilities to inspect. During my tenure the emphasis was generally on the 120 night clubs existing in Montgomery because those establishments have been determined over many years to be the most likely to be over capacity.

6.    When a facility is overcrowded it is closed for the evening. In 2005 the only punishment for being over capacity was issuance of a uniform non-traffic offense charge for overcrowding. Conviction of that charge resulted in a fine. Frequently, that situation did little to deter a nightclub from being overcrowded the next night. Such was particularly true in that a club that was overcrowded generally had already charged its patrons a cover charge before it was closed down because it was over capacity.

7    The citations for overcrowding or over capacity were only issued upon probable cause to believe overcrowding existed. The general policy is when overcrowding is suspected the investigator will conduct a walk through inspection or administrative search. At that time if a club appears overcrowded the patrons are asked to exit the front doors. All other doors are secured by assisting police officers. The patrons then proceed through the front entrance where the investigator counts them with a mechanical counter. The investigator then compares the number of people on the count with the number posted as the capacity for each establishment by the Fire Marshal to determine if it is overcrowded. The investigator then proceeds to the City of Montgomery magistrate's office to fill out the appropriate documentation. That procedure is according to the

3

guidelines of the Montgomery Fire Department as it pertains to overcrowding situations. No arrests are made at the scene. The charges arise later from issuance of a warrant by a properly authorized and trained City of Montgomery magistrate.

8     At all times the process of inspecting facilities for overcrowding and securing warrants for the arrests of individuals was a discretionary function. It was part of the performance of my duties and was within the scope of my authorities as a fire investigator.

9     It should be realized that the two clubs involved in the above lawsuits against City of Montgomery and me had previous citations for overcrowding before those at issue. Indeed, the Rose Supper Club (and its predecessor club Top Flight) have a long history of repeated overcrowding. As early as February, 2004 I notified my superiors that overcrowding at the Rose was a serious risk to patrons inside the club in light of then recent night club fatalities involving fire and crowd panic.

10     On consecutive nights in February, 2005 I received complaints that the Rose Supper Club was overcrowded  Upon investigation I found the Rose Supper Club to be seriously in excess of its capacity. The problem was such that on February 16, 2005 Mayor Bobby Bright wrote a letter to the Rose Supper Club about the overcrowding that occurred on February 13, 2005 and February 14, 2005. He threatened the club with withdrawing its business license if it continued to be over capacity.

11.     On April 8, 2005 I found the Diamonds Club to be over capacity by some 117 patrons.

12.     In both of these instances the owners/managers of the clubs appeared in municipal court and pled guilty to violating the City's fire code. They were fined

4

13.    At almost 11:00 p.m. on November 24, 2005 I received a complaint on my administrative line stating that the Diamonds Club was overcrowded. I then received a second complaint call concerning overcrowding. The complainant identified herself as Tacorney Arrington.

14.    I responded to the complaint calls at the Diamonds before midnight on November 24, 2005. Two City of Montgomery police units were present as well. After an initial walk-through of the Diamonds Club it was my opinion that the club was seriously over capacity. I instructed the manager who I learned was Plaintiff Timothy Crenshaw to turn the lights on, turn the music off and instruct all patrons to exit the front door. The other exits were secured by assisting police officers. Using a mechanical counter I counted each patron as they exited. The total number of people who exited was 463. That number was 164 more than the maximum of 299 patrons allowed by the fire marshal's office for that facility. The Diamonds Club was approximately 54 percent over the maximum capacity allowed by the fire marshal's office. In my view, the management of the Diamonds Club had disregarded the situation so as to increase the risk of death or serious bodily harm to the patrons as well as created a fire hazard.

15.    At approximately 12:30 a.m. on November 25, 2005 I received word of a 911 call complaining that the Rose Supper Club was over capacity. I contacted communications and stated that I was leaving the Diamonds Club which I had closed down due to it being 164 people over capacity.

16.    I then proceeded to inspect another club that appeared from the number of cars in the parking lot and roadside outside of it to be overcrowded. In the interim, at 1:00 a.m. on November 25, 2005, there was a 911 call advising that people from the Rose Supper Club had parked their cars everywhere in the neighborhood even in people's driveways. The call complained of a fire hazard.

5

I identified the complainant concerning overcrowding at the Rose Supper Club as Keysha Martin.

17.    When I arrived at the Rose Supper Club I noticed a number of cars parked blocking the roadway. Shortly after entering the club I observed an individual with a mechanical counter keeping a digital number of occupants on it. I was then greeted by a manager who was identified as Plaintiff Kendrick Dortch. I was accompanied by Mr. Dortch as the two of us moved through the club twice and found that it was obviously over capacity. I instructed management to turn the music off and the lights on. I then had management instruct patrons to exit through the front door. I used a mechanical counter to count the patrons as they left. I counted 508 patrons which is 208 over the maximum capacity of 300 allowed by the fire marshal's office for the Rose Supper Club. In my view the overcrowding created a significant risk to the health and safety of the patrons and was a fire hazard. It was apparent to me that the Plaintiff Kendrick Dortch had allowed the overcrowding to occur.

18    Following the procedure I had followed in the past, I went to the City of Montgomery magistrate's office on the same date that the closures took place. I filled out appropriate documentation and followed the guidelines of the Montgomery Fire Department as it pertains to club closures. I did not arrest or handcuff any individual at either the Diamonds Club or the Rose Supper Club.

19    The initial charge authorized by the magistrate was overcrowding. As stated earlier, that is a non-traffic offense punishable by a fine. Shortly after instituting the charge of overcrowding, I was advised by City of Montgomery municipal court administrator Patrick Murphy that the NFPA code being used by the City had not been approved by City counsel to include a fine or punishment for the offense. Because it was my view that the actions of Plaintiffs Dortch and

6

Crenshaw had created a substantial risk of serious bodily harm to the patrons due to overcrowding, I suggested a charge of reckless endangerment. It is my view that a criminal defendant can be guilty of that crime even where there was no injury caused. In the dangerous situations that I found on the night in question there is a necessity for preventative measures. In my mind, the management and the individual Plaintiffs disregarded the increased risk of death and serious bodily harm to the patrons of their respective establishments. It was my objective belief that their actions violated §13A-6-24 of the Alabama Code which states that "a person commits a crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

20.     The magistrate authorized the charge of reckless endangerment. Lawful warrants were issued by the magistrate for the arrest of Crenshaw and Dortch.

21      At all times I based my decision on objective reasonableness  I certainly had no inkling or fair warning that to charge the Plaintiffs or their establishments with the crime of reckless endangerment violated any constitutional rights. Objectively, it was my opinion that Dortch and Timothy Crenshaw violated clearly established law  Certainly my actions were not knowing or malicious

22.     On April 4, 2006 the Plaintiffs Timothy Crenshaw and Kendrick Dortch were tried in the City of Montgomery Municipal Court. Testimony was presented on both sides. Both individuals were found guilty of reckless endangerment

23.     Nonetheless, both individuals appealed to circuit court. The respective circuit judges who heard their cases dismissed the charge of reckless endangerment against them. That action resulted in this lawsuit

7

24.    I have read the above and foregoing affidavit consisting of eight pages and certify that the facts and opinions contained therein are true and correct based on my personal knowledge.

Further affiant saith not:

_____
G.C. Cremeens

STATE OF ALABAMA              )
COUNTY OF MONTGOMERY    )

Sworn to and subscribed to before me this the ___4th___ day of August, 2008

_____
NOTARY PUBLIC
My Commission Expires: ___9/13/11___

8

# EXHIBIT 3
# AFFIDAVIT OF PATRICK MURPHY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENDRICK DORTCH and<br>  RICHARD THOMAS, as owner of<br>the ROSE SUPPER CLUB,<br><br>        Plaintiffs,<br><br>v.<br><br><br>CITY OF MONTGOMERY and<br>  L.C. CREMEENS,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:07cv1034-MEF |

| | | |
|---|---|---|
| TIMOTHY CRENSHAW<br>  and KENT CRENSHAW, as owner of<br>the DIAMONDS CLUB<br><br>        Plaintiffs,<br><br>v.<br><br><br>CITY OF MONTGOMERY and<br>  L.C. CREMEENS,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:07cv1035-MEF |

<u>AFFIDAVIT OF PATRICK MURPHY</u>

STATE OF ALABAMA                )

COUNTY OF MONTGOMERY            )

    Before me, the undersigned authority, personally appeared Patrick Murphy, who

is known to me and who, being first duly sworn, deposed on oath, and says as follows:

1

rise to probable cause for the charge changed or did not exist but rather that the charging instrument must be corrected prior to prosecution of the case.

5.     I have also attached to my affidavit as *Exhibit C* certified copies of the court file for *Municipality of Montgomery v. Andre Dwight Hathcock,* Uniform Nontraffic Citation and Complaint No. 20580 and as *Exhibit D* certified copies of the court file for *Municipality of Montgomery v. Richie David Thomas,* Uniform Nontraffic Citation and Complaint No. 20581 and as *Exhibit E* certified copies of the court file for *Municipality of Montgomery v. Kent Harold Crenshaw,* Uniform Nontraffic Citation and Complaint No. B20584.

6.     In exercising my judgment and discretion, I determined the ordinance adopting the National Fire Protection Association codes and standards (NFPA), Ord. No. 52-2006, did not include a provision putting a person on notice that violating the NFPA was unlawful, or a violation, or prohibited.  For example, the city adopted, with some exclusions, the International Building Code, 2003 edition, codified at §5-71, Montgomery Code, and provided notice that it is "unlawful to construct, erect, alter, improve or maintain any building to a standard lower or lesser than that established by the Code hereby adopted." §5-74, Montgomery Code.

There was no comparable notice or language in the city's adoption of the NFPA, now codified at §13-111, Montgomery Code.  The ordinance merely adopted, with some exclusions, "prescribing regulations" in the NFPA.  My concern was failing to meet the standard was not prohibited, declared an offense, or declared unlawful.  My review of §1-6 Montgomery City Code 1980, under which the city was operating when the nightclub overcrowding complaints arose, lead me to the conclusion that the NFPA could not have

3

been used to criminally prosecute a person for not meeting the standards within. The re-codified <u>Montgomery Code</u>, at §1-6(a)(2), may abate the former infirmity by stating "Failure to perform an act that is required to be performed by ordinance or by rule or regulation authorized by ordinance," but I would have to re-examine the particular section of the NFPA that Cremeens wanted to use to prosecute the overcrowding conduct in 2005. I recall reading the particular NFPA section in late 2005, or early 2006, and was resigned to the fact that reading the ordinance in conjunction with the specific NFPA section failed to notify a person of ordinary intelligence that their contemplated conduct was unlawful.

In its simplest terms, the ordinance merely adopted the regulations, and the regulations stated a fire official could establish occupancy standards. There was nothing in the NFPA that Cremeens offered stating that a person committed a violation, or it was unlawful, or prohibited, if they exceeded the occupancy standards.

I have read the above and foregoing affidavit consisting in total of four (4) pages and state that it is true and correct to my personal knowledge and information.

Patrick Murphy, Court Administrator

**SWORN to and SUBSCRIBED before me this the** 5TH **day of September, 2008.**

Notary Public

My Commission Expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 18, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

4

EXHIBIT

A

State of Alabama
City of Montgomery
Form MMC-1010     Rev. 10/03

# COURT RECORD
# CASE ACTION SUMMARY

Case Number
**2006CRS500065**
PAGE 1 OF 4

IN THE MUNICIPAL COURT OF **MONTGOMERY** , ALABAMA
*(Name of Municipality)*

MUNICIPALITY OF **MONTGOMERY** v. **KENDRICK LAMON DORTCH**
Defendant

## DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number | Date of Birth | Home Address | | |
|---|---|---|---|---|
| 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 | 01/11/1974 | 2778 CUMBERLAND BLVD #228 | | |
| Race | Sex | City | State | Zip Code |
| B | M | SMYRNA | GA | 30080 |
| Height | Weight | Home Telephone Number | | |
| | | | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| | | | | |
| Driver License State | Driver License Number | City | State | Zip Code |
| GA | 056235174 | | | |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge:  **(06E(14))  RECKLESS ENDANGERMENT**

Complainant - Victim / Arresting Officer:  **G C CREMEENS**

Bondsman / Surety: _____  Bond Amount:  0.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 11/25/2005 | | | | 02/16/2006 | 3-24-06 |

**PROSECUTOR NAME:**          **DEFENSE COUNSEL NAME:**

ARRAIGNMENT: _____    ARRAIGNMENT: _____

TRIAL: _____    TRIAL: _____ City Bell

PLEA OF DEFENDANT:  ☐ GUILTY AS CHARGED  ☒ NOT GUILTY  ☐ GUILTY OF:

## ADJUDICATION

☒ GUILTY AS CHARGED   ☐ NOT GUILTY   ☐ NOL-PROSSED   ☐ DISMISSED

☐ GUILTY OF: _____

4-11-06
B- 4/11/06
DATE            JUDGE, CITY OF MONTGOMERY

## ACTIONS, JUDGMENTS, CASE NOTES

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT FILE IN THE MONTGOMERY MUNICIPAL COURT
PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

SENTENCED TO **75** DAYS IN JAIL, SUSPEND **75** DAYS

FINE: $ **500**   COURT COST: $ **191**

SUBPOENA: _____
WARRANT FEES: _____

TOTAL FINE, COST & FEES:  $ **699.00**

PAYMENT DATE: 12-18-07
DUE DATE: 7-11-06

STATE OF ALABAMA                                                                    PAGE 2 OF 4
COUNTY OF MONTGOMERY

### GENERAL RELEASE

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____ KENDRICK LAMON DORTCH _____ , in Case Number _____ 2006CRS500065 _____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____ 2006CRS500065 _____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

*I am signing this Release freely and voluntarily and intend to be bound by it.*

Executed, this the _____ day of _____ , _____ .

_____
(Name of the Accused)

_____
(Witness)

_____
(Witness)

| State of Alabama<br>City of Montgomery<br><br>Form MMC-1010    Rev. 10/03 | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER | Case Number<br>**2006CRS500065**<br>PAGE 3 OF 4 |
| --- | --- | --- |

Offense / Charge: RECKLESS ENDANGERMENT

Defendant Name: **KENDRICK LAMON DORTCH**

| DATE | JUDGE'S<br>INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
| --- | --- | --- |
| | | The Defendant shall enroll, participate and complete the: |
| | | ☐ Anger Management Program     ☐ E.V.E.N. PROGRAM |
| | | 1ST REVIEW DATE: _____ |
| | | 2ND REVIEW DATE: _____ |
| | | 3RD REVIEW DATE: _____ |
| | | The Defendant shall enroll, participate and complete the Court Referral Program. |
| | | 1ST REVIEW DATE: _____ |
| | | 2ND REVIEW DATE: _____ |
| | | 3RD REVIEW DATE: _____ |
| | | Defendant is prohibited from entering the premises of _____ |
| | | _____ for a period of _____ |
| | | The Defendant shall complete _____ hours of community service at |
| | | _____ |
| | | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: |
| 3-14-06 | | Reset to 4-4-06 @ 9:00 Am per Judge Hayes. |
| 7-7-06 | | CHARGE DISMISSED ON APPEAL. ORDER ATTACHED. PJM |
| | | |
| | | |
| | | |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

_Patrick Murphy_
PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE 12-18-07

State of Alabama
City of Montgomery

# CASE ACTION SUMMARY (CONTINUATION)
## SENTENCING ORDER & PAYMENT SHEET

Case Number

**2006CRS500065**

PAGE 4 OF 4

Form MMC-1010        Rev. 10/03

| 1 → | 2 | 3 | 4 |
|---|---|---|---|
| 5 → | 6 | 7 | 8 |
| 9 → | 10 | 11 | 12 |

### PAYMENTS

# C A S E  A C T I O N  S U M M A R Y  S U P P L E M E N T  S H E E T

| Defendant: | | | | Docket No.: | |
|---|---|---|---|---|---|
| Date | | | Actions, Judgements, Case Notes | | |
| | | | | | |
| | | Dortch case | | | |
| | | Rose Supper Club | | | |
| | | D said he was mgr — told C'rimeens | | | |
| | | instructed to turn off lights & leave | | | |
| | | — all patrons out front exit | | | |
| | | —508 patrons, 158 over max of 350 | | | |
| | | | | | |
| | | D renews Mot to Dismiss | | | |
| | | | | | |
| | | testimony from owner Mr Thomas | | | |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

*Patrick Murphy J*

PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE 12-18-07

| State of Alabama<br>Unified Judicial System<br><br>Form C-64(a)(front)  Rev. 11/92 | **DEPOSITION** | Warrant Number<br>2006S 0037<br>Case Number<br>S0005 |
|---|---|---|

IN THE  **MUNICIPAL**  COURT OF  **MONTGOMERY,**  ALABAMA
(Circuit, District or Municipal)            (Name of Municipality or County)

☐ STATE OF ALABAMA          ☒ MUNICIPALITY OF **MONTGOMERY**

v. _Kendrick Lamon Dortch / Rose Supper Club_ , Defendant

---

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED

Name of Accused (or Alias) _Kendrick Lamon Dortch_          Telephone Number

Social Security Number _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_   Driver's License Number _0560235174 Ga_   Date of Birth _01-11-74_   Age _31_   Race _Blk_   Sex _M_

Height _5'04"_   Weight _155_   Hair _Blk_   Eyes _Brn_   Complexion

Address of Accused _2778 Cumberland Blvd_   City _Smyrna_   State _Ga_   Zip _30080_

Name of Employer _The Rose Supper Club_          Employer's Telephone Number

Address of Employer _654 High St._   City _Montgomery_   State _Al_   Zip

---

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE

Offense: _Reckless Endangerment_

Date and Time of Offense: _11-25-05  0210AM_

Place of Occurrence: _The Rose Supper Club_

Person Attacked or Property Damaged: _____

How Attacked: _____

Did Accused Possess or Use a Weapon?  ☐ Yes   ☒ No   Type: _____

Damage Done or Injuries Received: _____

Value of Property: _____

Details of Offense: _On 11-25-05 I responded to a complaint by Kesha Martin that the Rose Super Club was overcrowded. Shortly after entering the club I observed an individual with a mechanical counter keeping the total number of occupants on it. I was then greeted by the manager who according to his Alabama Drivers License was Kenndrick Lamon Dortch. I was accompanied by management as I moved through the club twice and found that it was obviously over capacity. I then instructed management to turn the music off and move the lights on. I then had management instruct the patrons to exit through the front door. I used a mechanical counter to count the patrons as they left. I counted 500 patrons which is 158 over the maximum allowed by the Fire Marshall's office. This overcrowding created a serious risk of harm. The overcrowding was allowed by the defendant / ... k._

I HEREBY CERTIFY THAT THIS IS A TRUE AND<br>CORRECT COPY OF THE ORIGINAL DOCUMENT ON<br>FILE IN THE MONTGOMERY MUNICIPAL COURT

_Patrick Murphy Jr._

PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE _12 7 07_

Form C-64 (a) (back)    Rev. 11/92    DEPOSITION

Any Law Enforcement Agency Contacted?  ☐ Yes    ☐ No

If yes, which one? _____

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ABOUT YOURSELF

| Name of Complainant  G. C. Cremeens | | | | Telephone Number | |
|---|---|---|---|---|---|
| Social Security Number | Driver's License Number | Date of Birth | Age | Race | Sex |
| Home Address | | City | | State | Zip |

| Name of Employer  Montgomery Fire Dept. | | Employer's Telephone Number | |
|---|---|---|---|
| Address of Employer | City | State | Zip |

I make this statement for the purpose of securing a **WARRANT/SUMMONS** against the named accused. I understand that I am instituting a criminal proceeding and cannot dismiss this case. I further understand that if any of the foregoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

_G. C. Cremeens_
Complainant

Sworn to and Subscribed before me this

_26 TH_ _____ day of

_JANUARY_ _____ _2006_

_____
(Judge/Clerk/Magistrate)

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## MAGISTRATE NOTES

Warrant or Summons Issued?  ☐ Yes    ☐ No    Warrant Number: _____

_____

_____

_____

State of Alabama
Unified Judicial System

# COMPLAINT

(Felonies, Misdemeanors, or Violations -
District or Municipal Court)

Form CR-6       Rev. 8/98"

Case Number

IN THE _____ **MUNICIPAL** _____ COURT OF _____ **MONTGOMERY** _____, ALABAMA
(Circuit, District, or Municipal)        (Name of Municipality or County)

☐ STATE OF ALABAMA

☒ MUNICIPALITY OF MONTGOMERY v.     **KENDRICK LAMON DORTCH  (000101700A)**
                                      Defendant (NWS Jacket Number)

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing, and does believe that     **KENDRICK LAMON DORTCH** ,
Defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on or about
____11/25/2005____     (date of occurrence) commit the offense of     **RECKLESS ENDANGERMENT**
within the

☐ County of _____

☒ City/Town of     **MONTGOMERY**     or in the police jurisdiction thereof, in that he/she did: (State specific facts here. Continue on a

separate sheet of paper if needed.)     recklessly engage in conduct by, to wit:  Kendrick Lamon Dortch was the manager of Rose Supper

Club on 11/25/2005 at 2:10 a.m. when a report of overcrowding was dispatched to the Montgomery Fire Department.  Lieutenant Gary

Cremeens reported to the Rose Supper Club and observed and counted 508 patrons and employees in the business, which is 158 persons

over the capacity load as established and posted by the Montgomery Fire Department.  Kendrick Lamon Dorth permitted, allowed and

sanctioned a dangerous level of overcrowding

which created a substantial risk of serious physical injury to, to wit:  The employees and patrons of the Rose Supper Club, in the event of

a panic, fight, stampede, fire alarm or actual fire, inasmuch as the egress of the employees and patrons—some of whom were under the

influence of alcohol—was significantly and substantially impeded by virtue of the overcrowding.

in violation of

☐ Section _____, Alabama Code 1975.

☒ Municipal Ordinance Number     125-79     which embraces Section     13A-6-24     Alabama Code 1975,
previously adopted, effective and in force at the time the offense was committed.

☐ Other _____

Sworn to and Subscribed before me this

___26TH___ day of

___JANUARY___ , ___2006___

_____
Judge/Magistrate/Warrant Clerk

_H. C. Cremeens_
Complainant

_Montgomery Fire Dept_
Address

_241-2020_
Telephone Number

## WITNESSES

| Name | Address | Telephone Number |
|------|---------|------------------|
|      |         |                  |
|      |         |                  |
|      |         |                  |

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

_Patrick M._____
PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE ___12-18-07___

Additional Witnesses on Reverse Side.

State of Alabama
Unified Judicial System

Form MC-11D  Rev. 9/98

## SUMMONS TO APPEAR

2006S00037

Case Number

STATE OF ALABAMA                                    IN THE MUNICIPAL COURT OF
MONTGOMERY                    COUNTY            MONTGOMERY
MUNICIPALITY OF   MONTGOMERY              v.   KENDRICK LAMON DORTCH
                                                                      Defendant

### IDENTIFICATION OF DEFENDANT

Name   KENDRICK LAMON DORTCH          Date of Birth   01/11/1974    Age _____   Phone   334/272/9933

Address   6061 MONTICELLO DR APT 3         City   MONTGOMERY    State   AL    Zip   36117

Race   B      Sex   M      Height   504    Weight   155    Hair   Black    Eyes   Brown

Social Security Number   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

Employed by ___,

Driver's License Number & Issuance State   056235174 -  GA

Other _____

[X] Probable Cause has been found on Complaint filed against you in this Court, charging you with committing the offense of:   RECKLESS ENDANGERMENT

within the above-named municipality, or police jurisdiction thereof, in violation of Ordinance Number/Section,
125-79 _____, which embraces Section   13A-6-24 _____, Code of Alabama 1975

YOU ARE, THEREFORE, ORDERED TO APPEAR IN PERSON BEFORE THIS COURT AS FOLLOWS: (To answer the charge)

PLACE:   320 NORTH RIPLEY STREET, MONTGOMERY AL 36104-2722  (334) 241-2776

DATE: _____    TIME: _____

YOU ARE ALSO ORDERED TO APPEAR AS FOLLOWS AND BRING THIS SUMMONS WITH YOU:

OFFICE:   MONTGOMERY POLICE DEPARTMENT

LOCATED AT:   320 NORTH RIPLEY STREET, MONTGOMERY AL 36104-2722 (334) 241-2708

DATE:   THU - FEB 16, 2006 _____    TIME:   9:00 A.M

FOR THE PURPOSE(S)   [ ] Photographing        [ ] Fingerprinting

IF YOU FAIL TO APPEAR AS HEREIN ORDERED, or if there appears to be reasonable cause to believe that you will fail to appear, an Arrest Warrant shall be issued for your arrest. Your appearance or failure to appear may be taken into consideration by the court in any consideration of conditions of release (bail), probation, or suspension of sentence in your case.

Thursday, January 26, 2006 at 12:10 PM _____    _____
Date & Time                                              Judge/Court Clerk/Magistrate

Rule 3.1, ARCrP

### RETURN ON SERVICE

[ ] Return receipt of certified mail served _____ and

received in this office on _____, (Attached copy of return receipt) certified mail number _____

[✓] I certify that I personally delivered a copy of this Summons to Appear _____

on   1-27-06 _____                                I HEREBY CERTIFY THAT THIS IS A TRUE AND
                                                                  CORRECT COPY OF THE ORIGINAL DOCUMENT ON
Date:   1-27-06      By: _____    Title: _____   FILE IN THE MONTGOMERY MUNICIPAL COURT

                                                                  PATRICK J. MURPHY
                                                                  CLERK OF THE
COURT RECORD: (Original – Blue)      DEFENDANT: (Copy – Yellow)      MONTGOMERY MUNICIPAL COURT

                                                                  DATE   12-18-07

**EXHIBIT**

B

tabbies®

State of
City of Montgomery
Form MMC-1010      Rev. 10/03

# COURT RECORD
# CASE ACTION SUMMARY

Case Number
**2006CRS500066**
PAGE 1 OF 4

IN THE MUNICIPAL COURT OF _____ **MONTGOMERY** _____, ALABAMA
*(Name of Municipality)*

MUNICIPALITY OF   **MONTGOMERY**   v.   **TIMOTHY ROBERT CRENSHAW**
Defendant

## DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number | Date of Birth | Home Address | | |
|---|---|---|---|---|
| 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 | 03/28/1964 | 5941 PORTSMOUTH DR | | |
| Race | Sex | City | State | Zip Code |
| B | M | MONTGOMERY | AL | 36116 |
| Height | Weight | Home Telephone Number | | |
| | | | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| | | | | |
| Driver License State | Driver License Number | City | State | Zip Code |
| | 4822608 | | | |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge:   **(06E(14))  RECKLESS ENDANGERMENT**

Complainant - Victim / Arresting Officer:   **G C CREMEENS**

Bondsman / Surety: _____   Bond Amount:   0.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 11/24/2005 | | | | 02/16/2006 | 3-21-06 9:00 |

**PROSECUTOR NAME:**          **DEFENSE COUNSEL NAME:**

ARRAIGNMENT: _____   ARRAIGNMENT: _____

TRIAL: _____   TRIAL: _____

PLEA OF DEFENDANT:  ☐ GUILTY AS CHARGED   ☒ NOT GUILTY   ☐ GUILTY OF:

## ADJUDICATION

☒ GUILTY AS CHARGED   ☐ NOT GUILTY   ☐ NOL-PROSSED   ☐ DISMISSED

☐ GUILTY OF: _____

_4-11-06_
DATE                    JUDGE, CITY OF MONTGOMERY

## ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO ___75___ DAYS IN JAIL, SUSPEND _75_ DAYS.

FINE:  $ _500_     COURT COST:  $ _191_     $ _8_

TOTAL FINE, COST & FEES:  $ _699.00_

HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICIA MALPAS
CLERK OF THE
MONTGOMERY MUNICIPAL COURT
DATE

PAYMENT 2-18-07
DUE DATE: 4-11-06

STATE OF ALABAMA
COUNTY OF MONTGOMERY

### GENERAL RELEASE

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____ TIMOTHY ROBERT CRENSHAW _____ , in Case Number _____ 2006CRS500066 _____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____ 2006CRS500066 _____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

_I am signing this Release freely and voluntarily and intend to be bound by it._

Executed, this the _____ day of _____ , _____

_____
*(Name of the Accused)*

_____
*(Witness)*

_____
*(Witness)*

CITY OF MONTGOMERY AL.
BIRTHPLACE OF
THE CIVIL RIGHTS MOVEMENT
CRADLE
OF THE
CONFEDERACY
GREAT SEAL

| State of Alabama<br>City of Montgomery<br><br>Form MMC-1010    Rev. 10/03 | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER | Case Number<br>**2006CRS500066**<br>PAGE 3 OF 4 |
|---|---|---|

Offense / Charge: RECKLESS ENDANGERMENT

Defendant Name: **TIMOTHY ROBERT CRENSHAW**

| DATE | JUDGE'S<br>INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| | | The Defendant shall enroll, participate and complete the: |
| | | ☐ Anger Management Program        ☐ E.V.E.N. PROGRAM |
| | | 1ST REVIEW DATE: |
| | | 2ND REVIEW DATE: |
| | | 3RD REVIEW DATE: |
| | | The Defendant shall enroll, participate and complete the Court Referral Program. |
| | | 1ST REVIEW DATE: |
| | | 2ND REVIEW DATE: |
| | | 3RD REVIEW DATE: |
| | | Defendant is prohibited from entering the premises of |
| | | _____ for a period of |
| | | The Defendant shall complete _____ hours of community service at |
| | | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: |
| 3-14-06 | | Reset to 4-4-06 9:00am SAP per Judge Hayes. |
| 7-7-06 | | CHARGE DISMISSED ON APPEAL. ORDER ATTACHED. PJM |

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

_Patrick Murphy_
PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE 12-14-07

| State of Alabama<br>City of Montgomery | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER & PAYMENT SHEET | Case Number<br>2006CRS500066 |
|---|---|---|
| Form MMC-1010    Rev. 10/03 | | PAGE 4 OF 4 |

| 1 → | 2 | 3 | 4 |
|---|---|---|---|
| 5 → | 6 | 7 | 8 |
| 9 → | 10 | 11 | 12 |

PAYMENTS

CASE ACTION SUMMARY SUPPLEMENT SHEET

| Defendant: | | Docket No.: | |
|---|---|---|---|
| Date | | Actions, Judgements, Case Notes | |

4-4-06

Timothy Robt Crenshaw

- Diamonds Night Club

- 463 patrons - occ limit = 299, so 164

over capacity

- Crenshaw said he (was) mgt)    (Crenshaw)

- saw person w/a counter at front door
but didn't think it was accurate

D

officer didn't see D do counting but officer maintains
D represented himself as mgt of club.

① Kent H Crenshaw - brother of D

- owns Diamond's

- says he is mgr.

- says rented club out

- says D not in charge of door

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

Patrick Murphy III
PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT
DATE  12-18-07

State of Alabama
Unified Judicial System

Form C-64(a)(front) Rev. 11/92

**DEPOSITION**

Warrant Number

Case Number

IN THE __MUNICIPAL__ COURT OF __MONTGOMERY,__ ALABAMA
        (Circuit, District or Municipal)                (Name of Municipality or County)

☐ STATE OF ALABAMA                    ☒ MUNICIPALITY OF __MONTGOMERY__

v. _Timothy Robert Crenshaw / Diamonds_ , Defendant

### INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED

Name of Accused (or Alias)                                        Telephone Number
_Timothy Robert Crenshaw_

Social Security Number | Driver's License Number | Date of Birth _03-28-64_ | Age _4_ | Race _Blk_ | Sex _M_

Height _6'06"_ | Weight _230_ | Hair _Blk_ | Eyes _Brn_ | Complexion _Dark_

Address of Accused _5941 Poets mouth Dr._ | City _Montgomery_ | State _AL_ | Zip _36116_

Name of Employer                                        Employer's Telephone Number

Address of Employer _5050 Narrow ln Rd_ | City _Montgomery_ | State _AL_ | Zip

### INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE

Offense: _Reckless Endangerment_

Date and Time of Offense: _11-24-05    11:55 PM_

Place of Occurrence: _5050 Narrow ln Rd._

Person Attacked or Property Damaged: _____

How Attacked: _____

Did Accused Possess or Use a Weapon?  ☐ Yes  ☒ No   Type: _____

Damage Done or Injuries Received: _____

Value of Property: _____

Details of Offense: _I responded to a complaint call from Taravay Avenue that Diamonds Night Club was overcrowded. I responded on Nov 24, 2005 at approximately 1055 PM. I entered the club and soon an employee inside a mechanical counter to keep up with the number of patrons in the club. A person who represented himself as the manager are employed me as I did mix Persons count. I informed the manager that I felt the club was overcrowded and instructed him to turn the lights on and music off. I told him to instruct the patrons to exit thru the front door. I used a mechanical counter to count the patrons and my total was 243 which is well over from the maximum allowed by the fire Marshall's office. The manager ____ ___ the count he was in the club and identified as Timothy Robert ___ Mr Crenshaw the his club was overcrowded. That over crowding ___ a substantial ___ serious bodily harm. This ___ close ___ ___ ___ ____

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

_Patricia Murphy_
PATRICK MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE _12-18-07_

Form C-64 (a) (back)    Rev. 11/92                          DEPOSITION

Any Law Enforcement Agency Contacted?  ☐ Yes   ☐ No

If yes, which one? _____

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ABOUT YOURSELF

| Name of Complainant  G. C. Cremeens | | | | Telephone Number  241-2020 |
|---|---|---|---|---|

| Social Security Number | Driver's License Number | Date of Birth | Age | Race | Sex |
|---|---|---|---|---|---|
| | | | | | |

| Home Address | City | State | Zip |
|---|---|---|---|
| | | | |

| Name of Employer  Montgomery Fire Dept | Employer's Telephone Number  241-2020 |
|---|---|

| Address of Employer  P.O. Box 1111 | City  Montgomery | State  AL | Zip  36101-1111 |
|---|---|---|---|

I make this statement for the purpose of securing a **WARRANT/SUMMONS** against the named accused.  I understand that I am instituting a criminal proceeding and cannot dismiss this case.  I further understand that if any of the foregoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

Sworn to and Subscribed before me this

_26th_ _____ day of

_JANUARY, 2006_

_Patwin R. Gray_
Judge/Clerk/Magistrate

_G. C. Cremeens_
Complainant

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## MAGISTRATE NOTES

Warrant or Summons Issued?  ☐ Yes   ☐ No          Warrant Number: _____

_____

_____

_____

_____

| State of Alabama<br>Unified Judicial System | **COMPLAINT** | Summons Number<br>2006S00038 |
|---|---|---|
| | (Felonies, Misdemeanors, or Violations -<br>District or Municipal Court) | Case Number |
| Form CR-6        Rev. 8/98 | | |

IN THE _____ **MUNICIPAL** _____ COURT OF _____ **MONTGOMERY** _____, ALABAMA
<span style="font-size:smaller">(Circuit, District, or Municipal)</span>  <span style="font-size:smaller">(Name of Municipality or County)</span>

☐ STATE OF ALABAMA

☒ MUNICIPALITY OF MONTGOMERY v.          **TIMOTHY ROBERT CRENSHAW**  (000171717A)
<span style="font-size:smaller">Defendant (NWS Jacket Number)</span>

---

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing, and does believe that ____ **TIMOTHY ROBERT CRENSHAW** ____

Defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on or about

____ 11/24/2005 ____ (date of occurrence) commit the offense of ____ **RECKLESS ENDANGERMENT** ____

within the

☐ County of ____

☒ City/Town of ____ **MONTGOMERY** ____ or in the police jurisdiction thereof, in that he/she did: (State specific facts here. Continue on a separate sheet of paper if needed.)  recklessly engage in conduct by, to wit:  Timothy Robert Crenshaw was the owner of Diamonds Night Club on 11/24/2006 at 11:55 p.m. when a report of overcrowding was dispatched to the Montgomery Fire Department.  Lieutenant Gary Cremeens reported to Diamonds Night Club and observed and counted 463 patrons and employees in the business, which is 164 persons over the capacity load as established and posted by the Montgomery Fire Department.  Timothy Robert Crenshaw permitted, allowed and sanctioned a dangerous level of overcrowding

which created a substantial risk of serious physical injury to, to wit:   The employees and patrons of the Diamonds Night Club, in the event of a panic, fight, stampede, fire alarm or actual fire, inasmuch as the egress of the employees and patrons—some of whom were under the influence of alcohol—was significantly and substantially impeded by virtue of the overcrowding.

in violation of

☐ Section ____ , Alabama Code 1975.

☒ Municipal Ordinance Number ____ 125-79 ____ which embraces Section ____ 13A-6-24 ____ Alabama Code 1975, previously adopted, effective and in force at the time the offense was committed.

☐ Other ____

Sworn to and Subscribed before me this

____ 26TH ____ day of

____ JANUARY ____ 2006 ____

____ Patricia J. ____

Judge/Magistrate/Warrant Clerk

Complainant _A.C. Cremeens_

Address _Montgomery Fire Dept_

Telephone Number ____

---

**WITNESSES**

| Name | Address |
|---|---|
| | |
| | |
| | |

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

_Patrick Murphy_

PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE _12-18-07_

Additional Witnesses on Reverse Side.

State of Alabama
Unified Judicial System

# SUMMONS TO APPEAR

Page number
2006S00038
Case Number

Form MC-11D  Rev. 9/98

STATE OF ALABAMA
MONTGOMERY _____ COUNTY
MUNICIPALITY OF ___MONTGOMERY___

IN THE MUNICIPAL COURT OF
MONTGOMERY
v.   TIMOTHY ROBERT CRENSHAW
                           Defendant

## IDENTIFICATION OF DEFENDANT

Name   TIMOTHY ROBERT CRENSHAW          Date of Birth   03/28/1964      Age _____   Phone   334/356/5448

Address  5941 PORTSMOUTH DR          City   MONTGOMERY      State   AL      Zip   36116

Race   B      Sex   M      Height   606      Weight   230      Hair   Black      Eyes   Brown

Social Security Number   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

Employed by   ,

Driver's License Number & Issuance State   4822608 -

Other

[X]  Probable Cause has been found on Complaint filed against you in this Court, charging you with committing the
offense of:   **RECKLESS ENDANGERMENT**
within the above-named municipality, or police jurisdiction thereof, in violation of Ordinance Number/Section,
125-79 _____, which embraces Section   13A-6-24 _____, Code of Alabama 1975

**YOU ARE, THEREFORE, ORDERED TO APPEAR IN PERSON BEFORE THIS COURT AS FOLLOWS:** (To answer the charge)

PLACE:  320 NORTH RIPLEY STREET, MONTGOMERY AL 36104-2722  (334) 241-2776
DATE: _____               TIME: _____

**YOU ARE ALSO ORDERED TO APPEAR AS FOLLOWS AND BRING THIS SUMMONS WITH YOU:**

OFFICE:  MONTGOMERY POLICE DEPARTMENT
LOCATED AT:   320 NORTH RIPLEY STREET, MONTGOMERY AL 36104-2722 (334) 241-2708
DATE: _____               TIME: _____
FOR THE PURPOSE(S)  [ ] Photographing      [ ] Fingerprinting
**IF YOU FAIL TO APPEAR AS HEREIN ORDERED,** or if there appears to be reasonable cause to believe that you will fail
to appear, **an Arrest Warrant shall be issued** for your arrest. Your appearance or failure to appear may be taken into
consideration by the court in any consideration of conditions of release (bail), probation, or suspension of sentence in your case.

Thursday, January 26. 2006 at 12:25 PM
Date & Time
Rule 3.1, ARCrP

_____
Judge/Court Clerk/Magistrate

## RETURN ON SERVICE

[ ]  Return receipt of certified mail served                                                              and
received in this office on _____, (Attached copy of return receipt) certified mail number _____

[X]  I certify that I personally delivered a copy of this Summons to Appear
on _____
Date:  1-27-06     By: _____     Title: _____

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT
FILE IN THE MONTGOMERY MUNICIPAL COURT
_____
PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT
DATE  12-18-07

COURT RECORD: (Original – Blue)          DEFENDANT: (Copy – Yellow)

**EXHIBIT**

C

tabbies®

B 20580 500059

| State of Alabama<br>Unified Judicial System<br><br>ARJA-20          Rev. 10/00 | **UNIFORM NONTRAFFIC CITATION<br>AND COMPLAINT**<br>(For Scheduled Nontraffic Violations or Misdemeanors) | Case Number<br><br>Rose Supper Club |
|---|---|---|

IN THE **Municipal** COURT OF **Montgomery**, ALABAMA   Law-Enforcement Agency/Organization or Department **Montgomery Fire Dept.**

The undersigned complainant, being duly sworn, deposes and says that the person herein named committed the offense hereinafter set forth in that on or about:

| Month | Day | Year | At Approx. | Time | ☑ AM ☐ PM ☐ MT |
|---|---|---|---|---|---|
| 012 | 13 | 05 | | 1:30 | |

First **Andre**   Middle/Maiden **Dwight**   Last **Hathcock**

Street **2531 Elsmeade Dr.**

City **Montgomery**   State **Al.**   Zip **36116**

| Driver's License Number **5565302** | State **AL** | Expiration Date | | | Birth Date | | |
|---|---|---|---|---|---|---|---|
| | | Month 09 | Day 16 | Year 07 | Month 12 | Day 08 | Year 70 |

| Height 6'02" | Weight 215 | Eyes Brn | Hair Blk | Social Security Number 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 | Sex M | Race Blk |
|---|---|---|---|---|---|---|

Name of Employer **Richie Thomas   399 2808-cell**   Address of Employer **Unknown**

Did violate: ☑ Ordinance Number **29-2000**, which incorporates or encompasses Section _____, *Code of Alabama 1975*, within the city limits or police jurisdiction of **Montgomery**, and/or ☐ Section _____, *Code of Alabama 1975*, or ☑ Rule/Regulation Number **NFPA 1 3-1.4.2**, within **Montgomery** County at or near the following location (describe) _____ more particularly described in the DESCRIPTION OF OFFENSE section below

### DESCRIPTION OF OFFENSE

Offense or Short Description of Offense: **Overcrowding : permitting admittance of persons beyond the approved occupant Load**

State Specific Facts Relating to Offense: **During an inspection, as a result of a complaint call, the above listed establishment, which has a maximum capacity of 300 occupants. I observed and counted 599 occupants, which is 299 over the maximum allowed by law. The manager was told to close the club and was cited for the offense.**

| Sworn to and acknowledged before me this date | Month 012 | Day 14 | Year 05 | Complainant's (Officer's) Signature   O.C. Cremeens Lt. MFD |
|---|---|---|---|---|

| Signature and Title of Judicial Officer **V. Brennan Sr. Magistrate** | Officer I.D. 0953 | AL | Agency O.R.I 003 15 00 |
|---|---|---|---|

### COURT APPEARANCE INFORMATION   ☑ Court Appearance Required

By signing this citation, I am promising to appear in court on the date and at the time specified below. If a court appearance is not required, I may choose to plead guilty before a magistrate or by mail or in person, paying the required fine and court costs prior to my scheduled court date, in which event I do not have to appear in court. If I do not appear in court on the scheduled date and if I do not plead guilty and pay the required fine and costs prior to that date, I promise to pay an amount prescribed by law.

I also understand that failure to appear or to plead guilty and pay the fine and costs may result in a warrant being issued for my arrest on the present charge and I may also be charged with second-degree bail jumping.

| Court Appearance Date (if applicable) | | | | Court Address | Telephone Number |
|---|---|---|---|---|---|
| Month 012 | Day 21 | Year 05 | Time 8:30 ☑AM ☐PM | **320 N. Ripley St.**<br>**Mont. Al 36104-2722** | **241-2776** |

Defendant's Signature _____   Telephone Number

NOTICE: FAILURE TO APPEAR IN COURT AND/OR FAILURE TO REMIT FINE AND COSTS WILL RESULT IN AN ARREST WARRANT BEING ISSUED

1. White - Court          2. Yellow - Law Enforcement          3. Pink - Defendant

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: _____

State of Alabama
City of Montgomery

Form MMC-1010    Rev. 10/03

# COURT RECORD
# CASE ACTION SUMMARY

Case Number

**2005CRS500059**

PAGE 1 OF 4

## IN THE MUNICIPAL COURT OF _____ MONTGOMERY _____ , ALABAMA
(Name of Municipality)

## MUNICIPALITY OF    MONTGOMERY    v.    ANDRE DWIGHT HATHCOCK

Defendant

### DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number | Date of Birth | Home Address | | |
|---|---|---|---|---|
| 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 | 12/08/1970 | 2531 ELSMEADE DR | | |
| Race | Sex | City | State | Zip Code |
| B | M | MONTGOMERY | AL | 36116 |
| Height | Weight | Home Telephone Number | | |
| 6'2" | 215 | | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| BRO | BLK | ROSE SUPPER CLUB, 954 HIGHLAND AVE | | |
| Driver License State | Driver License Number | City | State | Zip Code |
| AL | 5565302 | MONTGOMERY | AL | 6104 |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge:   **(29-2000)  EXCEEDING BUILDING OCCUPANT LOAD**

Complainant - Victim / Arresting Officer:    G.C. CREMENS

Bondsman / Surety: _____    Bond Amount:    0.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 02/13/2005 | | | | 02/21/2005 | |

PROSECUTOR NAME:                  DEFENSE COUNSEL NAME:

ARRAIGNMENT: *Virginia Notaway*    ARRAIGNMENT: _____

TRIAL: _____    TRIAL: _____

PLEA OF DEFENDANT: [✓] GUILTY AS CHARGED    [ ] NOT GUILTY    [ ] GUILTY OF:

### ADJUDICATION

[✓] GUILTY AS CHARGED    [ ] NOT GUILTY    [ ] NOL-PROSSED    [ ] DISMISSED

[ ] GUILTY OF: _____

FEB 2 3 2005
DATE                  JUDGE, CITY OF MONTGOMERY

### ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO _____ DAYS IN JAIL, SUSPEND _____ DAYS.

FINE:  $ 5 0 0    COURT COST:  $ 191    SUBPOENA / ALIAS WARRANT FEES:  $ _____

TOTAL FINE, COST & FEES:  $ 691.00    PAYMENT DUE DATE:  8/1/05

+22 = 713 + 217.00 = 92700

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

STATE OF ALABAMA
COUNTY OF MONTGOMERY

## <u>GENERAL RELEASE</u>

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____ANDRE DWIGHT HATHCOCK_____ , in Case Number _____2005CRS500059_____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____2005CRS500059_____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

*<u>I am signing this Release freely and voluntarily and intend to be bound by it.</u>*

Executed, this the _____ day of _____ , _____ .


_____
*(Name of the Accused)*

_____
*(Witness)*


_____
*(Witness)*

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: _9-5-2008_

| State of Alabama<br>City of Montgomery | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER | Case Number |
|---|---|---|
| Form MMC-1010    Rev. 10/03 | | 2005CRS500059<br>PAGE 3 OF 4 |

Offense / Charge: EXCEEDING BUILDING OCCUPANT LOAD

Defendant Name: **ANDRE DWIGHT HATHCOCK**

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| _____ | _____ | The Defendant shall enroll, participate and complete the: |
| | _____ | ☐ Anger Management Program        ☐ E.V.E.N. PROGRAM |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | The Defendant shall enroll, participate and complete the Court Referral Program. |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | Defendant is prohibited from entering the premises of _____ |
| | | _____ for a period of _____ |
| _____ | _____ | The Defendant shall complete _____ hours of community service at |
| | | _____ |
| _____ | _____ | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: _____ |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

| State of Alabama<br>City of Montgomery | **CASE ACTION SUMMARY (CONTINUATION)**<br>**SENTENCING ORDER & PAYMENT SHEET** | Case Number |
|---|---|---|
| Form MMC-1010    Rev. 10/03 | | **2005CRS500059**<br>PAGE 4 OF 4 |

| 1→ | 2 | 3 | 4 | |
|---|---|---|---|---|
| | | | | |
| 5 → | 6 | 7 | 8 | |
| | | | | |
| 9 → | 10 | 11 | 12 | |
| | | | | |

| PAYMENTS |
|---|

DATE : 12/08/2005    TIME : 12:37:40
REV UTTH: PAYNING    RECPT#: 316065
2005CRS500059    $27.00
MONTGOMERY MUNICIPAL COURT

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008



State of Alabama
City of Montgomery

Form MMC-1010        Rev. 10/03

# COURT RECORD
# CASE ACTION SUMMARY

Case Number

**2005CRS500058**

PAGE 1 OF 4

IN THE MUNICIPAL COURT OF _____ **MONTGOMERY** _____ , ALABAMA

*(Name of Municipality)*

MUNICIPALITY OF **MONTGOMERY** v. **RICHIE DAVID THOMAS**

Defendant

## DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number | Date of Birth | Home Address | | |
|---|---|---|---|---|
| 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 | 09/07/1970 | 6112 DUNWOODY CT | | |
| Race | Sex | City | State | Zip Code |
| B | M | MONTGOMERY | AL | 36117 |
| Height | Weight | Home Telephone Number | | |
| 6' | 205 | 334-399-2808 | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| BRO | BLK | ROSE SUPPER CLUB, 954 HIGHLAND AVE | | |
| Driver License State | Driver License Number | City | State | Zip Code |
| AL | 5477479 | MONTGOMERY | AL | 36104 |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge: **(29-2000) EXCEEDING BUILDING OCCUPANT LOAD**

Complainant - Victim / Arresting Officer: _____ A.D. CAMPBELL _____

Bondsman / Surety: _____     Bond Amount: _____ 0.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 02/14/2005 | | | | 02/16/2005 | |

**PROSECUTOR NAME:**           **DEFENSE COUNSEL NAME:**

ARRAIGNMENT: *Virginia Hathaway*      ARRAIGNMENT: _____

TRIAL: _____      TRIAL: _____

PLEA OF DEFENDANT: [X] GUILTY AS CHARGED   [ ] NOT GUILTY   [ ] GUILTY OF:

## ADJUDICATION

[X] GUILTY AS CHARGED   [ ] NOT GUILTY   [ ] NOL-PROSSED   [ ] DISMISSED

[ ] GUILTY OF: _____

_2-16-05_                    _____
DATE                    JUDGE, CITY OF MONTGOMERY

## ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO ___30___ DAYS IN JAIL, SUSPEND ___30___ DAYS.

FINE: $ _500_   COURT COST: $ _191_   SUBPOENA / ALIAS WARRANT FEES: $ _____

TOTAL FINE, COST & FEES: $ _591.00 691_   PAYMENT DUE DATE: _2/28/05_

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: _____

STATE OF ALABAMA
COUNTY OF MONTGOMERY

### GENERAL RELEASE

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____ RICHIE DAVID THOMAS _____ , in Case Number _____ 2005CRS500058 _____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____ 2005CRS500058 _____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

*I am signing this Release freely and voluntarily and intend to be bound by it.*

Executed, this the _____ day of _____ , _____ .

_____
*(Name of the Accused)*

_____
*(Witness)*

_____
*(Witness)*

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

| State of Alabama<br>City of Montgomery | **CASE ACTION SUMMARY (CONTINUATION)**<br>**SENTENCING ORDER** | Case Number |
|---|---|---|
| Form MMC-1010        Rev. 10/03 | | **2005CRS500058**<br>PAGE 3 OF 4 |

Offense / Charge:  EXCEEDING BUILDING OCCUPANT LOAD

Defendant Name:  **RICHIE DAVID THOMAS**

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| _____ | _____ | The Defendant shall enroll, participate and complete the: |
| | | ☐ Anger Management Program        ☐ E.V.E.N. PROGRAM |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | The Defendant shall enroll, participate and complete the Court Referral Program. |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | Defendant is prohibited from entering the premises of _____ |
| | | _____ for a period of _____ |
| _____ | _____ | The Defendant shall complete _____ hours of community service at |
| | | _____ |
| _____ | _____ | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: _____

| State of Alabama<br>City of Montgomery<br><br>Form MMC-1010          Rev. 10/03 | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER & PAYMENT SHEET | | Case Number<br>**2005CRS500058**<br>PAGE 4 OF 4 |
|---|---|---|---|
| 1⟶ | 2 | 3 | 4 |
| | | | |
| 5 ⟶ | 6 | 7 | 8 |
| | | | |
| 9 ⟶ | 10 | 11 | 12 |
| | | | |

PAYMENTS

```
      2/16/2005    266,186  9:18
2005CRS500058           691.00
     REVENUE STATION: SMJORDAN
   MONTGOMERY MUNICIPAL COURT
          R E C E I P T
```

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: _____

B 20581 500058

State of Alabama
Unified Judicial System

**UNIFORM NONTRAFFIC CITATION AND COMPLAINT**
(For Scheduled Nontraffic Violations or Misdemeanors)

ARJA-20    Rev. 10/00

Case Number
Rose Supper Club
954 Highland Ave

IN THE __Municipal__ COURT OF __Montgomery__, ALABAMA

Law-Enforcement Agency/Organization or Department
Montgomery Fire Department

| The undersigned complainant, being duly sworn, deposes and says that the person herein named committed the offense hereinafter set forth in that on or about: | Month 02 | Day 14 | Year 05 | At Approx. | Time 0010 | ☐ AM ☐ PM ☑ MT |
|---|---|---|---|---|---|---|

| First Richie | Middle/Maiden David | Last Thomas |
|---|---|---|

Street 6112 Dunwoody Ct.

| City Montgomery | State Al | Zip 36117 |
|---|---|---|

| Driver's License Number 5477479 | State Al | Expiration Date Month 11 Day 10 Year 08 | Birth Date Month 01 Day 07 Year 70 |
|---|---|---|---|

| Height 6' | Weight 205 | Eyes BRO | Hair BLK | Social Security Number 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 | Sex M | Race B |
|---|---|---|---|---|---|---|

| Name of Employer Self employed - Club owner | Address of Employer 954 Highland Ave |
|---|---|

Did violate: ☑ Ordinance Number __29-2000__, which incorporates or encompasses Section _____, Code of Alabama 1975, within the city limits or police jurisdiction of __Montgomery__, and/or ☐ Section _____, Code of Alabama 1975, or ☑ Rule/Regulation Number __NFPA 8 3-1.4.2__, within __Montgomery__ County at or near the following location (describe) _____ more particularly described in the DESCRIPTION OF OFFENSE section below

**DESCRIPTION OF OFFENSE**

Offense or Short Description of Offense:
Overcrowding 'Permitting of Admittance of persons beyond the approved occupant load.

State Specific Facts Relating to Offense:
During an inspection of the above-listed establishment, which has a maximum capacity of 300 occupants, I observed and counted 446 occupants, which is 146 over the maximum authorized by law. The owner was directed to close club and was cited for above listed offense. Business was cited 2/13/05 for overcrowding

| Sworn to and acknowledged before me this date | Month 02 | Day 14 | Year 05 | Complainant's (Officer's) Signature A.W. Campbell MFD |
|---|---|---|---|---|

| Signature and Title of Judicial Officer W. Coleman Sr. Magistrate | Officer I.D. 954 | AL Agency O.R.I 0 0 3 1 5 0 0 |
|---|---|---|

**COURT APPEARANCE INFORMATION**    ☑ Court Appearance Required

By signing this citation, I am promising to appear in court on the date and at the time specified below. If a court appearance is not required, I may choose to plead guilty before a magistrate or by mail or in person, paying the required fine and court costs prior to my scheduled court date, in which event I do not have to appear in court. If I do not appear in court on the scheduled date and if I do not plead guilty and pay the required fine and costs prior to that date, I promise to pay an amount prescribed by law.

I also understand that failure to appear or to plead guilty and pay the fine and costs may result in a warrant being issued for my arrest on the present charge and I may also be charged with second-degree bail jumping.

| Court Appearance Date (if applicable) Month 02 Day 16 Year 05 Time 8:00 ☑ AM ☐ PM | Court Address 320 N. Ripley St. Montgomery, Al. | Telephone Number 241-2776 |
|---|---|---|

| Defendant's Signature Richie Thomas | Telephone Number 399-2808 |
|---|---|

NOTICE: FAILURE TO APPEAR IN COURT AND/OR FAILURE TO REMIT FINE AND COSTS WILL RESULT IN AN ARREST WARRANT BEING ISSUED

| 1. White - Court | 2. Yellow - Law Enforcement | 3. Pink - Defendant |
|---|---|---|

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

**EXHIBIT**

*E*

tabbies®

B 20584

| | UNIFORM NONTRAFFIC CITATION AND COMPLAINT | |
|---|---|---|
| State of Alabama Unified Judicial System | **UNIFORM NONTRAFFIC CITATION AND COMPLAINT** (For Scheduled Nontraffic Violations or Misdemeanors) | Case Number Diamonds 500108 |
| ARJA-20     Rev. 10/00 | | |

IN THE _Municipal_ COURT OF _Montgomery_ , ALABAMA

Law-Enforcement Agency/Organization or Department: _Montgomery Fire Dept._

The undersigned complainant, being duly sworn, deposes and says that the person herein named committed the offense hereinafter set forth in that on or about:

| Month | Day | Year | At Approx. | Time | |
|---|---|---|---|---|---|
| 014 | 018 | 015 | | 2:00 | □ AM □ PM □ MT |

First: Kent
Middle/Maiden: Harold
Last: Crenshaw

Street: 7536 Wynlakes Blvd Montgomery Al. 36117

City: Montgomery     State: Al.     Zip: 36116

Driver's License Number: 5128223     State: AL

Expiration Date: Month 014 Day 27 Year 017

Birth Date: Month 016 Day 28 Year 66

| Height | Weight | Eyes | Hair | Social Security Number | Sex | Race |
|---|---|---|---|---|---|---|
| 603" | 250 | Bro | Blk | 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 | Male | Race |

Name of Employer: Self / Club Owner
Address of Employer: 5050 Narrow Lane Rd

Did violate: ☑ Ordinance Number _29-2000_ , which incorporates or encompasses Section _____ , Code of Alabama 1975, within the city limits or police jurisdiction of _Montgomery_ , and/or □ Section _____ , Code of Alabama 1975, or □ Rule/Regulation Number _NFPA 3-1.4.2_ , within _Montgomery_ County at or near the following location (describe) _____ more particularly described in the DESCRIPTION OF OFFENSE section below

**DESCRIPTION OF OFFENSE**

Offense or Short Description of Offense:
Overcrowding: Permitting admittance of persons beyond the approved occupancy load.

State Specific Facts Relating to Offense:
During an inspection of the above establishment, which has a maximum capacity of 299 occupants, I observed and counted 416 which is 117 over the maximum authorized by law. The manager was instructed to keep the capacity below the maximum and was cited for the above offense.

| Sworn to and acknowledged before me this date | Month 014 | Day 018 | Year 015 | Complainant's (Officer's) Signature A.C. Crenshaw |
|---|---|---|---|---|

Signature and Title of Judicial Officer: _____ ~my

Officer I.D.: 0953

Agency O.R.I: AL 0 0 3 1 5 0 0

**COURT APPEARANCE INFORMATION**     ☑ Court Appearance Required

By signing this citation, I am promising to appear in court on the date and at the time specified below. If a court appearance is not required, I may choose to plead guilty before a magistrate or by mail or in person, paying the required fine and court costs prior to my scheduled court date, in which event I do not have to appear in court. If I do not appear in court on the scheduled date and if I do not plead guilty and pay the required fine and costs prior to that date, I promise to pay an amount prescribed by law.

I also understand that failure to appear or to plead guilty and pay the fine and costs may result in a warrant being issued for my arrest on the present charge and I may also be charged with second-degree bail jumping.

| Court Appearance Date (if applicable) | | | | Court Address | Telephone Number |
|---|---|---|---|---|---|
| Month 0H | Day 11 | Year 015 | Time 08:00 □ AM □ PM | 320 N. Ripley St. Montgomery Al. 36104-2722 | 241-2776 |

Defendant's Signature: _____     Telephone Number: 213-0052

NOTICE: FAILURE TO APPEAR IN COURT AND/OR FAILURE TO REMIT FINE AND COSTS WILL RESULT IN AN ARREST WARRANT BEING ISSUED

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9 - 5 - 2008

| State of Alabama<br>City of Montgomery | **COURT RECORD**<br>**CASE ACTION SUMMARY** | Case Number |
|---|---|---|
| Form MMC-1010    Rev. 10/03 | | **2005CRS500168**<br>PAGE 1 OF 4 |

### IN THE MUNICIPAL COURT OF _____ MONTGOMERY _____, ALABAMA
(Name of Municipality)

### MUNICIPALITY OF   MONTGOMERY   v.   KENT HAROLD CRENSHAW
Defendant

## DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number<br>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 | Date of Birth<br>06/28/1966 | Home Address<br>7536 WYNLAKES BLVD | | |
|---|---|---|---|---|
| Race<br>B | Sex<br>M | City<br>MONTGOMERY | State<br>AL | Zip Code<br>36117 |
| Height | Weight | Home Telephone Number | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| Driver License State<br>AL | Driver License Number<br>5128223 | City | State | Zip Code |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge:   **(29-2000)  EXCEEDING BUILDING OCCUPANT LOAD**

Complainant - Victim / Arresting Officer:   G C CREMEENS

Bondsman / Surety: _____   Bond Amount:   0.00

| Date of Offense<br>04/08/2005 | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date<br>04/11/2005 | Trial Date |
|---|---|---|---|---|---|

**PROSECUTOR NAME:**

ARRAIGNMENT:   _K.N.t_

TRIAL: _____

**DEFENSE COUNSEL NAME:**

ARRAIGNMENT:   _Lewis Gillis_

TRIAL:   _Lewis Gillis_

PLEA OF DEFENDANT:  ☐ GUILTY AS CHARGED  ☐ NOT GUILTY  ☐ GUILTY OF:

## ADJUDICATION

☒ GUILTY AS CHARGED   ☐ NOT GUILTY   ☐ NOL-PROSSED   ☐ DISMISSED

☐ GUILTY OF: _____

_APR 11 2005_
DATE

_W.M_
JUDGE, CITY OF MONTGOMERY

## ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO _____ DAYS IN JAIL, SUSPEND _____ DAYS.

FINE: $ _100.00_   COURT COST: $ _191.00_   SUBPOENA / ALIAS WARRANT FEES: $ _____

TOTAL FINE, COST & FEES: $ _291.00_   PAYMENT DUE DATE: _July 13 2005_

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

STATE OF ALABAMA
COUNTY OF MONTGOMERY

## GENERAL RELEASE

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____KENT HAROLD CRENSHAW_____ , in Case Number _____2005CRS500168_____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____2005CRS500168_____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

*I am signing this Release freely and voluntarily and intend to be bound by it.*

Executed, this the _____ day of _____ , _____ .

_____
(Name of the Accused)

_____
(Witness)

_____
(Witness)

CITY OF MONTGOMERY AL.
BIRTHPLACE OF
CRADLE OF THE CONFEDERACY
THE CIVIL RIGHTS MOVEMENT
GREAT SEAL

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

| State of Alabama<br>City of Montgomery | | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER | Case Number<br>**2005CRS500168** |
|---|---|---|---|
| Form MMC-1010 | Rev. 10/03 | | PAGE 3 OF 4 |

Offense / Charge:  EXCEEDING BUILDING OCCUPANT LOAD

Defendant Name:  **KENT HAROLD CRENSHAW**

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| | | The Defendant shall enroll, participate and complete the: |
| | | ☐ Anger Management Program    ☐ E.V.E.N. PROGRAM |
| | | 1ST REVIEW DATE: _____ |
| | | 2ND REVIEW DATE: _____ |
| | | 3RD REVIEW DATE: _____ |
| | | The Defendant shall enroll, participate and complete the Court Referral Program. |
| | | 1ST REVIEW DATE: _____ |
| | | 2ND REVIEW DATE: _____ |
| | | 3RD REVIEW DATE: _____ |
| | | Defendant is prohibited from entering the premises of _____ |
| | | _____ for a period of _____ |
| | | The Defendant shall complete _____ hours of community service at |
| | | _____ |
| | | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: _____ |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9 - 5 - 2008

State of Alabama
City of Montgomery

Form MMC-1010       Rev. 10/03

# CASE ACTION SUMMARY (CONTINUATION)
## SENTENCING ORDER & PAYMENT SHEET

Case Number

**2005CRS500168**

PAGE 4 OF 4

| 1→ | 2 | 3 | 4 |
|---|---|---|---|
|  |  |  |  |

| 5 → | 6 | 7 | 8 |
|---|---|---|---|
|  |  |  |  |

| 9 → | 10 | 11 | 12 |
|---|---|---|---|
|  |  |  |  |

## PAYMENTS

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

**EXHIBIT 4**
**AFFIDAVIT OF BOBBY BRIGHT**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK DORTCH and            )
  RICHARD THOMAS, as owner of  )
the ROSE SUPPER CLUB,          )
                                )
     Plaintiffs,               )
v.                             )    CASE NO. 2:07cv1034-MEF
                                )
CITY OF MONTGOMERY and         )
  L.C. CREMEENS,               )
                                )
     Defendants.               )


TIMOTHY CRENSHAW               )
  and KENT CRENSHAW, as owner of )
the DIAMONDS CLUB              )
                                )
     Plaintiffs,               )
v.                             )    CASE NO. 2:07cv1035-MEF
                                )
CITY OF MONTGOMERY and         )
  L.C. CREMEENS,               )
                                )
     Defendants.               )

## AFFIDAVIT OF BOBBY BRIGHT

STATE OF ALABAMA               )
COUNTY OF MONTGOMERY           )

      Before me, a Notary Public in and for said State and County, personally appeared Bobby

N. Bright and, after first being duly sworn by me, did depose and state as follows:

      My name is Bobby N. Bright and I am over nineteen years of age. I am the Mayor of the

City of Montgomery and was the Mayor of the City of Montgomery during in 2005.

      1.     In February 2005, I received notice from the City of Montgomery Fire

Department that the Rose Supper Club was closed on February 12 and February 13, 2005 for

exceeding their occupancy capacity which was set at 300 occupants. On February 12, 2005, the Rose was closed with 599 occupants and on February 13, 2005, they were closed with 446 occupants.

2.    I was aware of prior violations by the Rose Supper Club for overcrowding its establishment and the fact that Mr. Richie Thomas permitted it to happen two consecutive nights demonstrated a reckless disregard for the safety of the citizens of Montgomery, Alabama and the laws of the City of Montgomery and State of Alabama.

3.    On February 16, 2005, I sent a letter to Richie Thomas advising him that due to his willful and continued violations of the maximum occupancy capacity of his business, the City of Montgomery Fire Department would be performing random checks on the Rose Supper Club to ensure his compliance with the maximum capacity of 300 occupants.

4.    I also advised him that, in the event the maximum capacity of his business was over by even just one individual, I, as Mayor, would issue an executive order to close the establishment until the City Council of the City of Montgomery could determine whether Richie Thomas could continue business at the Rose Supper Club or if his license would be revoked. The letter is attached to my affidavit as *Exhibit A*.

I have read the above and foregoing affidavit consisting of three (2) pages and state that it is true and correct to my personal knowledge.

Bobby N. Bright, Mayor

**SWORN to and SUBSCRIBED before me this** 4th **day of September, 2008.**

Notary Public
My commission expires _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  Mar 7, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2



# City of Montgomery, Alabama
## Office of the Mayor

**Bobby N. Bright**
**Mayor**

*Legal Department*
*Walter R. Byars*
*City Attorney*

<u>City Council Members</u>

Charles W. Jinright - President
James A. Nuckles - Pro tem
Cornelius Calhoun
Willie Cook
Tim Head
Janet Thomas May
Glen O. Pruitt, Jr.
Martha Roby
Jim Spear

February 16, 2005

Mr. Richie Thomas
c/o Rose Supper Club, Inc.
954 Highland Avenue
Montgomery, Alabama 36104

Mr. Richie Thomas
6112 Dunwoody Court
Montgomery, Alabama 36117

   **Re:**   *Violations of Exceeding Occupancy Capacity at Rose Supper Club, Inc.*

Dear Mr. Thomas:

   I have been advised that the City of Montgomery received complaints on February 12th and February 13th regarding the overcrowding of the Rose Supper Club. Following the complaints, an investigator from the Montgomery Fire Department had to close your facility due to the fact that you were over your maximum capacity of 300 occupants. On February 13th, a Uniform Non-Traffic Citation was issued to you due to your having a capacity of 599 occupants and on February 14th, another Uniform Non-Traffic Citation was issued due to a capacity of 446 occupants. The number of occupants over capacity in your business is unacceptable. The fact that you allowed it to happen two nights in a row demonstrates an egregious and reckless disregard for the safety of the patrons at your business and the laws of the City of Montgomery and State of Alabama.

   The seriousness of these infractions requires me to put you on notice that the City will be performing random checks on the Rose Supper Club every night. If your occupants exceed the maximum capacity allowed of 300 by one individual, I will issue an executive order to close your establishment until you can be brought before the City Council of the City of Montgomery to determine whether you will be allowed to continue with your business or if your license shall be revoked.

Mr. Richie Thomas
February 16, 2005
Page -2-


    If you have any questions or require additional information, please do not hesitate to contact me.

          Sincerely,

          Bobby N. Bright
          Mayor


BNB/kof

# EXHIBIT 5
# AFFIDAVIT OF BRENDA GALE BLALOCK

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK DORTCH and                     )
  RICHARD THOMAS, as owner of       )
the ROSE SUPPER CLUB,                    )
                                             )
     Plaintiffs,                       )
                                             )
v.                                       )     CASE NO.  2:07cv1034-MEF
                                             )
CITY OF MONTGOMERY and                   )
  L.C. CREMEENS,                       )
                                             )
     Defendants.                       )

TIMOTHY CRENSHAW                         )
  and KENT CRENSHAW, as owner of    )
the DIAMONDS CLUB                        )
                                             )
     Plaintiffs,                       )
                                             )
v.                                       )     CASE NO.  2:07cv1035-MEF
                                             )
CITY OF MONTGOMERY and                   )
  L.C. CREMEENS,                       )
                                             )
     Defendants.                       )

## <u>AFFIDAVIT OF BRENDA GALE BLALOCK</u>

STATE OF ALABAMA                    )

COUNTY OF MONTGOMERY                 )

       Before me, the undersigned authority, personally appeared Brenda Gale Blalock,

who is known to me and who, being duly sworn, deposes on oath, and says as follows:

My name is Brenda Gale Blalock. I am over nineteen years of age. I am employed by the City of Montgomery, Alabama, and hold the position of City Clerk. It is in that capacity and with personal knowledge that I state the following:

1.    Attached to my affidavit as Exhibit A1-A4 are certified copies of claims filed on May 23, 2006 by Richie D. Thomas and Kent Crenshaw and on December 27, 2006 by Kenneth Dortch and December 29, 2006 by Timothy Crenshaw and Michael Williams.

2.    Attached to my affidavit as Exhibit B is a certified copy of the minutes of the Public Safety Standing Committee held on March 23, 2005 to discuss the request by the Rose Supper Club to increase its occupancy level.

3.    Also attached to my affidavit as Exhibit C is a certified copy of the minutes of a Special Meeting of the Council held on December 1, 2005 to discuss the closing by the Mayor of the following establishments: Celebrations, Diamonds, Rose Supper Club and The Cotton Club.

I have read the above and foregoing affidavit consisting in total of two (2) pages and state that it is true and correct to my present knowledge and information.

Brenda Gale Blalock

9-3-08
Date

**SWORN TO AND SUBSCRIBED** before me this  3rd  day of September, 2008.

Notary Public



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE

### Brenda Gale Blalock
### City Clerk

Mayor Bobby N. Bright

City Council Members

Charles W. Jinright - President
Tracy Larkin - Pro tem
David Michael Burkette
Cornelius Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY        )
CITY OF MONTGOMERY          )

I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached Claim No. 2006-0142 by Richie D. Thomas (Rose Supper Club) was received on the 23rd day of May, 2006, and is on file in the City Clerk's Office.

GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.

BRENDA GALE BLALOCK, CITY CLERK

SEAL



EXHIBIT

A1



STATE OF ALABAMA          }
COUNTY OF MONTGOMERY  }

<u>VERIFIED CLAIM AGAINST THE</u>
<u>CITY OF MONTGOMERY, ALABAMA</u>

COMES NOW RICHIE D. THOMAS, Claimant, and hereby makes the following claim against the City of Montgomery. I am resident of the City of Montgomery, Montgomery County, Alabama. I am over the age of 21; I am in sound mind. I am the owner president of the Rose Supper Club, located 954 Highland Avenue in the City of Montgomery (City), Alabama.

During the Thanksgiving Holiday, in the morning hours of November 25, 2005, the City, through, G.C. Cremeens, an officer with the City of Montgomery Fire Department, came to the Rose, did a walk through inspection, and cited Kedrick Dortch, an employee of the Rose, for overcrowding, criminally charging him for alleged overcrowding, allegedly in violation of a City ordinance, and ordered the Rose closed until the municipal court had heard the charge. Initially, Mr. Cremeens issued a citation for "overcrowding," but later changed it to "reckless endangerment."

Subsequently, by written correspondence dated November 29, 2005, but served on November 29, 2005, in court, J.R. Amsler, Fire Marshall, informed me that Mayor Bobby Bright and the City of Montgomery Fire Marshal's Office were ordering the Rose to remain closed until the next council meeting, which was to be held on December 6, 2005. The Rose was closed on the orders of the city officials for approximately seven days. And it was only allowed to re-open by the order of the city council.

Mr. Creemens did not have authority to order the Rose closed under the circumstances which he closed the Rose. Further, he had no authority to order the Rose to remain closed indefinitely for an alleged "overcrowding." He acted negligently in doing so. Furthermore,

neither the Fire Marshall, nor the mayor had the authority to order the Rose closed without affording me due process of law. Both the mayor and Mr. Amsler acted negligently in ordering the Rose closed indefinitely in this instance.

On the orders of Mr. Creemens, Mr. Amsler, and the mayor, all agents of the City of Montgomery, the Rose Club was not open during the weekend of the Thanksgiving Holiday; nor was it open days following that holiday weekend, even though the Rose is always open on Sundays. The City of Montgomery, through its decision makers, improperly and without authority to do so, ordered the Rose to be closed on one of the most profitable weekends; consequently, the Rose lost substantial income.

These agents, acting on behalf of and with authority of the City of Montgomery, acted negligently on behalf of the City of Montgomery. As a result of the actions of these agents, in order to protect the rights of the Rose and its employees, I had to secure legal representation. The Claimant makes a claim for $70,000.00.

Done this 23rdday of May 2006.

Richie D Thomas, Claimant for the Rose Supper Club
954 Highland Avenue
Montgomery, Al 36104

RECEIVED
MAY 2 3 2006
CITY CLERK
MONTGOMERY
ALA.

STATE OF ALABAMA          }
COUNTY OF MONTGOMERY      }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that **RICHIE THOMAS,** who being by me first duly sworn, states that the allegations contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information, knowledge and belief, and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 23rd day of May, 2006.

Notary Public
My Commission Expires: 1-26-09

2



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE

**Brenda Gale Blalock**
**City Clerk**

Mayor Bobby N. Bright

City Council Members

Charles W. Jinright - President
Tracy Larkin - Pro tem
David Michael Burkette
Cornelius Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA     )
COUNTY OF MONTGOMERY     )
CITY OF MONTGOMERY     )

I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached Claim No. 2006-0143 by Kent Crenshaw (Diamonds Club) was received on the 23rd day of May, 2006, and is on file in the City Clerk's Office.

GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.

BRENDA GALE BLALOCK, CITY CLERK

SEAL

**EXHIBIT**

A2

STATE OF ALABAMA          }
COUNTY OF MONTGOMERY      }

## VERIFIED CLAIM AGAINST THE
## CITY OF MONTGOMERY, ALABAMA

COMES NOW KENT CRENSHAW, Claimant, and hereby makes the following claim against the City of Montgomery. I am resident of the City of Montgomery, Montgomery County, Alabama. I am over the age of 21; I am in sound mind. I am the owner of the Diamonds Club located at 5050 Narrow Lane Road in the City of Montgomery.

On the night of Thanksgiving, November 24, 2005, G.C. Cremeens, an officer with the City of Montgomery Fire Department, came into the Diamonds Club and informed one of the employees that he thought that the Diamonds was over capacity. Mr. Cremeens issued a uniform non-traffic citation to Timothy Robert Crenshaw, one of the employees of Diamonds, for violation of City Ordinance Number 29-2000. He ordered all patrons from the club. Initially, Mr. Cremeens issued a citation for "overcrowding," but the charge was later changed to "reckless endangerment." And he further ordered that Diamonds be closed until Mr. Crenshaw had met court.

Subsequently, on November 29, 2005, J.R. Amsler, Fire Marshall, by written correspondence, informed me that Mayor Bobby Bright and the City of Montgomery Fire Marshal's Office were ordering me not to open the Diamonds until the next council meeting, which was to be held on December 6, 2005. The Diamonds was closed on the orders of the city officials for approximately seven days. And it was only allowed to re-open by the order of the city council.

Mr. Creemens did not have authority to order Diamonds closed under the circumstances which he closed the Diamonds. Further, he had no authority to order Diamonds to remain closed indefinitely for an alleged "overcrowding." He acted negligently. Furthermore, neither the Fire Marshall, nor the mayor had the authority to order Diamonds closed without affording me due

process of law. Both the mayor and Mr. Amsler acted negligently in ordering Diamonds closed indefinitely in this instance.

On the orders of Mr. Creemens, Mr. Amsler, and the mayor, all agents of the City of Montgomery, I did not open the Diamonds Club during the weekend of the Thanksgiving Holiday. The City of Montgomery, through its decision makers, improperly and without authority to do so, ordered Diamonds to be closed on one of the most profitable weekends, Diamonds lost substantial income.

These agents did not have the authority to order the Diamonds closed; they acted negligently on behalf of the City of Montgomery. As a result of the actions of these agents, the Claimant's constitutional and statutory rights were violate. In order to protect my rights as a property owner against the City of Montgomery, I had to secure legal representation. The Claimant makes a claim for $ 50,000.00.

Done this 23rdday of May 2006.

Kent Crenshaw, Claimant
7536 Wynlakes Blvd.
Montgomery, AL 36117

RECEIVED
MAY 2 3 2006
CITY CLERK
MONTGOMERY
ALA.

STATE OF ALABAMA        }
COUNTY OF MONTGOMERY    }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that **KENT CRENSHAW,** who being by me first duly sworn, states that the allegations contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information, knowledge and belief, and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 23rd day of May, 2006.

Notary Public
My Commission Expires: 1-26-09

2



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE
### Brenda Gale Blalock, City Clerk

Mayor Bobby N. Bright

City Council Members
Charles Jinright - President
Tracy Larkin - Pro tem
David M. Burkette
Cornelius "C.C." Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA        )
COUNTY OF MONTGOMERY     )
CITY OF MONTGOMERY       )


I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached Claim No. 2006-0410 by Kendrick L. Dortch (Rose Supper Club) was received on the 27th day of December, 2006, and is on file in the City Clerk's Office.

GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.


_Brenda Gale Blalock_
BRENDA GALE BLALOCK, CITY CLERK


SEAL



**EXHIBIT**
A3

*fβ*

# FRED F. BELL
Attorney and Counselor

*Guided by the principle that all persons are entitled to equal protection of the laws*

December 28, 2006

Ms. Brenda Gale Blalock, Clerk
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101.

  Re:  Verified Claim of Kendrick L. Dortch against the City of Montgomery

Dear Ms. Blalock:

   Take notice that Kendrick L Dortch., the Claimant herein, hereby files this claim against the City of Montgomery for damages resulting from his criminal charge of "overcrowding" and for his subsequent charge and conviction for reckless endangerment in the Municipal Court of Montgomery.  That conviction was subsequently dismissed by the Circuit Court of Montgomery County.

   Although the factual statements of the Claimant are more fully set out in the attached Verified Complaint, the gist of Mr. Dortch's claim is that he was illegally charged criminally for an offense that was not criminal and that he was charged and  convicted for an offense for which he was subsequently found not guilty in the Circuit Court of Montgomery County, Alabama.

   Please file this claim and forward it to the appropriate persons or person who would make a determination as to the validity of this claim.

          With kind regards,

          Fred F. Bell

FFB/crb
cc:   Mr. Kendrick L. Dortch (w/enclosure)

STATE OF ALABAMA       }
COUNTY OF MONTGOMERY    }

## VERIFIED CLAIM AGAINST THE
## CITY OF MONTGOMERY, ALABAMA

I am Kendrick L. Dortch, Claimant, and hereby make the following claim against the City of Montgomery. I am over the age of 21. I am a resident of Montgomery, Alabama. During the Thanksgiving Holiday, in the morning hours of November 25, 2005, the City, through, Officer G.C. Cremeens, an officer with the City of Montgomery Fire Department, came to the Rose Supper Club in Montgomery, did a walk through inspection, and cited me, an employee of the Rose, criminally for an alleged in violation of a City ordinance.

Initially, Mr. Cremeens issued a citation for "overcrowding." In the Municipal Court of Montgomery. I moved for dismissal and informed Mr. Cremeens and the City of Montgomery that overcrowding was not a criminal offense in Alabama. The Court denied the motion. However, later when I came to court prepared to defend, Mr. Cremeens apparently realized or conceded that overcrowding was not a criminal offense. At that time, the City made a motion to dismiss, which the Court granted. Later, for the same alleged criminal conduct which I had been charged initially, Mr. Cremeens changed the offense to "reckless endangerment." I was ordered to attend court on the charge. I again moved for dismissal; the Municipal Court denied the motion. However, again, when Mr. Cremeens and the City of Montgomery moved for dismissal on the basis of a technicality, the Court granted their motion. Again, I went to court, and I was eventually found guilty of reckless endangerment by the Municipal Court of Montgomery, fined $500.00 and court cost, and received a sentence of 75 days incarceration, which was suspended.

Subsequently, the Circuit Court of Montgomery County Alabama dismissed the charge against me on June 28, 2006.

Mr. Cremeens, acting on behalf of and with authority of the City of Montgomery, acted negligently or with misinterpretation of the law on behalf of the City of Montgomery. The City of Montgomery adopted and ratified the action of Mr. Cremeens.  As a result of the action of Mr. Cremeens, acting on behalf of the City, and the City, my rights were violated; my freedom was restrained; my due process rights were violated, I was denied equal protection of the law. I had to secure legal representation, I lost income; I was falsely accused, and I had to defend against an illegal charge;. The Claimant makes a claim for $100,000.00.

Done this ___26___ day of December 2006.

KENDRICK DORTCH, Claimant

STATE OF ALABAMA               }
COUNTY OF MONTGOMERY           }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that **KENDRICK DORTCH,** who being by me first duly sworn, states that the facts contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information and knowledge and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this ___2 7th___ day of December, 2006.

Notary Public
My Commission Expires: ___6/6/07___

RECEIVED
DEC 27 2006
CITY CLERK
MONTGOMERY
ALA.

2



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE
### Brenda Gale Blalock
### City Clerk

Mayor Bobby N. Bright

City Council Members
Charles W. Jinright - President
Tracy Larkin - Pro tem
David Michael Burkette
Cornelius Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA      )
COUNTY OF MONTGOMERY    )
CITY OF MONTGOMERY     )

     I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached Claim No. 2007-0001 by Timothy Robert Crenshaw and Michael Williams (Diamonds Club) was received on the 29th day of December, 2006, and is on file in the City Clerk's Office.

     GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.

BRENDA GALE BLALOCK, CITY CLERK

SEAL



*fß*

# FRED F. BELL
## Attorney and Counselor

*Guided by the principle that all persons are entitled to equal protection of the laws*

RECEIVED

DEC 2 9 2006

CITY CLERK
MONTGOMERY
ALA.

December 28, 2006

Ms. Brenda Gale Blalock, Clerk
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101

Re: Verified Claims of Michael Williams and Timothy Crenshaw

Dear Ms. Blalock:

Please take notice that Michael Williams and Timothy Crenshaw hereby file claims against the City of Montgomery, Alabama for damages resulting from their convictions for reckless endangerment in the Municipal Court of Montgomery. Those charges were subsequently dismissed by the Circuit Court of Montgomery County.

The factual statements are more fully set out in the attached verified complaints, which are incorporated herein by reference. These persons state that they were negligently charged and convicted for an offense for which they were subsequently found not guilty in the Circuit Court of Montgomery County, Alabama.

Please file these verified complaints and forward them to the appropriate persons or person who would make a determination as to the validity of each.

With kind regards,

Fred F. Bell

FFB/crib
Enclosure
cc:   Mr. Michael Williams (w/enclosure)
      Mr. Timothy Crenshaw (w/enclosure)

STATE OF ALABAMA            }
COUNTY OF MONTGOMERY        }

RECEIVED
DEC 2 9 2006
CITY CLERK
MONTGOMERY
ALA.

## VERIFIED CLAIM AGAINST THE
## CITY OF MONTGOMERY, ALABAMA

COMES NOW TIMOTHY ROBERT CRENSHAW, Claimant, and hereby makes the following claim against the City of Montgomery. I am a resident of Montgomery, Alabama.

On November 24, 2005, G. C. Cremeens, an officer with the City of Montgomery Fire Department came into the Diamonds Club and informed one of the employees that he thought that the Diamonds was over capacity. Mr. Cremeens issued a uniform non-traffic Citation to me for violation of City Ordinance Number 29-200. He ordered all patrons from the club. Initially, the charge was for "overcrowding," but the charge was later changed to "reckless endangerment." And he further ordered that Diamonds be closed until I had met court.

Lt. Cremeens signed a criminal complaint, alleging that I had violated Ordinance Number 29-2000 and an N.F.P.A rule. Thereafter, I was ordered to stand trial in the Municipal Court of Montgomery. In defending this charge, I was required to seek legal representation on the charge. I pled not guilty to the charge, and asked for a trial.

Prior to the trial of the case, I, through counsel, motioned that the charge be dismissed because overcrowding did not constitute a criminal offense, that the municipal ordinance under which I had been charged did not envision overcrowding as a criminal offense, and that the State Legislature had not made overcrowding a criminal offense in Alabama. My motion was denied by the municipal court. The case was set for trial.

Because of the action of the City, I have suffered damages in that I had to used earned vacation time to go to court, I had to employ legal representation, I have suffered mental anguish; I lived in fear of losing my job because of the complaint and conviction and by having a conviction on my record, my good name and reputation have been tarnished.

Consequently, the Claimant makes a claim for $100,000.00.

Done this _29th day of December 2006.

Timothy Robert Crenshaw, Claimant

STATE OF ALABAMA           }
COUNTY OF MONTGOMERY        }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that **TIMOTHY ROBERT CRENSHAW.**, who being by me first duly sworn, states that the allegations contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information, knowledge and belief, and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 29TH day of December, 2006.

Notary Public
My Commission Expires: 1-26-09

STATE OF ALABAMA      }
COUNTY OF MONTGOMERY      }

RECEIVED
DEC 2 9 2006
CITY CLERK
MONTGOMERY
ALA.

## VERIFIED CLAIM AGAINST THE
## CITY OF MONTGOMERY, ALABAMA

COMES NOW TIMOTHY ROBERT CRENSHAW, Claimant, and hereby makes the following claim against the City of Montgomery. I am a resident of Montgomery, Alabama.

On November 24, 2005, G. C. Cremeens, an officer with the City of Montgomery Fire Department came into the Diamonds Club and informed one of the employees that he thought that the Diamonds was over capacity. Mr. Cremeens issued a uniform non-traffic Citation to me for violation of City Ordinance Number 29-200. He ordered all patrons from the club. Initially, the charge was for "overcrowding," but the charge was later changed to "reckless endangerment." And he further ordered that Diamonds be closed until I had met court.

Lt. Cremeens signed a criminal complaint, alleging that I had violated Ordinance Number 29-2000 and an N.F.P.A rule. Thereafter, I was ordered to stand trial in the Municipal Court of Montgomery. In defending this charge, I was required to seek legal representation on the charge. I pled not guilty to the charge, and asked for a trial.

Prior to the trial of the case, I, through counsel, motioned that the charge be dismissed because overcrowding did not constitute a criminal offense, that the municipal ordinance under which I had been charged did not envision overcrowding as a criminal offense, and that the State Legislature had not made overcrowding a criminal offense in Alabama. My motion was denied by the municipal court. The case was set for trial.

was required to seek legal representation on the charge. I pled not guilty to the charge, and asked for a trial.

Prior to the trial of the case, I, through counsel, motioned that the charge be dismissed because overcrowding did not constitute a criminal offense, that the municipal ordinance under which I had been charged did not envision overcrowding as a criminal offense, and that the State Legislature had not made overcrowding a criminal offense in Alabama. My motion was denied by the municipal court. The case was set for trial.

When the case was called for trial, the City, through Lt. Cremeens, then changed the charge and issued another complaint and summons charging me with reckless endangerment—emanating from the alleged overcrowding as had been charged in the initial complaint. Again, I, through my attorney, moved for dismissal of the charge. Later, the City, through Mr. Cremeens, dismissed the first reckless endangerment charge at trial. However, a few days later, Mr. Cremeens instituted yet a third charge: reckless endangerment. Again, I moved for dismissal of the charge on various evidentiary, procedural, constitutional, and statutory grounds. The municipal court denied the charges, and, eventually, I was found guilty of the charge of reckless endangerment. I was sentenced to 75 days in jail, suspended, and fined $500.00 and costs. In all, the City charged me three times for one alleged offense: overcrowding.

I appealed the conviction and sentence to the Circuit Court of Montgomery County, Alabama. I moved to have the charge against me dismissed because the complaint filed by Mr. Cremeens did not constitute a criminal offense. The Circuit Court agreed and wrote an order dismissing the charge of overcrowding on June 29, 2006. In the order, the Court wrote that overcrowding did not constitute reckless endangerment.

2

The city of Montgomery has no such ordinance that makes overcrowding a criminal offense; Alabama does not make overcrowding a criminal offense. Therefore, Lt. Cremeens had no authority to bring a criminal complaint for overcrowding, and in brining such a complaint, Lt. Cremeens acted in a negligent manner, or with mistaken belief. The City, in refusing to dismiss the charges, ratified and acquiesced in Lt. Cremeens' negligent conduct. Additionally, it is my contention that the City retaliated against me for seeking redress, abused the judicial process in instituting criminal charges when it was clearly established that the charge on which the city premised its whole prosecution was not a criminal act, had never been made a criminal act by a city ordinance, and had not been declared a criminal act by the Legislature. Hence, the City, along with Lt. Cremeens, violated my constitutional rights to equal protection and due process.

Because of the action of the City, I have suffered damages in that I had to used earned vacation time to go to court, I had to employ legal representation, I have suffered mental anguish; I lived in fear of losing my job because of the complaint and conviction and by having a conviction on my record, my good name and reputation have been tarnished.

Consequently, the Claimant makes a claim for $100,000.00.

Done this _25th_ day of December 2006.

Michael Williams

MICHAEL WILLIAMS, Claimant

STATE OF ALABAMA             }
COUNTY OF MONTGOMERY         }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that MICHAEL WILLIAMS, who being by me first duly sworn, states that the allegations contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information, knowledge and belief, and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this ___28___ day of December, 2006.

_____
Notary Public
**My Commission Expires:** _12-18-2010_

4



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE
### Brenda Gale Blalock
### City Clerk

Mayor Bobby N. Bright

City Council Members
Charles W. Jinright - President
Tracy Larkin - Pro tem
David Michael Burkette
Cornelius Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA          )
COUNTY OF MONTGOMERY      )
CITY OF MONTGOMERY        )

     I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached is a true and correct copy of the Minutes of the March 23, 2005, Public Safety Standing Committee Meeting.

     GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.

                        _Brenda Gale Blalock_
                        BRENDA GALE BLALOCK, CITY CLERK

SEAL



EXHIBIT

B

tabbies®

P. O. Box 1111 ♦ Montgomery, Alabama  36101-1111 ♦ Phone (334) 241-2096 ♦ Fax (334) 241-2056

PUBLIC SAFETY STANDING COMMITTEE
THE ROSE SUPPER CLUB
954 HIGH STREET
MARCH 23, 2005 – 10:00 A.M.

The Public Safety Standing Committee met Wednesday; March 23, 2005, at 10:00 a.m., in the Council Chamber to discuss the occupancy level of the Rose Supper Club at 954 High Street. The following Committee members were present: Councillor Willie Cook, Chairman, Councillor Jim Spear, Councillor Janet May, Councillor Cornelius Calhoun, Councillor Glen Pruitt. Mr. Richie Thomas and Mr. Richard Thomas were present representing The Rose Supper Club. Mr. Michael Montgomery, Chief of Security for the Rose Supper Club, was also present. City Staff present were: Chief John McKee and Fire Marshal Jim Amsler of the Fire Department, Captain Jerry McQueen, Montgomery Police Department, and Brenda Blalock, City Clerk.

The Chairman called the meeting to order at 10:05 a.m. and stated the purpose of this meeting was to address Mr. Thomas' request to increase the occupancy level of the Rose Supper Club. The Chairman requested Chief McKee to tell the Committee how they determined the occupancy levels for this type of establishment. Chief McKee told the Committee that there were several factors that had to be determined in order to determine the number, but all was found in the NFPA and was used across the board with all establishments of this type. Fire Marshall Amsler came forward and told the Committee the process that was used in measuring, taking into consideration the number of table and chairs and the number of exits and if the exits complied with the Code in size and number.

The Chairman wanted to know how the establishment had originally been given an occupancy level of 523. The Chief said he was not in charge then and did not really know how that number had been determined. But that an Ad Hoc Committee had been established several years ago and at that time the occupancy level was lowered to 300 because of an agreement with the Committee and Mr. Richard Thomas.

The Chairman said he would like a better understanding of how the occupancy level is determined. Chief McKee said he would be glad to go with the Committee to the establishment and show them how they determined it. It was the consensus of the Council that they proceed to do this at this time. The Committee adjourned at 10:50 a.m. to reconvene at The Rose Supper Club, 954 High Street, at 11:05 a.m.

The Chairman called the meeting back to order at 11:05 a.m. at the Rose Supper Club, 954 High Street with the following people present: Chairman Cook, Councillor Spear, Councillor May, Councillor Calhoun, Councillor Pruitt, Chief John McKee, Fire Marshall Amsler, Major Johnny George, Captain James Duke, Lt. Lee McBryde, Lt. Robert Pugh, Brenda Blalock. The Chairman asked the Fire Department representatives to show the Committee how they measured and determined the occupancy level, which they did. At 11:45 a.m., the Chairman adjourned the meeting to reconvene at the Council Chamber at 12:05 p.m.

The Chairman called the meeting back to order at 12:05 p.m. in the Council Chamber, with the following people present:   Chairman Cook, Councillor Spear, Councillor May, Councillor Calhoun, Councillor Pruitt, Chief John McKee, Fire Marshal Jim Amsler, and Brenda Blalock.  The Chairman asked Chief McKee to tell the Committee the occupancy level that was determined by the trip to the Rose Supper Club.  Chief McKee stated that the final occupancy level was 350 people.  Chief McKee also reported that they were going to establish a form that would show the figures and measurements used with each establishment to determine their occupancy level.  The Chairman thanked Chief McKee and his staff for walking the Committee through the procedure.

Councillor Spear asked Fire Marshall Amsler to address the issue of how Mr. Thomas could increase his occupancy level.  Fire Marshall Amsler said that if Mr. Thomas would add another exit to the upstairs bar area he would increase that area's occupancy level from 49 people to approximately 100 people.

The Chairman asked Mr. Richie Thomas if the was satisfied with the results and he reported that he was.  He thanked the Public Safety Committee and staff for their time and efforts.

There being no further business to come before the Committee, the meeting adjourned at 12:14 p.m.

Willie Cook Chairman



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE
### Brenda Gale Blalock, City Clerk

Mayor Bobby N. Bright

City Council Members

Charles Jinright - President
Tracy Larkin - Pro tem
David M. Burkette
Cornelius "C.C." Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA           )
COUNTY OF MONTGOMERY       )
CITY OF MONTGOMERY         )


I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached is a true and correct copy of the Minutes of the December 1, 2005, Special Called Meeting of the Council of the City of Montgomery, which were adopted December 6, 2005 at the Regular Meeting of the Council of the City of Montgomery.

GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 2nd day of September, 2008.


BRENDA GALE BLALOCK, CITY CLERK


SEAL


**EXHIBIT**
tabbies

C

SPECIAL MEETING
COUNCIL OF THE CITY OF MONTGOMERY
DECEMBER 1, 2005 – 2:00 P.M.
COUNCIL CHAMBER

The Council of the City of Montgomery met in a Special Council Meeting on Thursday, December 1, 2005 at 2:00 p.m. The following members were present:

PRESENT:    SPEAR, HEAD, MAY, NUCKLES, CALHOUN,
            COOK, ROBY, PRUITT, JINRIGHT                    —9

ABSENT:     NONE                                           —0

Councillor Charles Jinright, President of the Council, presided as Chairman of the meeting, and Brenda Gale Blalock, City Clerk, served as the Clerk of the meeting. The meeting was opened with prayer by The Reverend James Jemison and the Pledge of Allegiance.

The following notice was given of the called meeting:

PUBLIC NOTICE
SPECIAL CALLED COUNCIL MEETING

Pursuant to Section 11-43-50 of the Code of Alabama and Ordinance No. 72-2003 Section 3.2, Councillor Calhoun, Councillor Pruitt and Councillor May have requested a Special Called Meeting of the Montgomery City Council as follows:

DATE:      Thursday, December 1, 2005

TIME:      2:00 p.m.

PLACE:     Council Chamber, City Hall, 103 North Perry Street

PURPOSE:   To discuss the closing of the following establishments by the Mayor:
           1.   Celebrations
           2.   Diamonds
           3.   Rose Supper Club
           4.   The Cotton Club

For further information contact the City Clerk's Office, 334/241-2096.

Brenda Gale Blalock
City Clerk

The Chairman stated this was the time and place to hear and consider the closing of Celebrations. Mr. Barry Barr was present representing this item. Mayor Bright reported that this establishment had been closed because of a shooting incident in the parking lot. Police Chief Art Baylor addressed the Council regarding this issue.

Councillor Cook made a motion to allow Celebrations to reopen their business, which motion carried with the following vote:

AYES:          HEAD, MAY, NUCKLES, CALHOUN,
               COOK, ROBY, PRUITT, JINRIGHT                —8
NAYS:          NONE                                        —0
ABSTAINED:     SPEAR                                       —1
ABSENT:        NONE                                        —0

The Chairman stated this was the time and place to hear and consider the closing of Diamonds. Mr. Fred Bell, attorney, was present representing this item. Mayor Bright reported that this establishment had been closed because of violation of their occupancy

load. He stated their occupancy load level was 299 and on the night in question, they were 161 over their capacity.

Councillor Calhoun made a motion to allow Diamonds to reopen their business, which motion carried with the following vote:

| AYES: | HEAD, MAY, NUCKLES, CALHOUN, COOK, ROBY, PRUITT | --7 |
| NAYS: | SPEAR, JINRIGHT | --2 |
| ABSTAINED: | NONE | --0 |
| ABSENT: | NONE | --0 |

The Chairman stated this was the time and place to hear and consider the closing of the Rose Supper Club. Mr. Andre Hathcock was present representing this item. Mayor Bright reported that this establishment had been closed because of violation of their occupancy load. He stated their occupancy load level was 350 and on the night in question, they were 158 over capacity.

Councillor Cook made a motion to allow the Rose Supper Club to reopen their business, which motion carried with the following vote:

| AYES: | HEAD, MAY, NUCKLES, CALHOUN, COOK, ROBY, PRUITT, JINRIGHT | --8 |
| NAYS: | SPEAR | --1 |
| ABSTAINED: | NONE | --0 |
| ABSENT: | NONE | --0 |

The Chairman stated this was the time and place to hear and consider the closing of The Cotton Club. Ms. Alberta Jackson was present representing this item. Mayor Bright reported that this establishment had been closed because of violation of their occupancy load. He reported that this establishment had been in violation twice recently. Their occupancy load level is 99. Around the 1st of February they were 34 over their capacity and on the night they were closed, they were 26 over their capacity.

Councillor Calhoun made a motion to allow The Cotton Club to reopen their business, which motion carried with the following vote:

| AYES: | HEAD, MAY, NUCKLES, CALHOUN, COOK, ROBY, PRUITT, JINRIGHT | --8 |
| NAYS: | SPEAR | --1 |
| ABSTAINED: | NONE | --0 |
| ABSENT: | NONE | --0 |

Councillor Calhoun requested that all four establishments be put into the Public Safety Standing Committee for their investigation and review, which was the consensus of the Council.

There being no further business to come before the Council, the meeting adjourned at 2:52 p.m.

/s/ BRENDA GALE BLALOCK, CITY CLERK

/s/ CHARLES W. JINRIGHT, PRESIDENT
COUNCIL OF THE CITY OF MONTGOMERY