IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENDRICK L. DORTCH, *et al.*, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 2:07cv1034-MEF |
| ) | |
| THE CITY OF MONTGOMERY, *et al.*, ) | |
| ) | (WO- DO NOT PUBLISH) |
| DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on several motions to strike directed to affidavits or declarations submitted in support of or in opposition to pending motions for summary judgment. The motions are as follows: Defendant G.C. Cremeens' Motion to Strike Affidavit Testimony (Doc. # 29) which was filed on September 11, 2008 and addresses the declaration of Richie D. Thomas; Defendant G.C. Cremeens' Motion to Strike Affidavit Testimony (Doc. # 30) which was filed on September 11, 2008 and addresses the declaration of Kendrick Dortch; a motion to strike contained within Plaintiffs' Response to the Honorable Court's Order to Show Cause (Doc. # 32) which was filed on September 19, 2008 and addresses affidavit testimony of Defendant G.C. Cremeens; and a motion to strike contained within Plaintiffs' Response in Objection to Defendant's Motion for Summary Judgment (Doc. # 20) which was filed on September 3, 2008 and addresses affidavit testimony of Defendant G.C. Cremeens.

Given that the challenged affidavit and declarations were submitted either in support

of or in opposition to a motion for summary judgment, they must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) makes it plain that affidavits or declarations submitted in support of or opposition to a motion for summary judgment

> shall be made *on personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall *affirmatively show that the affiant is competent to testify to the matters stated therein*.

Fed. R. Civ. P. 56(e) (emphasis added). The requirements of Rule 56 make it plain that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper. *See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,* 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003); *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). *Accord, Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000). Sworn statements which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike. *See, e.g., Thomas*, 248 F. Supp. 2d at 1112; *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998). However, the Court need not strike the entire affidavit, rather it *may strike or disregard* the improper portions and consider the remainder of the testimony or statement. *Id*. at p. 1334 n.2. This Court will exercise its discretion to disregard any improper portions of the challenged affidavit or declarations. Accordingly, the aforementioned motions are DENIED AS MOOT.

    DONE this the 8th day of April, 2009.

                                               /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE