IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENDRICK L. DORTCH, and RICHARD THOMAS, as owner of the ROSE SUPPER CLUB, ) ) ) ) PLAINTIFFS, ) ) v. ) ) THE CITY OF MONTGOMERY and ) LT. G.C. CREMEENS, ) ) DEFENDANTS. ) | CASE NO.: 2:07-cv-1034-MEF (LEAD CASE) (WO-Do Not Publish) |
| TIMOTHY CRENSHAW, and KENT CRENSHAW, as owner of the DIAMONDS CLUB, ) ) ) ) PLAINTIFFS, ) ) v. ) ) THE CITY OF MONTGOMERY and ) LT. G.C. CREMEENS, ) ) DEFENDANTS. ) | CASE NO.: 2:07-cv-1035-MEF (MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Defendant G.C. Cremeens' Motion to Strike Affidavit Testimony (Doc. # 28) which was filed on September 11, 2008 in the member case, 2:07cv1035. This motion to strike directed to an affidavit submitted in opposition to pending motions for summary judgment.

Given that the challenged affidavit and declarations were submitted either in support of or in opposition to a motion for summary judgment, they must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) makes it plain that affidavits or declarations submitted in support of or opposition to a motion for summary judgment

> shall be made *on personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall *affirmatively show that the affiant is competent to testify to the matters stated therein*.

Fed. R. Civ. P. 56(e) (emphasis added). The requirements of Rule 56 make it plain that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper. *See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,* 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003); *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). *Accord, Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000). Sworn statements which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike. *See, e.g., Thomas*, 248 F. Supp. 2d at 1112; *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998). However, the Court need not strike the entire affidavit, rather it *may strike or disregard* the improper portions and consider the remainder of the testimony or statement. *Id.* at p. 1334 n.2. This Court will exercise its discretion to disregard any improper portions of the challenged affidavit or declarations. Accordingly, the aforementioned motion is DENIED AS MOOT.

DONE this the 22nd day of January, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE